**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's Name** | **Performance Powersports Group Investor, LLC** | |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **87-2832068** |

4. **Debtor's address**

**Principal place of business**

**1775 East University Drive**
Number    Street

**Tempe**             **AZ**    **85281**
City             State    Zip Code

**Maricopa County**
County

**Mailing address, if different from principal place of business**

Number             Street

P.O. Box

City             State    Zip Code

**Location of principal assets, if different from principal place of business**

Number    Street

City             State    Zip Code

5. **Debtor's website (URL)**    **https://colemanpowersportsusa.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Performance Powersports Group Investor, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4412 Other Motor Vehicle Dealers**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101 (51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

Debtor    **Performance Powersports Group Investor, LLC**                Case number *(if known)* _____
                          Name

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No |
|---|---|

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor    **See Rider 1** _____    Relationship    **Affiliate** _____

District    **Delaware** _____

When    **01/16/2023** _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this* district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                        Number        Street

_____
City                        State        Zip Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency _____
              Contact name _____
              Phone _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| Debtor | Performance Powersports Group Investor, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **01/16/2023**
　　　　　　　　MM/ DD / YYYY

✗ _Ken Vanden Berg_ 　　　　　　　　　Ken Vanden Berg
Signature of authorized representative of debtor 　Printed name

Title    **Chief Financial Officer**

| 18. Signature of attorney | ✗ /s/ Domenic E. Pacitti | Date | 01/16/2023 |
|---|---|---|---|
| | Signature of attorney for debtor | | MM/DD/YYYY |

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 North Market Street, Suite 1000**
Number　　　　　　　Street

| **Wilmington** | **DE** | **19801-3062** |
|---|---|---|
| City | State | ZIP Code |

| **302-426-1189** | **dpacitti@klehr.com** |
|---|---|
| Contact phone | Email address |

| **3989** | **DE** |
|---|---|
| Bar number | State |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

### <u>Rider 1</u>
### <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Performance Powersports Group Holdings, Inc.

- Performance Powersports Group Purchaser, Inc.
- Performance Powersports Group, Inc.
- Performance Powersports Group Holdings, Inc.
- Performance Powersports Group Investor, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PERFORMANCE POWERSPORTS | ) | Case No. 23-_____(___) |
| GROUP INVESTOR, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Approx. Percentage of Equity Held |
|---|---|---|---|
| Performance Powersports Group Investor, LLC | Kinderhook Capital Fund VI, L.P. | c/o Kinderhook Industries, LLC 505 Fifth Avenue, 25th Floor New York, New York 10017 | 44.5% |
|  | Kinderhook Capital Fund VI-B, L.P. | c/o Kinderhook Industries, LLC 505 Fifth Avenue, 25th Floor New York, New York 10017 | 20% |
|  | Richard Godfrey | 9820 E. Thompson Peak Parkway, Lot #837 Scottsdale, Arizona 85255 | 28.7% |
|  | Twin Brook Equity Holdings, LLC | 111 South Wacker Drive, 36th Floor Chicago, Illinois 60606 | 2.9% |
|  | Other holders each <2% | N/A | 4.0% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS | ) | Case No. 23-_____(___) |
| GROUP INVESTOR, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT OF**
**PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC**

       Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Holder | Approximate Percentage of Membership Units Held |
|---|---|
| Kinderhook Capital Fund VI, L.P. | 46% |
| Kinderhook Capital Fund VI-B, L.P. | 21% |
| Twin Brook Equity Holdings, LLC | 3% |

| Debtor name | **Performance Powersports Group Investor, LLC** |

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   Hisun China Chongqing Huansong Industries (Group) Co, Ltd Shiyan Industrial Park, Jiulongpo Dist Chongqing Chongqing, 4000052, China | Hisun China Email: Cristina@hsunmotor.com | Trade | Contingent, Unliquidated & Disputed | | See Note 1 | $57,936,135.04 |
| 2   Hisun Motors Corp, USA 310 E University Dr Mckinney, TX 75069 | Hisun Motors Corp, USA Tel: 972-446-0760; 972-336-1376 Email: louis@hisunmotors.com | Trade | Contingent, Unliquidated & Disputed | | See Note 1 | $3,684,379.08 |
| 3   Tao Motor China Attn: Finished Goods 4575 Edison Ave Chino, CA 91710 | Tao Motor China Email: monse@colepow.com | Trade | | | | $3,533,277.00 |
| 4   Pacific Coast Cartage Inc 2035 E Vista Bella Way Compton, CA 90220 | Pacific Coast Cartage Inc Tel: 310-329-3388 Email: info@pcctrucking.com | Trade | | | | $706,527.21 |
| 5   Northern Group 926 Willard Dr, Ste 144 Green Bay, WI 54304 | Northern Group Email: lfrank@norgroup.net | Trade | Contingent, Unliquidated & Disputed | | | $396,963.41 |

1 - The Debtors have engaged in litigation with the two Hisun entities and have significant offsets and counterclaims, the value of which is not yet determined.

**Debtor name**  Performance Powersports Group Investor, LLC      Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  The Coleman Co<br>Attn: Erica Vail<br>Dept 538<br>2111 E 37th St N<br>Wichita, KS 67219 | The Coleman Co<br>Email: Mandy.Lubbers@newellco.com | License Fee | Unliquidated | | | $260,000.00 |
| 7  Nam Dinh Vu Port Joint Stock Co (Gema)<br>Thanh Dat III Bldg, Rm 703, No4<br>Le Thanh Tong, May To Ward<br>Hai Phong City<br>Vietnam | Nam Dinh Vu Port Joint Stock Co (Gema)<br>Tel: +84-969 445 928<br>Email: haidkn@gemadept.com.vn | Trade | | | | $180,400.00 |
| 8  Jinhua Funrun Vehicle Technology Co, Ltd<br>Dongxi Industrial Area<br>Wucheng District<br>Jinhua<br>Zhejiang Province<br>China | Jinhua Funrun Vehicle Technology Co, Ltd<br>Email: tangbodesign@foxmail.com | Trade | | | | $141,714.44 |
| 9  Tractor Supply Co<br>c/o Event Logistics, Inc<br>1801 W End Ave, Ste 1530<br>Nashville, TN 37203 | Tractor Supply Co<br>Email: str1701@tractorsupply.com | Trade | | | | $113,477.11 |
| 10  Norton Lilly International<br>1 St Louis Centre, Ste 5000<br>Mobile, AL 36602 | Norton Lilly International<br>Email: CUL-perdiem@nortonlilly.com | Trade | | | | $36,760.00 |
| 11  Brotherhood Transports<br>Attn: Dispatch/Accounts Receivable<br>3929 E 1st St, Ste 4201<br>Los Angeles, CA 90063 | Brotherhood Transports<br>Email: bryan.arriaga@brotherhoodtransports.com | Trade | | | | $36,454.00 |

| Debtor name | **Performance Powersports Group Investor, LLC** | | Case No. (If known) | |

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 Mediterranean Shipping Co (MSC)<br>700 Watermark Blvd<br>Charleston, SC 29464 | Mediterranean Shipping Co (MSC)<br>Email: us038-helpmeimport@msc.com | Trade | | | | $30,929.00 |
| 13 UFP Chandler, LLC<br>AR Lockbox<br>6878 W Chandler Blvd<br>Chandler, AZ 85226-3347 | UFP Chandler, LLC<br>Email: Amber.Oneil@ufpi.com | Trade | | | | $17,130.00 |
| 14 Fresh Content Society<br>790 Frontage Rd, Ste 523<br>Northfield, IL 60093 | Fresh Content Society<br>Email: s@freshcontentsociety.com | Trade | | | | $15,000.00 |
| 15 Rich Pacific USA, Inc<br>21680 Gateway Center Dr, Ste 128<br>Diamond Bar, CA 91765 | Rich Pacific USA, Inc<br>Email: operation7@richpacificusa.com | Trade | | | | $14,625.00 |
| 16 Velvet Hammer Branding, LLC<br>Attn: Bill Rempe<br>100 Pheasant Woods Ct<br>Loveland, OH 45140 | Velvet Hammer Branding, LLC<br>Email:<br>eunger@velvethammerbranding.com | Trade | | | | $13,000.00 |
| 17 Snell & Wilmer<br>1 Arizona Ctr<br>400 E Van Buren, Ste 1900<br>Phoenix, AZ 85004-2202 | Snell & Wilmer<br>Email: ar@swlaw.com | Legal Services | | | | $11,084.98 |
| 18 Cherry Bekaert LLP<br>P.O. Box 25549<br>Richmond, VA 23260-5500 | Cherry Bekaert LLP<br>Email: invoicing@cbh.com | Trade | | | | $8,600.00 |

Debtor name  **Performance Powersports Group Investor, LLC** _____   Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  Patsy Goss<br>Address Redacted | Patsy Goss<br>Email: billygoss@pds.net | Settlement | | | | $6,953.00 |
| 20  Summit Outdoors, LLC<br>Attn: Jeff Collier<br>17404 SE 19th St<br>Vancouver, WA 98683 | Summit Outdoors, LLC<br>Tel: 360-836-6774<br>Email: jscollier@comcast.net | Trade | | | | $5,813.85 |
| 21  Senfeng Laser USA Inc<br>5989 Rickenbacker Rd<br>Commerce, CA 90040 | Senfeng Laser USA Inc<br>Tel: 213-275-8643<br>Email:<br>INFO@SENFENGLASERUSA.COM | Trade | | | | $3,000.00 |
| 22  Rpm Motorsports of Texas<br>Attn: Ron Massoletti<br>1515 Oak Timbers Cir<br>Harker Heights, TX 76548 | Rpm Motorsports of Texas<br>Tel: 254-466-5298<br>Email: racingrpm1952@yahoo.com | Trade | | | | $2,822.00 |
| 23  Joe's Lawn & Garden<br>1141 26th St<br>Allegan, MI 49010 | Joe's Lawn & Garden<br>Tel: 269-673-8736<br>Email: joeslawnandgarden@charter.net | Trade | | | | $2,667.63 |
| 24  Family Farm & Home Service Center<br>4325 Plainfield Ave NE<br>Grand Rapids, MI 49525 | Family Farm & Home Service Center<br>Email: pete@familyfarmandhome.com | Trade | | | | $2,329.00 |
| 25  Rg Small Engine<br>1250 N Winchester St, Ste A<br>Olathe, KS 66061 | Rg Small Engine<br>Tel: 913-839-2495; 913-660-3569<br>Email: rob@rgsmallengine.com | Trade | | | | $1,896.96 |

Debtor name   **Performance Powersports Group Investor, LLC**                    Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26  Sundance GS LLC 4104 W Spring Creek Pkwy Plano, TX 75024 | Sundance GS LLC Email: tangbodesign@foxmail.com | Trade | | | | $1,802.00 |
| 27  Starr Lawn & Garden 3929 S Division Wayland, MI 49348 | Starr Lawn & Garden Tel: 269-792-4123 Email: rreurink.starrlawn@gmail.com | Trade | | | | $1,685.47 |
| 28  Cosco Shipping Lines 9659 N Sam Houston Pkwy E, Ste 150, 240 Humble, TX 77396 | Cosco Shipping Lines Email: HOUACCTG@COSCO-USA.com | Trade | | | | $1,635.00 |
| 29  Wan Hai Lines Ltd Attn: Imports 17200 N Perimeter Dr, Ste 200 Scottsdale, AZ 85255 | Wan Hai Lines Ltd Email: usperdiem@wanhai.com | Trade | | | | $1,475.00 |
| 30  Wtp Service 176-25 Union Turnpike Fresh Meadows, NY 11366 | Wtp Service Email: info@wtp-register.com | Trade | | | | $1,420.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS | ) | Case No. 23-_____(___) |
| GROUP INVESTOR, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATION OF CREDITOR MATRIX

       Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted contemporaneously herewith contains the names and addresses of the Debtors' creditors.  To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

       The information contained herein is based upon a review of the Debtors' books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute:  (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

10336248.v3

Fill in this information to identify the case and this filing:

Debtor Name    **Performance Powersports Group Investor, LLC**

United States Bankruptcy Court for the:    **District of Delaware**

                                                                    (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended Schedule

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **01/16/2023** | ☒ /s/ *Ken Vanden Berg* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Ken Vanden Berg** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

10336248.v2

**PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC**

**PERFORMANCE POWERSPORTS GROUP HOLDINGS, INC.**

**PERFORMANCE POWERSPORTS GROUP PURCHASER, INC.**

**AND**

**PERFORMANCE POWERSPORTS GROUP, INC.**

### Certificate of Chief Financial Officer

The undersigned, being the duly appointed and acting Chief Financial Officer of (i) Performance Powersports Group Investor, LLC, a Delaware limited liability company ("Investor"), (ii) Performance Powersports Group Holdings, Inc., a Delaware corporation ("Holdings"), (iii) Performance Powersports Group, Inc. (f/k/a Rich Godfrey & Associates Inc.), an Arizona corporation ("PPG") and (iv) Performance Powersports Group Purchaser, Inc., a Delaware corporation ("Purchaser," and together with Holdings and PPG, the "Companies" and each, a "Company"), does hereby certify that the resolutions attached hereto as Exhibit A and the taking of the actions contemplated thereby were approved and duly adopted by a written consent of the Board of Directors of Investor and each Company on January 16, 2023 pursuant to Investor's Limited Liability Company Agreement, dated as of October 8, 2021, the bylaws of each Company, the Business Corporation Act of the State of Arizona, as amended, the General Corporation Law of the State of Delaware, as amended, and the Limited Liability Company Act of the State of Delaware, as amended.

IN WITNESS WHEREOF, the undersigned, in his capacity as the Chief Financial Officer of Investor and the Companies, hereby certifies to the forgoing as of the 16 day of January, 2023.

Name: Ken Vanden Berg
Title:  Chief Financial Officer

**Resolutions Adopted by the**
**Boards of Directors (collectively, the "<u>Boards</u>" and each, a "<u>Board</u>") of**
**(i) Performance Powersports Group Investor, LLC ("<u>Investor</u>")**
**(ii) Performance Powersports Group Holdings, Inc. ("<u>Holdings</u>")**
**(iii) Performance Powersports Group, Inc. (f/k/a Rich Godfrey & Associates Inc.) ("<u>PPG</u>"),**
**and (iv) Performance Powersports Group Purchaser, Inc. ("<u>Purchaser</u>," and together with**
**Holdings and PPG, the "<u>Companies</u>" and each, a "<u>Company</u>")**

**By Written Consent, dated January 16, 2023**

## CHAPTER 11 FILING

WHEREAS, the Boards have considered presentations by the management and the investment banking advisors and legal advisors of Investor and the Companies regarding the financial situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses; and

WHEREAS, the Boards have had the opportunity to consult with the management and the investment banking advisors and legal advisors of Investor and the Companies and to fully consider each of the strategic alternatives available to the Companies.

NOW THEREFORE, BE IT RESOLVED, that in the judgment of the Boards, it is desirable and in the best interests of Investor and the Companies, their creditors, and other parties in interest, that Investor and each of the Companies shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petitions to be filed by the Companies are collectively referred to herein as the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and be it

FURTHER RESOLVED, that the appropriate officers of Investor and the Companies, as applicable (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of Investor and the Companies all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to (i) maintain the ordinary course operation of Investor's and the Companies' businesses and (ii) maintain the current value of Investor's and the Companies' assets, or to assist Investor and the Companies in the Chapter 11 Cases and in carrying out their respective duties under the provisions of the Bankruptcy Code; without limiting the foregoing, Peter S. Kravitz is designated as an Authorized Officer.

## DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION

WHEREAS, each of the Companies will obtain benefits from: (i) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which is security for certain prepetition secured lenders party to that

certain Credit Agreement dated as of Credit Agreement dated as of October 8, 2021, among Purchaser, the financial institutions party thereto from time to time, and Twin Brook Capital Partners, LLC, and (ii) certain debtor-in-possession financing (the "<u>DIP Financing</u>") provided by Tankas Funding VI, LLC (the "<u>DIP Lender</u>");

WHEREAS, to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Pre-Petition Secured Lender (the "<u>Adequate Protection Obligations</u>"), as documented in a proposed interim order (the "<u>Interim DIP Order</u>") and submitted for approval to the Bankruptcy Court;

WHEREAS, the DIP Lender is an affiliate of Kinderhook Industries, LLC and its affiliated investment funds;

WHEREAS, the Boards have previously appointed Peter S. Kravitz (the "<u>Disinterested Director</u>") as the disinterested director of the Boards of Investor and the Companies to explore strategic and/or financial alternatives as the Disinterested Director may determine to be advisable for the Companies and their stakeholders in light of the Companies' cash flow, liquidity, and general financial condition, including the possibilities of seeking alternative financing, or undertaking a sale, restructuring, reorganization, or other recapitalization transaction and related financing;

WHEREAS, following consultation with the Companies' management, consultants and advisors, the Disinterested Director has determined it to be advisable and in the best interests of Investor and the Companies for the Companies to enter into the DIP Agreement Documents (as defined below) with the DIP Lender; and

WHEREAS, the Disinterested Director hereby recommends that the Boards authorize and approve that the Companies enter into the DIP Agreement Documents and the incurrence of the borrowings thereunder.

NOW THEREFORE, BE IT RESOLVED, that in the business judgment of the Boards, it is desirable and in the best interests of Investor and the Companies, their respective stakeholders, creditors, and other parties in interest, for the Companies to enter into a certain new debtor-in-possession agreement, in substantially the form of the term loan facility term sheet set forth as **<u>Exhibit A</u>** attached hereto, as it may (in accordance with such term sheet) be amended, modified, supplemented or superseded by definitive financing documentation containing the terms and conditions set forth in such term sheet (such term sheet and definitive financing documentation, the "<u>DIP Agreement</u>"), with the DIP Lender; and be it

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Agreement (including the borrowing of money, granting of liens on substantially all assets of the Companies, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Agreement, collectively, the "<u>DIP Agreement Documents</u>") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such

actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and be it

FURTHER RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which any of the Companies is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Agreement Documents, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and be it

FURTHER RESOLVED, that each of the Companies, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain secured claims pursuant to the DIP Documents and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions"); and it is

FURTHER RESOLVED, that the Authorized Officers of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Lender; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and be it

FURTHER RESOLVED, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to file or to authorize the DIP Lender to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the

Companies that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order and/or the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Documents; and be it

FURTHER RESOLVED, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Documents and the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents and the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Companies' obligations under or in connection with the Interim DIP Order, the other DIP Documents or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions.

## SALE OF ASSETS

WHEREAS, following consultation with the Companies' management, consultants and advisors, the Disinterested Director has determined it to be advisable and in the best interests of the Companies for the Companies to enter into an Asset Purchase Agreement with the DIP Lender or its assignee (the "Purchaser"), in substantially the form attached hereto as **Exhibit B** (the "Purchase Agreement"); and

WHEREAS, the Disinterested Director hereby recommends that the Boards authorize and approve that the Companies enter into the Purchase Agreement and the Purchase Agreement Ancillary Documents (as defined below).

NOW THEREFORE, BE IT RESOLVED, the Boards and Investor, as the sole equity holder of Holdings, have determined that it is advisable and in the best interest of the Companies to enter into the Purchase Agreement; and be it

FURTHER RESOLVED, that the form and terms of the Purchase Agreement are hereby approved, adopted and ratified in all respects; that subject to the Bid Procedures referenced below, the Companies are hereby authorized to execute, deliver and perform such Purchase Agreement and to consummate the transactions contemplated thereby; and that each of the Authorized Officers is hereby authorized and directed to execute and deliver, in the name and on behalf of the Companies, the Purchase Agreement, in substantially the form hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Companies, such approval to be conclusively established by the execution and delivery thereof; and be it

4

FURTHER RESOLVED, that the form and terms of (i) the Bid Procedures, (ii) the Bid Procedures Order, (iii) the Bill of Sale, (iv) the Sale Order, (v) the Assignment and Assumption Agreement and (vi) the Intellectual Property Assignment Agreement (collectively, the "Purchase Agreement Ancillary Documents") with respect to the Purchase Agreement, substantially in the forms presented to the Boards and Investor, are hereby approved, adopted and ratified in all respects; that the Companies are hereby authorized to execute, deliver and perform such Purchase Ancillary Documents and to consummate the transactions contemplated thereby; and that each Authorized Officer is hereby authorized and directed to execute and deliver, in the name and on behalf of the Companies, such Purchase Agreement Ancillary Documents in substantially the forms hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Companies, such approval to be conclusively established by the execution and delivery thereof; and be it

FURTHER RESOLVED, that the form and terms of any and all other documents to be delivered by the Companies to the Purchaser in connection with the consummation of the transactions contemplated by the Purchase Agreement, including all exhibits and schedules thereto (the "Supplemental Documents") in the forms approved by any Authorized Officer after the date hereby, are hereby approved, adopted and ratified in all respects; that the Companies are hereby authorized to execute, deliver and perform such Supplemental Documents and to consummate the transactions contemplated thereby; and that each Authorized Officer is hereby authorized and directed to execute and deliver, in the name and on behalf of the Companies, such Supplemental Documents in substantially the forms hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Companies, such approval to be conclusively established by the execution and delivery thereof; and be it

## **GENERAL AUTHORITY**

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, including, without limitation, the retention of any professionals by the Investor and the Companies in connection with the forgoing resolutions, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Boards and Investor; and be it

FURTHER RESOLVED, that in connection with the transactions contemplated by the preceding resolutions, the Authorized Officers are, and each of them hereby is, authorized in the name and on behalf of Investor and each Company, to certify any more formal or detailed resolutions as such Authorized Officer may deem necessary, appropriate or desirable to effectuate the intent of the foregoing resolutions; and that thereupon such resolutions shall be deemed adopted as the resolutions of the Boards as if set forth at length herein.