# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.,*[1] | ) ) ) ) | Case No. 23-10047 ( ) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

## DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS, (C) REDACT CERTAIN PERSONAL IDENTIFICATON INFORMATION, AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")[2] respectfully state the following in support of this motion:

### **Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"): (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor; (ii) file a consolidated list of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Ken Vanden Berg in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), on January 16, 2023 (the "<u>Petition Date</u>"). Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration or the Bidding Procedures, as applicable.

Debtors' 30 largest unsecured creditors in lieu of filing lists for each Debtor; (iii) redact certain personal identification information; and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, 9013-1(m), and 9018-1(d).

**Background**

5. Information about the Debtors' business and the events leading to the commencement of these chapter 11 cases can be found in the First Day Declaration, which is incorporated herein by reference.

6. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting joint

administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**Basis for Relief**

I.   **Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

7.   Local Rule 2002-1(f)(v) requires each debtor or each debtor's duly retained agent to maintain a separate creditor mailing matrix in jointly administered cases. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice." The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicative mailings.[3]

8.   Moreover, courts in this district have granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See, e.g.*, *In re Gold Standard Baking,* LLC, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (authorizing the maintenance of a consolidated list of creditors in lieu of separate mailing matrices); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 11, 2021) (same); *In re Highpoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 16, 2021) (same); *In re Extraction Oil & Gas,*

---

[3]   The Debtors submit that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

*Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. July 13, 2020) (same); *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020) (same); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) (same).[4]

## II. It Is Appropriate and Necessary for the Debtors to File a Single Consolidated List of the Debtors' Top 30 Largest Creditors in These Chapter 11 Cases.

9. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders" (the "Top 20 List"). This Top 20 List is primarily used by the United States Trustee for the District of Delaware (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thereby identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.

10. The Debtors request authority to file a single list of their 30 largest general unsecured, non-insider creditors on a consolidated basis (the "Top 30 List").[5] Because the Top 20 Lists of the Debtors could overlap and certain Debtors may have fewer than 20 significant unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 20 Lists for each individual Debtor could consume an excessive amount of the Debtors' and their advisors' limited time and resources. Further, the Debtors believe that the Top 30 List will aid the U.S. Trustee in any efforts to communicate with these creditors.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

[5] The Debtors submit that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within ten days of any such conversion.

10242257.v3

11. Courts in this district have granted similar relief to the relief requested herein. *See, e.g.*, *In re Gold Standard Baking,* LLC, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022)(authorizing the debtors to file a consolidated list of the debtors' top 30 creditors); *Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 11, 2021) (same); *In re Highpoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 16, 2021) (same); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. July 13, 2020) (same); *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020) (authorizing the debtors to file a consolidated list of the debtors' top 50 creditors); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) (authorizing the debtors to file a consolidated list of the debtors' top 30 creditors).

12. Accordingly, the Debtors submit that filing a single consolidated list of their 30 largest unsecured creditors is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

### III. Redaction of Certain Confidential Information of Individuals is Warranted.

13. Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under the Bankruptcy Code.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

14. In addition, privacy protection regulations are being enacted in key jurisdictions.

In 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation. Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria: (i) annual gross revenue in excess of $25 million; (ii) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (iii) receives 50% or more of their annual revenues from selling consumers' personal information. Cal. Civ. Code § 1798.140(c)(1).

15. It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix and Schedules and Statements, the home addresses of individual creditors—including the Debtors' employees, temporary workers, and directors—and equity holders because (a) such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, stalking, or phishing scams per 11 U.S.C. § 107(c)(1) and (b) disclosure risks violating the CCPA, exposing the Debtors to potential civil liability and significant financial penalties. The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[6]

---

[6] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019), ECF No. 4.

16. The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed Order to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and (b) any party in interest upon a request to the Debtors (email is sufficient) or upon a motion filed with the Court that is reasonably related to these chapter 11 cases. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Order. In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

17. Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Agspring Miss. Region, LLC*, No. 21-11238 (CTG) (Bankr. D. Del. Sept. 13, 2021) (authorizing the debtors to redact personally identifiable information, including home address information, of individual creditors and interest holders listed on the creditor matrix, schedules and statements, or similar document filed with the court); *In re Sequential Brands Grp., Inc.*, No. 21-11194 (JTD) (Bankr. D. Del. Sept. 1, 2021) (same); *In re Secure Home Holdings LLC*, No. 21-10745 (JKS) (Bankr. D. Del. Apr. 27, 2021) (authorizing the debtors to redact address information and other personally identifiable information of individual creditors, including the debtors' employees and customers, listed on the creditor matrix or other documents filed with the court); *In re CarbonLite Holdings LLC*, No. 21-10527 (JTD) (Bankr. D. Del. Mar. 9, 2021) (authorizing the debtors to redact personally identifiable information, including home address information, of individual creditors and interest holders listed on the creditor matrix, schedules and statements, or similar document filed with the court); *In re Furniture Factory Ultimate Holding, L.P., Inc.*, No. 20-12816 (JTD) (Bankr. D. Del. Nov.

6, 2020) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix or other documents filed with the court).

18. Recently, in addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020).[7] Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13–16. Similarly, in *Clover*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs.*

---

[7] Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).

Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24. The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

*Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

19. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the CCPA, the home addresses of individuals listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, temporary workers, directors, and other individual creditors or equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## Compliance with Local Rule 9018-1(d)(iv)

20. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this Motion do not contain information subject to the Confidential Rights of another Holder of Confidential Rights (each as defined in Local Rule 9018-1(d)(iii)).

## Notice

21. The Debtors will provide notice of this motion to: (a) the Office of the U.S.

Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the United States Attorney's office for the District of Delaware; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the state attorneys general for all states in which the Debtors conduct business or have conducted business; (g) counsel to the lender under the Debtors' postpetition financing facility; and (h) any party that requests service pursuant to Bankruptcy Rule 2002. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m)(iv). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated: January 16, 2023<br>Wilmington, Delaware | */s/ Michael W. Yurkewicz*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>Email: dpacitti@klehr.com<br>myurkewicz@klehr.com<br>sveghte@klehr.com<br><br>-and-<br><br>Morton R. Branzburg (*pro hac vice* pending)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 569-3007<br>Facsimile: (215) 568-6603<br>Email: mbranzburg@klehr.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |