**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS GROUP | ) | Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.,*[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: February 6, 2023 at 4:00 p.m. ET** |
| | ) | **Hearing Date: February 13, 2023 at 2:00 p.m. ET** |

**DEBTORS' APPLICATION SEEKING AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF KLEHR HARRISON**
**HARVEY BRANZBURG LLP AS COUNSEL FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as counsel to the Debtors effective as of the Petition Date (as defined herein). In support of this Application, the Debtors submit the declaration of Domenic E. Pacitti, a partner at Klehr Harrison (the "Pacitti Declaration"), which is attached hereto as **Exhibit B** and the declaration of Ken Vanden Berg, the Chief Financial Officer of the Debtors, which is attached hereto as **Exhibit C** (the "Vanden Berg Declaration"). In further support of this Application, the Debtors respectfully state as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

## BACKGROUND

1.      On January 16, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The chapter 11 cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.  No trustee or examiner has been requested in the chapter 11 cases, and no official committee of unsecured creditors (the "Committee") has been appointed in these chapter 11 cases by the United States Trustee for the District of Delaware (the "U.S. Trustee") to date.

2.      A description of the Debtors' business and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Ken Vanden Berg in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "First Day Declaration"), which is incorporated herein by reference.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

2

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

<b><u>RELIEF REQUESTED</u></b>

6.      By this Application, the Debtors seek the entry of the Order authorizing the retention and employment of Klehr Harrison as counsel to the Debtors in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Klehr Harrison effective as of October 20, 2022 (the "<u>Engagement Letter</u>"), a copy of which is attached hereto as **<u>Exhibit 1</u>** to **<u>Exhibit A</u>** and incorporated herein by reference.

<b><u>KLEHR HARRISON'S QUALIFICATIONS</u></b>

7.      The Debtors seek to retain Klehr Harrison because of Klehr Harrison's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

8.      Klehr Harrison has been actively involved in major chapter 11 cases and has represented debtors in many cases including, among others, the following recent cases: *Gold Standard Baking, LLC*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 22, 2022); *A and A Shareholding Co., LLC*, Case No. 21-10917 (CTG) (Bankr. D. Del. Sept. 22, 2021); *APC Automotive Technologies Intermediate Holdings, LLC*, Case No. 20-11466 (CSS) (Bankr. D. Del. June 3, 2020); *Sustainable Restaurant Holdings, Inc.*, Case No. 20-11087 (JTD) (Bankr. D. Del. May 12, 2020); *BL Restaurants Holding, LLC*, Case No. 20-10156 (MFW) (Bankr. D. Del. Jan. 27, 2020); *In re Clover Technologies Group, LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del.

3

Dec. 16, 2019); *In re Anna Holdings LLC*, Case No. 19-12551 (CSS) (Bankr. D. Del. Dec. 1, 2019); *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019); *In re RUI Holding Corp.*, Case No. 19-11509 (JTD) (Del. July 7, 2019); and *In re 1515-GEEnergy Holding Co. LLC, et al.*, No. 19-10303 (LSS) (Bankr. D. Del. Feb. 14, 2019).[2]

9.      In preparing for its representation of the Debtors in these chapter 11 cases, Klehr Harrison has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these chapter 11 cases. The Debtors believe that Klehr Harrison is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

## SERVICES TO BE PROVIDED

10.      Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of Klehr Harrison to render the following legal services, among others, as directed by the Debtors:

(a)      providing legal advice regarding local rules, practices, precedent and procedures and providing substantive and strategic advice on how to accomplish the Debtors' goals in connection with the prosecution of these cases;

(b)      appearing in Court, depositions, and at any meeting with the United States Trustee for the District of Delaware (the "U.S. Trustee") and any meeting of creditors at any given time on behalf of the Debtors as their counsel;

(c)      attending meetings and negotiating with representatives of creditors and other parties in interest;

(d)      negotiating, drafting, reviewing, commenting and/or preparing agreements, pleadings, documents and discovery materials to be filed with the Court as counsel to the Debtors and/or served on parties or third parties in these chapter 11 cases, including, among

---

[2]      Because of the voluminous nature of the orders cited in this Application, they are not attached to this Application. Copies of these orders are available upon request to Debtors' proposed counsel.

other things, sale motions and related agreements, chapter 11 plans and disclosure statement and related documents;

(e) advising and assisting the Debtors with respect to the reporting requirements of the U.S. Trustee;

(f) taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(g) performing various services in connection with the administration of these cases, including, without limitation, (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, agendas, and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and pending matters that need responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, (iv) generally prepare and file on behalf of the Debtors all necessary motions, notices, applications, answers, orders, reports and papers in support of positions taken by the Debtors, and (v) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and any necessary responses; and

(h) performing all other services assigned by the Debtors, as counsel to the Debtors.

## PROFESSIONAL COMPENSATION

11.     Klehr Harrison intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Klehr Harrison will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Klehr Harrison uses in other restructuring matters, as well as similar complex corporate, securities,

5

and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

12.     Klehr Harrison's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Range of Hourly Rates |
| --- | --- |
| Partners | $470.00 to $1,035.00 |
| Counsel | $445.00 to $565.00 |
| Associates | $340.00 to $495.00 |
| Paralegals | $270.00 to $350.00 |

13.     Klehr Harrison's hourly rates are set at a level designed to compensate Klehr Harrison fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[3]

14.     Klehr Harrison represented the Debtors during the three-month period before the Petition Date using the hourly rates effective January 1, 2022. Commensurate with the annual rate increases of Klehr Harrison, effective January 1, 2023 Klehr Harrison represented the Debtors using the rates listed above. Moreover, these hourly rates are consistent with the rates that Klehr Harrison charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

15.     The rate structure provided by Klehr Harrison is appropriate and not significantly different from (a) the rates that Klehr Harrison charges for other similar types of representations

---

[3]     As set forth in the Order, Klehr Harrison will provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file such notice with the Court.

or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Klehr Harrison will perform in these chapter 11 cases.

16.     Consistent with the Engagement Letter, it is Klehr Harrison's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Klehr Harrison's policy to charge its clients only the amount actually incurred by Klehr Harrison in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

17.     To ensure compliance with all applicable deadlines in these chapter 11 cases, from time-to-time Klehr Harrison utilizes the services of overtime secretaries. Klehr Harrison charges fees for these services pursuant to the Engagement Letter, which permits Klehr Harrison to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, Klehr Harrison professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

18.     Klehr Harrison currently charges the Debtors $0.15 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Rules, Klehr Harrison will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. Klehr Harrison does not charge its clients for incoming facsimile transmissions. Klehr Harrison has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost-effective than using traditional (non-computer-assisted legal research) techniques.

7

## COMPENSATION RECEIVED BY KLEHR HARRISON FROM THE DEBTORS

19.     In connection with these cases, the Debtors paid classic retainers to Klehr Harrison as follows: $100,000.00 on November 1, 2022; $50,000 on November 16, 2022: $114,805.53 on December 6, 2022; $94,000 on December 13, 2022, $250,000 on January 4, 2023; and $50,000 on January 12, 2023 which, as stated in the Engagement Letter, constituted a "classic retainer" as defined in *In re Production Associates, Ltd.,* 264 B.R. 180, 184-85 (Bankr. N.D. Ill. 2001), and *In re McDonald Bros. Construction, Inc.,* 114 B.R. 989, 997-99 (Bankr. N.D. Ill. 1990). As stated in the Engagement Letter, the classic retainers are property of Klehr Harrison, are not held in a separate account, and were earned upon receipt, and, consequently, Klehr Harrison placed the amounts into its general cash account. The amounts Klehr Harrison has invoiced the Debtors against the classic retainer for professional services and for the reimbursement of reasonable and necessary expenses incurred in connection therewith are set forth in the Pacitti Declaration.

20.     Pursuant to Bankruptcy Rule 2016(b), Klehr Harrison has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Klehr Harrison or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtors did not owe Klehr Harrison any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred but not yet applied to Klehr Harrison's classic retainers, Klehr Harrison's total retainers always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

## KLEHR HARRISON DISINTERESTEDNESS

21.     To the best of the Debtors' knowledge and as disclosed herein and in the Pacitti Declaration, (a) Klehr Harrison is a "disinterested person" within the meaning of section 101(14)

of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold

or represent an interest adverse to the Debtors' estates and (b) Klehr Harrison has no connection

to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Pacitti

Declaration.

22.    Klehr Harrison will review its files periodically during the pendency of these

chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If

any new relevant facts or relationships are discovered or arise, Klehr Harrison will use reasonable

efforts to identify such further developments and will promptly file a supplemental declaration, as

required by Bankruptcy Rule 2014(a).

## SUPPORTING AUTHORITY

23.    The Debtors seek retention of Klehr Harrison as counsel to the Debtors' attorneys

pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy

Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title.

11 U.S.C. § 327(a).

24.    Section 328(a) of the Bankruptcy Code provides that a debtor, subject to Court

approval, "may employ . . . a professional person . . . on any reasonable terms of employment."

Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name
> of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United

9

States trustee, or any person employed in the office of the United
States trustee.

Fed. R. Bankr P 2014.

25.     The Debtors submit that for all the reasons stated above and in the Pacitti

Declaration, the retention and employment of Klehr Harrison as counsel to the Debtors is

warranted. Further, as stated in the Pacitti Declaration, Klehr Harrison is a "disinterested person"

within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of

the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates

and has no connection to the Debtors, their creditors, or other parties in interest, except as may be

disclosed in the Pacitti Declaration.

## **NOTICE**

26.     The Debtors will provide notice of this motion to (a) the Office of the U.S. Trustee

for the District of Delaware; (b) counsel to the lender under the Debtors' postpetition financing

facility; (c) the top twenty unsecured creditors of the Debtors; (d) counsel to the official committee

of unsecured creditors, if any; and (e) any party that request service pursuant to Bankruptcy Rule

2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no other

or further notice need be given.

## **NO PRIOR REQUEST**

27.     No prior request for the relief sought in this Application has been made to this or

any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Respectfully Submitted,

**Performance Powersports Group Investor, LLC**
(for itself and on behalf of its affiliated debtors and debtors in possession)

Dated: January 23, 2023

*/s/ Ken Vanden Berg*
Name:  Ken Vanden Berg
Title:   Chief Financial Officer