## EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) | Case No. 23-10047 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re:  Docket No. _____ |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KLEHR HARRISON HARVEY BRANZBURG LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as Counsel for the Debtors effective as of the Petition Date, pursuant to sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Domenic E. Pacitti, a partner at Klehr Harrison (the "Pacitti Declaration"), and the declaration of Ken Vanden Berg, the Chief Financial Officer of the Debtors (the "Vanden Berg

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

10345744.v1

Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Debtors having confirmed their consent to entry of final orders or judgment by this Court pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Pacitti Declaration that (a) Klehr Harrison does not hold or represent an interest adverse to the Debtors' estates and (b) Klehr Harrison is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code, to retain and employ Klehr Harrison as counsel to for the Debtors effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

10345744.v1

3. Klehr Harrison is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.

4. Klehr Harrison shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Klehr Harrison also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013, both in connection with the Application and the interim and final fee applications to be filed by Klehr Harrison in these chapter 11 cases.

5. Notwithstanding anything in the Engagement Letter to the contrary, Klehr Harrison shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Klehr Harrison. Klehr Harrison is authorized without further order of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Klehr Harrison for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

6. Klehr Harrison shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Klehr Harrison to provide services to the Debtors and shall

ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Klehr Harrison's fee applications under the Bankruptcy Code are not approved.

8. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, any provisions regarding the ability of the Debtors to object to fees and expenses of Klehr Harrison previously paid by the Debtors and as provided under the Engagement Letter are not approved.

9. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Klehr Harrison, Klehr Harrison shall not seek reimbursement of expenses for office supplies.

10. Klehr Harrison shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. Klehr Harrison shall use its reasonable best efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

12. The Debtors and Klehr Harrison are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. To the extent the Application, the Pacitti Declaration, the Vanden Berg Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding anything to the contrary in the Application or the Engagement Letter, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Exhibit 1**

**Engagement Letter**



Domenic Pacitti
**Direct Dial**: (302) 552-5511
**Email**: DPacitti@klehr.com

October 20, 2022

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**Via Email:**
Jay Pearson, CEO
Performance Powersports Group Investor, LLC
1775 East University Drive
Tempe AZ 85281

Re:     Retention of Klehr Harrison Harvey Branzburg LLP

Dear Jay:

We are pleased that you have asked us to represent Performance Powersports Group Investor, LLC and certain of its related potential debtor affiliated entities[1] (collectively, "you", "your" or the "Company") in connection with potential restructuring issues of the Company. Please note that the Firm's representation is only of the Company; the Firm does not and will not represent any direct or indirect shareholder, member, director, officer, partner, employee, affiliate, or joint venturer of the Company.

**General Terms.** This retention letter (the "Agreement") sets forth the terms of your retention of Klehr Harrison Harvey Branzburg, LLP (collectively "KH" or the "Firm") to provide legal services and constitutes an agreement between us. The Agreement sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters, except where we otherwise agree in writing (e.g., by signing a different retention letter).

**Personnel**. I will be primarily responsible for this engagement. Other attorneys and legal assistants will also perform services during the course of this engagement. We will involve such lawyers and legal assistants at KH to the extent that your needs make such involvement desirable and acceptable to you.

**Fees**. The Firm will bill the Company for fees incurred at its regular hourly rates and in increments of .10 hour. The rates for attorneys and professionals in our firm range as follows:  Partners:

---

[1] Includes: Performance Powersports Group Holdings, Inc., Performance Powersports Groups Purchaser, Inc., and Performance Powersports Group, Inc.

919 MARKET STREET  |  SUITE 1000  |  WILMINGTON, DE 19801  |  t 302.426.1189  |  f 302.426.9193  |  www.klehr.com
PENNSYLVANIA  |  NEW JERSEY  |  DELAWARE  |  NEW YORK

10233771.v1



October 20, 2022
Page 2

$1035-$420, Associates: $430-330, Of Counsel: $420-530, Paralegals: $160-$315. My hourly is $735 and the hourly rate of Michael Yurkewicz, who will also work on this matter, is $525. We reserve the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of the Company and typically rest hourly rates effective January 1 of each year.

Although we will attempt to estimate fees to assist you in your planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

**Expenses**. Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf. Such expenses include reasonable photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges. Our clients pay directly (and are solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges.

**Billing Procedures**. Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due upon receipt. Depending on the circumstances, however, estimated or summary bills may be provided during certain billing cycles, with supporting time descriptions and expense summaries to follow thereafter.

**Retainer**. The Company will provide to the Firm, a "classic retainer" in the amount of US $100,000.00 as defined in *In re Production Associates, Ltd.*, 264 B.R. 180, 184 85 (Bankr. N.D.Ill. 2001), and *in re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 997 99 (Bankr. N.D. Ill. 1990). As such, the classic retainer earned by the Firm upon receipt. The initial amount of the classic retainer was set to approximate our estimate of fees and expenses expected to be accrued and unpaid by the Company prior to issuance of a bill. The Firm's estimate of expected fees and expenses may change based upon actual or expected fees and expenses incurred or expected to be incurred, as applicable.

The classic retainer will be placed into KH's general cash account, will not be held in a separate account on your behalf, and you will not receive any interest on these monies. You have no interest in the classic retainer. This amount does not constitute a security deposit. KH may request additional retainers should the work requested to be performed increase in scope or if the estimate of fees and expenses expected to be accrued and unpaid by the Company prior to issuance of a bill is greater than previously received retainers

**Termination**. Our retention may be terminated by either of us at any time by written notice by or to you. Our representation will end at the earliest of (a) your termination of our representation, (b) our withdrawal, and (c) the substantial completion of our substantive work. We normally do not

PENNSYLVANIA  |  NEW JERSEY  |  DELAWARE  |  NEW YORK

10233771.v1



October 20, 2022
Page 3

withdraw from a representation unless the client misrepresents or fails to disclose material facts, fails to pay fees or expenses, or makes it unethical or unreasonably difficult for us to continue to represent the client, or unless other just cause exists. If permission for withdrawal is required by a court, we shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of our active involvement in a particular matter (even if we continue active involvement in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which we had been retained.

**Cell Phone and E-Mail Communication**. KH hereby informs you and you hereby acknowledge that KH's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform KH if you do not wish KH to discuss privileged matters on cell telephones with you or your professionals or agents.

KH hereby informs you and you hereby acknowledge that KH's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform KH if you wish to institute a system to encode all e-mail between KH and you or your professionals or agents.

**File Retention**. All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written request, we will return client records to you prior to their destruction. It is not administratively feasible for us to advise you of the closing of a matter or the disposal of records. We recommend, therefore, that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**Conflicts of Interest**. As is customary for a law firm of our size, you may currently have relationships with numerous business entities that KH has represented or currently represents in matters unrelated to you. We are currently in the process of completing our preliminary conflicts check, and we will discuss with you any issues that arise. In addition, we will perform a supplemental conflict check once a more complete list of creditors and parties in interest is supplied to us. To the extent that we represent creditors or interested parties in unrelated matter (collectively, "Interested Parties") we will continue to do so in such unrelated matters. Because



October 20, 2022
Page 4

you are engaged in activities (and may in the future engage in such additional activities) in which your interests may diverge from those of the Interested Parties or our other clients, the possibility exists that the Interested Parties or one of our clients may take positions adverse to you. Notwithstanding anything to the contrary above, please note that the provisions in the following paragraph also apply to Interested Parties.

Further, in undertaking our representation of the Company, we want to be fair not only to its interests but also to those of our other clients. Because the Company is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of our other clients, the possibility exists that one of our current or future clients may take positions adverse to the Company (including litigation or other dispute resolution mechanisms) in a matter in which KH may be retained. In the event a present conflict of interest exists between the Company and our other clients or in the event one arises in the future, the Company agrees to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters, substantially unrelated to this representation of the Company, and (b) other than during a Restructuring Case(s) (described below), in other matters related to the Company (including litigation or other dispute resolution mechanisms).

The Company also agrees that our representation is solely of the Company and that no member or other entity or person related to it (such as directors, officers or employees) has the status of a client for conflict of interest or other purposes.

**Restructuring Cases**. If it becomes necessary for the Company to commence a bankruptcy case under chapter 11 of the U.S. Bankruptcy Code or an assignment for the benefit of creditors proceeding or some other insolvency proceeding, our ongoing employment by the Company will be subject to the approval of the court with jurisdiction over the petition and a further agreement with KH regarding an additional retainer and provisions for payments of fees and expenses in preparation for such proceeding and for work in such proceeding as well as the prepayment of any required filing fees. If necessary, KH will take steps necessary to prepare the disclosure materials required in connection with KH's retention as lead restructuring counsel. In the near term, KH will begin conflicts checks on potentially interested parties as provided by you.

If necessary, we will prepare a preliminary draft of a schedule describing KH's relationships with certain interested parties (the "Disclosure Schedule"). We will give you a draft of the Disclosure Schedule once it is available. Although KH believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in your application to the court to retain KH.

If actual conflicts of interest arise in the Company's restructuring cases, the Company will be required to use separate conflicts counsel in those matters, and the Firm will not participate in those matters.

PENNSYLVANIA | NEW JERSEY | DELAWARE | NEW YORK

10233771.v1



October 20, 2022
Page 5

**No Guarantee of Success**. It is impossible to provide any promise or guarantee about the outcome of your matters. Nothing in this Agreement or any statement by our staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Consent to Use of Information**. In connection with future materials that, for marketing purposes, describe facets of our law practice and recite examples of matters we handle on behalf of clients, you agree that, if those materials avoid disclosing your confidences and secrets as defined by applicable ethical rules, they may identify you as a client, may contain factual synopses of your matters, and may indicate generally the results achieved.

**Reimbursement of Expenses**. You agree promptly to reimburse us for all fees and expenses, including the amount of KH's attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit or proceeding brought by or against any third-party that relates to the legal services provided by us under the Agreement. Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas and preparing for and testifying at depositions and trials.

**LLP**. Klehr Harrison Harvey Branzburg, LLP is a limited liability partnership organized under the laws of Pennsylvania. Pursuant to the statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Miscellaneous**. This Agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.

We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should consult an independent counsel of your choice.



October 20, 2022
Page 6

Please confirm your agreement with the arrangements described in this letter by signing below and returning a copy to me. Also, please provide us with the $100,000.00 retainer via wire transfer per the following instructions:

|  |  |
|---|---|
| Bank: | PNC Bank, N.A. |
|  | Philadelphia, PA 19109 |
| Account Name: | Klehr Harrison Harvey Branzburg LLP, Attorneys at Law |
| Account No.: | 8620930968 |
| Bank Routing No.: | 031000053 |
| Reference: | Performance Powersports / Restructure |

We look forward to working with you and thank you once again for the opportunity to be of service.

Very truly yours,

Domenic E. Pacitti

Agreed to and Accepted this
_____ day of October, 2022:

Performance Powersports Group Investor, LLC
Performance Powersports Group Holdings, Inc.
Performance Powersports Groups Purchaser, Inc.
Performance Powersports Group, Inc.

By: _____
Name: Jay Pearson
Title: CEO

DEP/mkh

PENNSYLVANIA  |  NEW JERSEY  |  DELAWARE  |  NEW YORK

10233771.v1