# EXHIBIT B

**Pacitti Declaration**

10345744.v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PERFORMANCE POWERSPORTS GROUP | ) | Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.,*[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF DOMENIC E. PACITTI IN SUPPORT OF THE
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KLEHR HARRISON
HARVEY BRANZBURG LLP AS COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

I, Domenic E. Pacitti, being duly sworn, state the following under penalty of perjury:

1.      I am a partner in the law firm of Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison").[2] I am familiar with the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of Delaware, and I have been admitted to practice in the United States District Court for the District of Delaware.

2.      I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Klehr Harrison Harvey Branzburg LLP as Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Application.

10345744.v1

**KLEHR HARRISON'S QUALIFICATIONS**

3.      The Debtors seek to retain Klehr Harrison because of Klehr Harrison's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

4.      Klehr Harrison has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others, the following recent cases: *Gold Standard Baking, LLC*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 22, 2022); *A and A Shareholding Co., LLC*, Case No. 21-10917 (CTG) (Bankr. D. Del. Sept. 22, 2021); *APC Automotive Technologies Intermediate Holdings, LLC*, Case No. 20-11466 (CSS) (Bankr. D. Del. June 3, 2020); *Sustainable Restaurant Holdings, Inc.*, Case No. 20-11087 (JTD) (Bankr. D. Del. May 12, 2020); *BL Restaurants Holding, LLC,* Case No. 20-10156 (MFW) (Bankr. D. Del. Jan. 27, 2020); *In re Clover Technologies Group, LLC,* Case No. 19-12680 (KBO) (Bankr. D. Del. Dec. 16, 2019); *In re Anna Holdings LLC*, Case No. 19-12551 (CSS) (Bankr. D. Del. Dec. 1, 2019); *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019); *In re RUI Holding Corp.,* Case No. 19-11509 (JTD) (Del. July 7, 2019); and *In re 1515-GEEnergy Holding Co. LLC, et al.*, No. 19-10303 (LSS) (Bankr. D. Del. February 14, 2019).[3]

5.      In preparing for its representation of the Debtors in these chapter 11 cases, Klehr Harrison has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these chapter 11 cases. I believe that Klehr Harrison is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

---

[3]     Because of the voluminous nature of the orders cited herein, they are not attached to this Declaration, Copies of these orders are available upon request to Debtors' proposed counsel.

10345744.v1

## SERVICES TO BE PROVIDED

6.     Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of Klehr Harrison to render the following legal services, among others, as directed by the Debtors:

(a)     providing legal advice regarding local rules, practices, precedent and procedures and providing substantive and strategic advice on how to accomplish the Debtors' goals in connection with the prosecution of these cases;

(b)     appearing in Court, depositions, and at any meeting with the United States Trustee for the District of Delaware (the "U.S. Trustee") and any meeting of creditors at any given time on behalf of the Debtors as their counsel;

(c)     attending meetings and negotiating with representatives of creditors and other parties in interest;

(d)     negotiating, drafting, reviewing, commenting and/or preparing agreements, pleadings, documents and discovery materials to be filed with the Court as counsel to the Debtors and/or served on parties or third parties in these chapter 11 cases, including, among other things, sale motions and related agreements, chapter 11 plans and disclosure statement and related documents;

(e)     advising and assisting the Debtors with respect to the reporting requirements of the U.S. Trustee;

(f)     taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(g)     performing various services in connection with the administration of these cases, including, without limitation, (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, agendas, and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and pending matters that need responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, (iv) generally prepare and file on behalf of the Debtors all

necessary motions, notices, applications, answers, orders, reports and papers in support of positions taken by the Debtors, and (v) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and any necessary responses; and

(h)    performing all other services assigned by the Debtors, as counsel to the Debtors.

## PROFESSIONAL COMPENSATION

7.      Klehr Harrison intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Klehr Harrison will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Klehr Harrison uses in other debtor representations and are comparable to the hourly rates and corresponding rate structure that Klehr Harrison uses for complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

8.      Klehr Harrison's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Range of Hourly Rates |
| --- | --- |
| Partners | $470.00 to $1,035.00 |
| Counsel | $445.00 to $565.00 |
| Associates | $340.00 to $495.00 |
| Paralegals | $270.00 to $350.00 |

9.      Klehr Harrison's hourly rates are set at a level designed to compensate Klehr Harrison fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.

4

Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[4]

10.     Klehr Harrison represented the Debtors during the three-month period before the Petition Date, using the hourly rate effective January 1, 2022. Commensurate with the annual rate increases of Klehr Harrison, effective January 1, 2023 Klehr Harrison represented the Debtors using the rates listed above. Moreover, these hourly rates are consistent with the rates that Klehr Harrison charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

11.     Consistent with the Engagement Letter, it is Klehr Harrison's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Klehr Harrison's policy to charge its clients only the amount actually incurred by Klehr Harrison in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

12.     To ensure compliance with all applicable deadlines in these chapter 11 cases, Klehr Harrison utilizes the services of overtime secretaries. Klehr Harrison charges fees for these services pursuant to the Engagement Letter between Klehr Harrison and the Debtors, which permits Klehr Harrison to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, Klehr Harrison professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

---

[4]     As set forth in the Order, Klehr Harrison will provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file such notice with the Court.

13.     Klehr Harrison currently charges its clients $0.15 per page for standard duplication services.  Notwithstanding the foregoing and consistent with the Local Rules, Klehr Harrison will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. Klehr Harrison does not charge its clients for incoming facsimile transmissions. Klehr Harrison has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost-effective than using traditional (non-computer-assisted legal research) techniques.

### COMPENSATION RECEIVED BY KLEHR HARRISON FROM THE DEBTORS

14.     In connection with these cases, the Debtors paid classic retainers to Klehr Harrison as follows: $100,000.00 on November 1, 2022; $50,000 on November 16, 2022: $114,805.53 on December 6, 2022; $94,000 on December 13, 2022, $250,000 on January 4, 2023; and $50,000 on January 12, 2023 which, as stated in the Engagement Letter, constituted a "classic retainer" as defined *In re Production Associates, Ltd.,* 264 B.R. 180, 184-85 (Bankr. N.D. Ill. 2001), and *In re McDonald Bros. Construction, Inc.,* 114 B.R. 989, 997-99 (Bankr. N.D. Ill. 1990). As stated in the Engagement Letter, the classic retainers are property of Klehr Harrison, are not held in a separate account, and were earned upon receipt, and, consequently, Klehr Harrison placed the amounts into its general cash account. The amounts Klehr Harrison has invoiced the Debtors against the classic retainer for professional services and for the reimbursement of reasonable and necessary expenses incurred in connection therewith are set forth below.

15.     During the 90-day period before the Petition Date, Klehr Harrison invoiced the Debtors, the Debtors paid, and Klehr Harrison applied, the following amounts for fees and expenses in connection with preparation for and filing of these chapter 11 cases:

| Date | Invoice | Period | Fees Billed | Disb. Billed | Total Billed | Amounts Received | Amounts Applied | Balance of Retainer |
|---|---|---|---|---|---|---|---|---|
| 11/01/2022 | WIRE | | | | | $100,000.00 | | $100,000.00 |
| 11/15/2022 | 479408 | 10/26/2022-11/11/2022 | $47,421.50 | $0.00 | $47,421.50 | | $47,421.50 | $52,578.50 |
| 11/16/2022 | WIRE | | | | | $50,000.00 | | $102,578.50 |
| 12/05/2022 | 480101 | 11/12/2022-11/30/2022 | $111,186.50 | $3,639.03 | $114,805.53 | | | $102,578.50 |
| 12/06/2022 | WIRE | | | | | $114,805.53 | $114,805.53 | $102,578.50 |
| 12/12/2022 | 480964 | 12/01/2022-12/11/2022 | $93,656.50 | $0.00 | $93,656.50 | | $93,656.50 | $8,922.00 |
| 12/13/2022 | WIRE | | | | | $94,000.00 | | $102,922.00 |
| 12/20/2022 | 480983 | 12/12/2022-12/18/2022 | $44,139.00 | $823.30 | $44,962.30 | | $44,962.30 | $57,959.70 |
| 12/22/2022 | WIRE | | | | | $45,000.00 | | $102,959.70 |
| 01/04/2023 | 481690 | 12/19/2022-12/31/2022 | $99,885.00 | $566.99 | $100,451.99 | | $100,451.99 | $2,507.71 |
| 01/04/2023 | WIRE | | | | | $250,000.00 | | $252,507.71 |
| 01/10/2023 | 482495 | 01/01/2023-01/08/2023 | $119,555.50 | $5,720.67 | $125,276.17 | | $125,276.17 | $127,231.54 |
| 01/12/2023 | WIRE | | | | | $50,000.00 | | $177,231.54 |
| 01/16/2023 | 482520 | 01/08/2023-01/16/2023 | $152,758.50 | $7,924.95 | $160,683.45 | | $160,683.45 | $16,548.09 |
| | TOTALS | | $668,582.50 | $18,674.94 | $687,257.44 | $703,805.53 | $687,257.44 | $16,548.09 |

16.    As of the Petition Date, the Debtors did not owe Klehr Harrison any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred, but not yet applied to Klehr Harrison's retainers, Klehr Harrison's total retainers always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

17.    Pursuant to Bankruptcy Rule 2016(b), Klehr Harrison has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Klehr Harrison or (b) any compensation another person or party has received or may receive.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

18.    Klehr Harrison shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Klehr Harrison also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for*

10345744.v1

*Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.*

*§ 330 by Attorneys in Larger Chapter 11 Cases,* effective As of November 1, 2013 (the "Large

Case UST Guidelines"), both in connection with the Application and the interim and final fee

applications to be filed by Klehr Harrison in these chapter 11 cases.

## ATTORNEY STATEMENT PURSUANT TO REVISED UST GUIDELINES

19.     The following is provided in response to the request for additional information set

forth in Paragraph D.1. of the Large Case UST Guidelines:

(a)     **Question**: Did Klehr Harrison agree to any variations from, or alternatives to, Klehr Harrison's standard billing arrangements for this engagement?

**Answer**: No. Klehr Harrison and the Debtors have not agreed to any variations from, or alternatives to, Klehr Harrison's standard billing arrangements for this engagement. The rate structure provided by Klehr Harrison is appropriate and is not significantly different from (a) the rates that Klehr Harrison charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals.

(b)     **Question**: Do any of the Klehr Harrison professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

**Answer**: No. The hourly rates used by Klehr Harrison in representing the Debtors are consistent with the rates that Klehr Harrison charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

(c)     **Question**: If Klehr Harrison has represented the Debtors in the 12 months prepetition, disclose Klehr Harrison's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Klehr Harrison's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: Klehr Harrison represented the Debtors during the three-month period before the Petition Date using the hourly rates effective January 1, 2022. Commensurate with the annual rate

8

increases of Klehr Harrison, effective January 1, 2023 Klehr Harrison represented the Debtors using the rates listed below:

| Billing Category | Range of Hourly Rates |
| --- | --- |
| Partners | $470.00 to $1,035.00 |
| Counsel | $445.00 to $565.00 |
| Associates | $340.00 to $495.00 |
| Paralegals | $270.00 to $350.00 |

(d)     **Question**: Have the Debtors approved Klehr Harrison's budget and staffing plan, and, if so, for what budget period?

**Answer**: Yes, as reflected in the budget attached as attached as Exhibit B to the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior and Junior Secured Superpriority Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 54].

20.     As set forth in the Application, and subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of Klehr Harrison to render the following legal services, among others, as directed by the Debtors:

(a)     providing legal advice regarding local rules, practices, precedent and procedures and providing substantive and strategic advice on how to accomplish the Debtors' goals in connection with the prosecution of these cases;

(b)     appearing in Court, depositions, and at any meeting with the United States Trustee for the District of Delaware (the "U.S. Trustee") and any meeting of creditors at any given time on behalf of the Debtors as their counsel;

(c)     attending meetings and negotiating with representatives of creditors and other parties in interest;

(d)     negotiating, drafting, reviewing, commenting and/or preparing agreements, pleadings, documents and discovery materials to be filed with the Court as counsel to the Debtors and/or served on parties or third parties in these chapter 11 cases, including, among

9

other things, sale motions and related agreements, chapter 11 plans and disclosure statement and related documents;

(e)     advising and assisting the Debtors with respect to the reporting requirements of the U.S. Trustee;

(f)     taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(g)     performing various services in connection with the administration of these cases, including, without limitation, (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, agendas, and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and pending matters that need responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, (iv) generally prepare and file on behalf of the Debtors all necessary motions, notices, applications, answers, orders, reports and papers in support of positions taken by the Debtors, and (v) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and any necessary responses; and

(h)     performing all other services assigned by the Debtors, as counsel to the Debtors.

21.     Klehr Harrison will seek to fulfill its role as counsel to the Debtors in the manner that is expected of all counsel practicing before the Courts of the State of Delaware and the federal courts in the District of Delaware, including the United States Bankruptcy Court for the District of Delaware.

### **KLEHR HARRISON'S DISINTERESTEDNESS**

22.     In connection with its proposed retention by the Debtors in these chapter 11 cases, Klehr Harrison undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.

Specifically, Klehr Harrison obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "<u>Potential Parties in Interest</u>") and such parties are listed on **Schedule 1** hereto. Klehr Harrison has searched on its electronic database for its connections to the entities listed on **Schedule 1** hereto. To the extent that I have been able to ascertain that Klehr Harrison has been retained within the last three years to represent any of the Potential Parties in Interest (or their affiliates, as the case may be) in matters unrelated to these cases, such facts are disclosed on **Schedule 2** attached hereto.

23.     Klehr Harrison and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases. Klehr Harrison has searched on its electronic database for its connection to the entities listed on **Schedule 1**[5] attached hereto. The information listed on **Schedule 1** may have changed without our knowledge and may change during the pendency of these chapter 11 cases. Accordingly, Klehr Harrison will update this Declaration as necessary and when Klehr Harrison becomes aware of additional material information.

24.     To the best of my knowledge, (a) Klehr Harrison is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Klehr Harrison has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in this Declaration.

---

[5]    Klehr Harrison's inclusion of parties in the following Schedules is solely to illustrate Klehr Harrison's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

25.    Listed on **Schedule 2** to this Declaration are the results of Klehr Harrison's conflicts searches of the above-listed entities.[6] For the avoidance of doubt, Klehr Harrison will not commence a cause of action in these chapter 11 cases against the parties listed on **Schedule 2** that are current or ongoing clients of Klehr Harrison (including parties listed under the "Specific Disclosures" section of this Declaration) unless Klehr Harrison has an applicable waiver on file or first receives a waiver from such party allowing Klehr Harrison to commence such an action. To the extent that a waiver does not exist or is not obtained from such client and it is necessary for the Debtors to commence an action against that client, the Debtors will be represented in such particular matter by conflicts counsel.

26.    Of the current clients listed on **Schedule 2**, none represented more than four percent of Klehr Harrison's fee receipts for the twelve-month period ending on January 1, 2023.

27.    Klehr Harrison's conflicts search of the parties in interest listed on **Schedule 1** (that Klehr Harrison was able to locate using its reasonable efforts) reveals, to the best of Klehr Harrison's knowledge, that those Klehr Harrison attorneys and paraprofessionals who previously worked at other law firms that represented certain potential parties in interest in these chapter 11 cases have not worked on matters relating to the Debtors' restructuring efforts while at Klehr Harrison.

28.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Klehr Harrison, nor any partner or associate thereof, insofar as I have

---

[6]    As referenced in **Schedule 2**, the term "current client" means a client to whom time was posted in the 12 months preceding the Petition Date. As referenced in **Schedule 2**, the term "former client" means a client to whom time was posted between 12 and 24 months preceding the Petition Date. As referenced in **Schedule 2** the term "closed client" means a client to whom time was posted in the 24 months preceding the Petition Date, but for which the client representation has been closed. As a general matter, Klehr Harrison discloses connections with former clients or closed clients for whom time was posted in the last 24 months but does not disclose connections if time was billed more than 24 months before the Petition Date.

10345744.v1

been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware, except as disclosed or otherwise described herein.

29.     Klehr Harrison will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Klehr Harrison will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

30.     Generally, it is Klehr Harrison's policy to disclose clients in the capacity that they first appear in a conflicts search. For example, if a client already has been disclosed in this Declaration in one capacity (*e.g.,* a customer), and the client appears in a subsequent conflicts search in a different capacity (*e.g.,* a vendor), Klehr Harrison does not disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

31.     From time to time, Klehr Harrison has referred work to other professionals to be retained in these chapter 11 cases. Likewise, certain such professionals have referred work to Klehr Harrison.

32.     Certain insurance companies pay the legal bills of Klehr Harrison clients. Some of these insurance companies may be involved in these chapter 11 cases. None of these insurance companies, however, are Klehr Harrison clients as a result of the fact that they pay legal fees on behalf of Klehr Harrison clients.

10345744.v1

## DISCLOSURES

33.    As specifically set forth in the attached **Schedule 2**, Klehr Harrison may represent certain of the Debtors' creditors, equity security holders, or other parties in interest in ongoing matters unrelated to the Debtors and these chapter 11 cases. None of the representations described herein are materially adverse to the interests of the Debtors' estates. Moreover, pursuant to section 327(c) of the Bankruptcy Code, Klehr Harrison is not disqualified from acting as counsel to the Independent Director merely because it represents certain of the Debtors' creditors, equity security holders, or other parties in interest in matters wholly unrelated to these chapter 11 cases.

## AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS

34.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Klehr Harrison is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Klehr Harrison has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 23, 2023                                  Respectfully submitted,

                                                                            */s/ Domenic E. Pacitti*
                                                                            Domenic E. Pacitti, Partner
                                                                            Klehr Harrison Harvey Branzburg LLP

14

## Schedule 1

### Potential Parties in Interest

**Debtors**
Performance Powersports Group Investor, LLC
Performance Powersports Group Holdings, Inc.
Performance Powersports Group Purchaser, Inc.
Performance Powersports Group, Inc.

**Sponsor Related Entities**
Kinderhook Industries LLC
Kinderhook Capital Fund VI, L.P.
Kinderhook Capital Fund VI-B, L.P.

**Other Equity Owner**
Twin Brook Equity Holdings, LLC

**Vendors/Litigation Parties**
Chongqing Huansong Industries (Group) Co., Ltd.
Chongqing Huansong Science and Technology Industrial Co., Ltd.
Vietnam New Century Industrial Company Limited
Hisun Motors Corp. U.S.A.
Martin Manufacturing, Inc.
Christopher Hunter
Dina Miller
Freddie Yonko

**Lenders**
Twin Brook Capital Partners, LLC (agent)
Twin Brook Capital Funding V, LLC
Twin Brook Capital Funding VI, LLC
Twin Brook Capital Funding VI SPV, LLC
Twin Brook Capital Funding XII CMSPV, LLC
Twin Brook Capital Funding XII DSPV, LLC
Twin Brook Capital Funding XVII, LLC
Twin Brook Capital Funding XVII MSPV, LLC
Twin Brook Capital Funding XVII GSPV, LLC
Twin Brook Capital Funding XVIII, LLC
Twin Brook Capital Funding XIX, LLC
Twin Brook Capital Funding XII, LLC
Twin Brook Capital Funding XVII CSPV, LLC
C.M Life Insurance Company
Massachusetts Mutual Life Ins. Company
Twin Brook Capital Funding XXIV, LLC
Twin Brook Capital Funding XX, LLC
Twin Brook Capital Funding XXI MSPV, LLC

Twin Brook Capital Funding XXII, LLC
Twin Brook Capital Funding XXIV WSPV, LLC
Twin Brook Capital Funding XXVII WSPV, LLC
Twin Brook Capital Funding XXVII, LLC

## Secured Parties
UMB Bank, N.A.
Steelcase Financial Services Inc.
Pawnee Leasing Corporation
Financial Pacific Leasing, Inc.
Marquette Business Credit LLC

## Banks
JP Morgan Chase
Arizona Financial Credit Union

## Interest Holders
Rich Godfrey & Associates, Inc.
Coleman Powersports

## Former Officers
Richard Godfrey
Chris Hunte
Rick Canas
Ron Lackey
Todd Gentry
Paul Gift

## Officers & Directors
Ken Vanden Berg
Peter S. Kravitz
Kyle Dawson
Paul Ciffelli
Jay Pearson
Christian Michalik
Richard Godfrey

## Top 30 Unsecured Creditors
Hisun China
Hisun Motors Corp, USA
Tao Motor China
Pacific Coast Cartage Inc.
Northern Group
The Coleman Company
Nam Dinh Vu Port Joint Stock Company (Gema)
Jinhua Funrun Vehicle Technology Co., Ltd
Tractor Supply Company

Norton Lilly International
Brotherhood Transports
Mediterranean Shipping Company (MSC)
UFP Chandler, LLC
Fresh Content Society
Rich Pacific Usa, Inc.
Velvet Hammer Branding, LLC
Snell & Wilmer
Cherry Bekaert LLP
Patsy Goss
Summit Outdoors, LLC
Senfeng Laser USA Inc
Rpm Motorsports Of Texas / Ron Massoletti
Joe's Lawn And Garden
Family Farm & Home
Rg Small Engine
Sundance GS LLC - Parts
Starr Lawn & Garden
Cosco Shipping Lines
Wan Hai Lines Ltd.
WTP Service

**Insurers**
Federal Insurance Company
Admiral Insurance Company
HDI Specialty Insurance Company
Arch Insurance Company
Lockton Companies LLC
Chubb
Southwest General Insurance LLC

**Utilities**
SRP (Salt River Project)
City of Tempe
Five9 Inc.
Century Link
Cirro Energy
City of Mesquite
Atmos Energy
Cox Communications
Verizon

**Taxing and Regulatory Authorities**
U.S. Department of the Treasury
Internal Revenue Service
Minnesota Department of Revenue
California Department of Revenue

17

10345744.v1

Alabama Department of Revenue
Delaware Division of Revenue
State of Arizona
Specialty Vehicle Institute of America
United States Environmental Protection Agency

**Interested Parties / Customers**
Hisun Motors Corp, USA
Hisun China
China Kaxa Industrial Co., Ltd.
Kandi America
Kandi USA, Inc.
Federal Express
FedEx Freight
Tao Motor China
Sam's Club
Tractor Supply Co.
Walmart
The Home Depot
Lowes
Ace Hardware Corporation
Empire Logistics, LLC
Southwest Mobile Storage, Inc.
Mower Genius
Air 7 Seas Transport Logistics
Professor Speed's Secret Lab
Red Barn Cycles
S & S Powersports
Scooter Station
Vinpac Container Line Inc.
UFP Chandler, LLC
Corieocity Coatings LLC
World Exchange, Inc.
BP Metals
Bryant Wiedeman Racing
Sundance GS LLC
Mediterranean Shipping Company
Pacific Coast Cartage Inc.
Turf Pros
Aries Global Logistics
Esko Inc.
Plant City Powersports
Kuehne + Nagel Inc.
YES Logistics Corp.
1UP Cargo
Bunnell's Parts & Acc.

18

The Bike Shop
Brett's Cycle Barn
South K Outdoor Power
Family Farm & Home
Ringgold Power Sport
Buchalla Small Engine
Tom Mill Motorsports
Jasper Saw  Mower
Olive Creek ATV
Sartin's Power House
Lesslie Powersports
Lewis Small Engines
J & K Small Engine Repair
Nate's Lawn Shop
Egy's Mower & Chainsaw Service
Amazon
Theisen's Home, Farm and Auto
Camping World
Dick's Sporting Goods
Peavey Industries LP
Mills Fleet Farm
Mattoon Rural King
Runnings
Dunham's Athleisure Corporation
Prime Now LLC
Sportsman's Warehouse
Murdoch's Ranch & Home Supply
Princess Auto Corporate
Round-the-World Logistics
Fresh Content Society
Brotherhood Transports
COSCO Shipping Lines
NGL Transportation
OEC Shipping Los Angeles Inc.
Gorilla Industrial Coatings
Allied Gases & Welding Supplies, Inc.
AMW Packaging Supply
Theory House LLC

**<u>Contract Counterparties</u>**
Alliance Funding Group
BankDirect Capital Finance
CWI, Inc.
Camping World
Jordan Outdoor Enterprises, Ltd.
Oracle America, Inc.

Coleman Powersports
Dunham's Athleisure Corporation
Crossdocks, Storage & Logistics LLC
Northern Group

**Landlords**
Yerf-Dog Geneva 444 LLC
McClintock University Investment Partners LLC
Metro East Valley Holdings Phase Three, LLC
DG Mesquite Airport Property Owner, L.P.

**Professionals**
Portage Point Partners, LLC
Omni Agent Solutions
Kirkland & Ellis LLP
Klehr Harrison Harvey Branzburg LLP
Hudson Capital Advisors
Winston & Strawn LLP
Pachulski Stang Ziehl & Jones

**Other**
Business Development Services, Inc.
    dba Cox Commercial Office Cleaning Services
The Sheehan Firm, P.C.

**US Trustee, Judges, and court contacts for the
District of Delaware (and key staff members)**

Attrix, Lauren
Buchbinder, David
Casey, Linda
Chan, Ashley M.
Cook, Denis
Cudia, Joseph
Dice, Holly
Dorsey, John T.
Dortch, Shakima L.
Fox, Timothy J., Jr.
Giordano, Diane
Goldblatt, Craig T.
Green, Christine
Hackman, Benjamin
Harris, Ramona
Heck, Jeffrey
Jones, Nyanquoi
Leamy, Jane
McCollum, Hannah M.

10345744.v1

McMahon, Joseph
O'Boyle, Una
O'Malley, James R.
Owens, Karen B.
Panacio, Michael
Richenderfer, Linda
Sarkessian, Juliet
Schepacarter, Richard
Selber Silverstein, Laurie
Serrano, Edith A.
Shannon, Brendan L.
Sierra-Fox, Rosa
Silverstein, Laurie Selber
Starr, Karen
Stickles, J. Kate
Tinker, T. Patrick
Walrath, Mary F.
West, Michael
Wynn, Dion

## Schedule 2

| Disclosures of Klehr Harrison Harvey Branzburg, LLP | | |
|---|---|---|
| **Potential Interested Party** | **Affiliation to Cases** | **Klehr Harrison Connection** |
| Kirkland & Ellis LLP | Counsel to DIP Lender and Stalking Horse Purchaser | Co-counsel in several former and current unrelated matters. |
| Peter Kravitz | Disinterested Director | Counsel to AAI Litigation Trust (American Apparel, Inc.) in which Mr. Kravitz serves as a trustee. |
| Omni Agent Solutions | Professionals | Claims, noticing, and balloting agent in several former and current unrelated matters. |
| Linda Richenderfer | U.S. Trustee trial attorney | Linda Richenderfer was a partner at Klehr Harrison for approximately 10 years before joining the Office of the United States Trustee in May 2018 and did not work on any matter related to these cases or these Debtors. |

1