**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-10047 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Background**

1. A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Ken Vanden Berg in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of the Bankruptcy Code, on January 16, 2023 (the "Petition Date").

2. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 18, 2023, the Court entered an *Order (I) Directing Joint Administration of the Debtors' Related Chapter 11 Cases and (II) Granting Related Relief*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

10349736.v3

[Docket No. 40]. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

3. On January 30, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors Docket No. 82 (the "Committee").

## Relief Requested

4. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to retain and compensate the OCPs (as defined below) on a postpetition basis in accordance with the procedures set forth in **Exhibit 1** annexed to **Exhibit A** attached hereto and incorporated by reference herein (the "OCP Procedures"),[2] without the need for each OCP to file formal applications for retention and compensation pursuant to sections 327, 328, or 330 of the Bankruptcy Code (as defined herein); and (b) granting related relief.

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the

---

[2] The Debtors also seek to reserve the right to retain additional OCPs from time to time during these chapter 11 cases, as the need arises, by filing a list or lists of such additional professionals and complying with the notice requirements set forth in the OCP Procedures.

10349736.v3

extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code.

## The Ordinary Course Professionals

8. The Debtors employ various attorneys, accountants, auditors, and other professionals in the ordinary course of their businesses (collectively, the "OCPs"). The OCPs provide services for the Debtors in a variety of matters unrelated to these chapter 11 cases, including specialized legal services, accounting services, auditing and tax services, and certain consulting services. A nonexclusive list of the Debtors' current OCPs (the "OCP List") is attached hereto as **Exhibit B**. The Debtors may also seek to employ additional OCPs as necessary in the course of these chapter 11 cases, subject to the procedures set forth herein.

9. The Debtors submit that the continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest. The OCPs have significant knowledge, expertise, and familiarity with the Debtors and their operations. Although the Debtors anticipate that the OCPs will wish to continue to represent the Debtors during these chapter 11 cases, many would not be in a position to do so if the Debtors cannot pay them on a regular basis. And without such knowledge, expertise, and familiarity that the OCPs have, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals. Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day

operations of the Debtors' businesses. Moreover, in light of the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

10. Although some of the OCPs may hold relatively small unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs has an interest materially adverse to the Debtors, their creditors, or other parties in interest.

### The Debtors' Proposed OCP Procedures

11. The OCP Procedures will establish a streamlined process for the retention and compensation of OCPs during these chapter 11 cases upon notice to the following key parties: (a) proposed counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (b) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter (Richard.schepacarter@usdoj.gov); (c) counsel to any statutory committee appointed in these chapter 11 cases; (d) counsel to the lender under the Debtors' postpetition financing facility, Kirkland & Ellis, LLP, 601 Lexington Ave., New York, NY 10022, Attn: Brian E. Schartz, P.C. (bschartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com); (e) counsel to the lender under the Debtors' prepetition credit facility, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, Attn: Gregory Gartland (ggartland@winston.com) (collectively, the "Notice Parties").

12. The OCP Procedures enable the Debtors to employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form annexed as **Exhibit 2** to **Exhibit A** attached hereto and incorporated by reference herein (each, a "Declaration of Disinterestedness"), which will state that the respective OCP does not have any material interest adverse to the Debtors or their estates. Additionally, the Notice Parties will have an opportunity to object to any proposed retention pursuant to the OCP Procedures. The OCP Procedures further provide that fees paid to OCPs, excluding costs and disbursements, may not exceed $40,000 per month per OCP in the aggregate, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Cap"). Moreover, the OCP Procedures provide that the total amount disbursed to each OCP during these chapter 11 cases shall not exceed $200,000 (collectively, the "OCP Case Cap"). The OCP Case Cap may be increased by mutual agreement between the Debtors, the U.S. Trustee, and counsel to the lender under the Debtors' postpetition financing facility; *provided* that the Debtors shall file a notice with the Court of any such agreed increase. To the extent that fees payable to any OCP exceed the OCP Cap, the OCP shall file a fee application (a "Fee Application") with the Court for month or months in which the OCP Cap was exceeded in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

13. By this motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

**Basis for Relief**

14. Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate. In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code

and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

    a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

    b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

    c.    whether the entity is asked to perform work directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    d.    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

    e.    the extent of the entity's involvement in the administration of the debtor's estate; and

    f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re First Merchs. Acceptance Corp.*, No. 97-1500 (JJF), 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.*, 331 B.R. 169, 174 (Bankr. D. Del. 2005) (applying the *First Merchs.* factors and holding that litigation consulting firm was not a "professional" for section 327 purposes); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 of the Bankruptcy Code approval of the fees of a

management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

15. Upon consideration of all the factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention proceedings under section 327 of the Bankruptcy Code. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and compensation of the OCPs pursuant to the OCP Procedures and thereby avoid any subsequent controversy with respect thereto.

16. The Debtors respectfully submit that: (a) the retention of the OCPs as provided herein is reasonably necessary for the day-to-day operations of the Debtors' businesses; (b) expenses for the OCPs will be monitored closely by the Debtors; and (c) the OCPs will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-ordinary course professional.

17.     Moreover, in light of the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to retain the OCPs in accordance with the OCP Procedures and avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' businesses.

18.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the OCP Procedures include a requirement that each OCP file a Declaration of Disinterestedness before an OCP can be compensated.

19.     The relief requested herein is commonly granted in this district. *See, e.g.*, *In re Swift Energy Co.*, No. 15-12640 (MFW) (Bankr. D. Del. Feb. 1, 2016) (approving comparable OCP procedures); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 28, 2016) (same); *In re Parallel Energy LP*, No. 15-12263 (KG) (Bankr. D. Del. Dec. 29, 2015) (same); *In re Samson Res. Cop.*, No. 15-11934 (CSS) (Bankr. D. Del. Oct. 14, 2015) (same); *In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Apr. 2, 2015) (same); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Apr. 14, 2015) (same); *In re Suntech America, Inc.*, No. 15-10054 (CSS) (Bankr. D. Del. Feb. 5, 2015) (same); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (same); *In re MACH Gen, LLC*, No. 14-10461 (MFW)

(Bankr. D. Del. Mar. 27, 2014) (same); *In re Gridway Energy Holdings, Inc.*, No. 14-10833 (CSS) (Bankr. D. Del. May 14, 2014) (same).[3]

20. For the reasons set forth herein, the Debtors respectfully submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore should be granted.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

21. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Notice

22. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the District of Delaware; (b) proposed counsel to the Official Committee of Unsecured Creditors; (c) counsel to the lender under the Debtors' prepetition financing facility; (d) counsel to the lender under the Debtors' postpetition financing facility; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; and (g) the state attorneys general for all states in which the Debtors conduct business. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' counsel.

10349736.v3

**No Prior Request**

23. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: January 30, 2023  
Wilmington, Delaware

*/s/ Michael W. Yurkewicz*  
Domenic E. Pacitti (DE Bar No. 3989)  
Michael W. Yurkewicz (DE Bar No. 4165)  
Sally E. Veghte (DE Bar No. 4762)  
**KLEHR HARRISON HARVEY BRANZBURG LLP**  
919 N. Market Street, Suite 1000  
Wilmington, Delaware 19801  
Telephone:  (302) 426-1189  
Facsimile:  (302) 426-9193  
Email:  dpacitti@klehr.com  
myurkewicz@klehr.com  
sveghte@klehr.com  
-and-  
Morton R. Branzburg (admitted *pro hac vice*)  
**KLEHR HARRISON HARVEY BRANZBURG LLP**  
1835 Market Street, Suite 1400  
Philadelphia, Pennsylvania 19103  
Telephone:  (215) 569-3007  
Facsimile:  (215) 568-6603  
Email:  mbranzburg@klehr.com

*Proposed Counsel for the Debtors and Debtors in Possession*