**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-10047 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, establishing an orderly process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals who will be retained pursuant to section 327, 363, or 1103 of the Bankruptcy Code and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2 (collectively, the "Retained Professionals"). Specifically, the Debtors propose that the payment of fees and reimbursement of expenses of the Retained Professionals in these chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

10353068.v2

cases be structured in accordance with the procedures described in **Exhibit 1** annexed to **Exhibit A** attached hereto and incorporated by reference herein (the "Compensation Procedures").[2]

### Jurisdiction and Venue

1. A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Ken Vanden Berg in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of the Bankruptcy Code, on January 16, 2023 (the "Petition Date").

2. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 18, 2023, the Court entered an *Order (I) Directing Joint Administration of the Debtors' Related Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 40]. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

3. On January 30, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors [Docket No. 82] (the "Committee").

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the

---

[2] Unless specifically set forth herein, and for the avoidance of doubt, the Debtors' proposed Compensation Procedures shall not override compensation procedures in any separate order of the Court approving the employment and retention of any Retained Professional.

10353068.v2

entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and rule 2016-2 of the Local Rules.

**Retention of Professionals**

7. The Debtors, as debtors in possession, are seeking approval to retain: (a) Klehr Harrison Harvey Branzburg LLP, as Debtors' counsel; (b) Triple P RTS, LLC as their restructuring advisor and Triple P Securities, LLC as their investment banker (Triple P RTS, LLC and Triple P Securities, LLC, collectively, "Portage Point"); and (c) Omni Agent Solutions as administrative agent.  The Debtors anticipate they may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these chapter 11 cases as the need arises.[3]  Moreover, the Debtors expect that the Committee will retain counsel and other advisors to represent it.

8. The Debtors believe that establishing orderly procedures for payment of the Retained Professionals will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest.  Specifically, a streamlined process for serving interim fee applications (each an "Interim Fee Application") and the notices thereof is in the best interest of the Debtors because it will facilitate efficient review of

---

[3] The Debtors anticipate filing a *Motion for Entry of an Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business* (the "OCP Motion").  The OCP Motion seeks authority for the Debtors to continue to retain certain professionals in the ordinary course of business (the "OCPs") on terms substantially similar to those in effect before the Petition Date.  If the OCP Motion is granted, the OCPs would not be required to file individual retention applications and would be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications, but subject to a monthly fee cap.

3

the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

### The Proposed Compensation Procedures

9. The Compensation Procedures will establish a streamlined process for the retention and payment of Retained Professionals during these chapter 11 cases. The Compensation Procedures create a process by which Professionals will prepare monthly applications and file interim applications with the Court for approval of 80 percent of their fees and 100 percent of expenses, upon notice to key parties, including: (a) the Debtors, Performance Powersports Group Investor, LLC, 1775 East University Drive, Tempe, AZ 85281, Attn: Ken Vanden Berg; (b) proposed counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (c) counsel to the lender under the Debtors' postpetition financing facility, Kirkland & Ellis, LLP, 601 Lexington Ave., New York, NY 10022, Attn: Brian E. Schartz, P.C. (bschartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com); (d) counsel to the lender under the Debtors' prepetition credit facility, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, Attn: Gregory Gartland (ggartland@winston.com); (e) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter (Richard.schepacarter@usdoj.gov); and (f) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Notice Parties").

10. The Debtors believe that the proposed Compensation Procedures will enable the Debtors to: (a) closely monitor the costs of administering these chapter 11 cases; (b) maintain an appropriate level of liquidity so as to ensure the Debtors' continued ability to satisfy such costs;

and (c) accurately forecast cash flows that account for the amount and timing of such costs. Moreover, the proposed Compensation Procedures will streamline the administration of these chapter 11 cases and otherwise expedite the bankruptcy process for the Court, the U.S. Trustee, and all parties in interest.

11. The Debtors further request that the Court limit service of Interim Fee Applications and final fee applications (the "<u>Final Fee Application</u>," and together with the Interim Fee Applications, the "<u>Applications</u>") to the Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "<u>Hearing Notices</u>"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and, if applicable, object to the Retained Professionals' fees and expenses and will save unnecessary duplication and mailing expenses.

## **Basis for Relief**

12. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides, in relevant part, that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

13. Further, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

14. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 898 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). The significant size of these cases and the amount of time and effort that will be required from the Retained Professionals to successfully reorganize the Debtors' businesses justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Retained Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

15. Courts in this jurisdiction have approved relief similar to the relief requested in this motion. *See, e.g.*, *In re Imerys Talc Am., Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Mar. 25, 2019) (granting order establishing procedures for interim compensation of retained professionals); *In re Promise Healthcare Grp., LLC*, No. 18-12491 (CSS) (Bankr. D. Del. Dec. 3, 2018) (same); *In re Magnum Hunter Res. Corp.*, No 15-12533 (KG) (Bankr. D. Del. Jan. 27, 2016) (same); *In re Samson Res. Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Oct. 14, 2015) (same); *In re Frederick's of Hollywood, Inc.*, No. 15-10836 (KG) (Bankr. D. Del. May 17, 2015) (same); *In re Cal Dive*

10353068.v2

*Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Apr. 6, 2015) (same); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Apr. 14, 2015) (same).[4]

16. The Compensation Procedures will enable the Debtors to monitor closely the costs of administering these cases. Moreover, the proposed Compensation Procedures will allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures. The Debtors therefore submit that the efficient administration of these cases will be significantly aided by establishing the Compensation Procedures. Accordingly, the relief requested herein is in the best interests of the Debtors, their estates, and their creditors.

## Notice

17. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the District of Delaware; (b) counsel to the lender under the Debtors' postpetition financing facility; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; and (e) the state attorneys general for all states in which the Debtors conduct business. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: January 30, 2023
Wilmington, Delaware

*/s/ Michael W. Yurkewicz*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 426-1189
Facsimile:  (302) 426-9193
Email:  dpacitti@klehr.com
    myurkewicz@klehr.com
    sveghte@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:  (215) 569-3007
Facsimile:  (215) 568-6603
Email:  mbranzburg@klehr.com

*Proposed Counsel for the Debtors and Debtors in Possession*

10353068.v2