# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-10047 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) Re: Docket No. _____ |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order establishing procedures for interim compensation and reimbursement of expenses for Retained Professionals, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Compensation Procedures attached hereto as **Exhibit 1** are hereby approved. Except as may otherwise be provided in an order of the Court authorizing the retention of a particular Retained Professional, the Retained Professionals retained in these cases pursuant to section 327, 363, or 1103 of the Bankruptcy Code may seek interim payment of compensation and reimbursement of expenses in accordance with the Compensation Procedures.

3. In each Interim Fee Application and final fee application (the "Final Fee Application") all attorneys and other professionals who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney or other professional is retained by the Debtors pursuant to the any order entered in connection with any motion of the Debtors' seeking authorization to retain and compensate professionals utilized in the ordinary course of business (collectively, the "Retained Professionals") (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of*

10353068.v2

*November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Retained Professionals in these chapter 11 cases; and (c) provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Fee Application and final fee application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor appointed in the chapter 11 cases, and upon request, to this Court.

      4.     Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules or the practices of this Court.

      5.     The Retained Professionals shall only be required to serve the (i) Monthly Fee Application (as defined in **Exhibit 1**) and Interim Fee Application Requests (as defined in **Exhibit 1**) and the Final Fee Application on the Notice Parties, and (ii) notice of hearings on the Interim Fee Application Requests and Final Fee Application on the Notice Parties and on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

      6.     All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

10353068.v2

7. The Debtors shall include all payments to Professionals in their monthly and quarterly operating reports, identifying the amount paid to each Professional.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

# EXHIBIT 1

**Compensation Procedures**

10353068.v2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-10047 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**COMPENSATION PROCEDURES**

Pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Order"),[2] the following compensation procedures (collectively, the "Compensation Procedures") shall apply with respect to the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals who will be retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2 (collectively, the "Retained Professionals"), except in the event an order of the Court provides for different procedures with respect to the compensation of such Retained Professionals. Specifically, the Compensation Procedures are as follows:

  a. On or after the 21st day of each month following the month for which compensation is sought, each Retained

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

10353068.v2

|   | Professional seeking compensation may file an application (each, a "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Application on: (a) proposed counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (b) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter (Richard.schepacarter@usdoj.gov); (c) counsel to any statutory committee appointed in these chapter 11 cases; (d) counsel to the lender under the Debtors' postpetition financing facility, Kirkland & Ellis, LLP, 601 Lexington Ave., New York, NY 10022, Attn: Brian E. Schartz, P.C. (bschartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com); (e) counsel to the lender under the Debtors' prepetition credit facility, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, Attn: Gregory Gartland (ggartland@winston.com) (collectively, the "Notice Parties"). |
|---|---|
| b. | Each Notice Party will have until 4:00 p.m. (Prevailing Eastern Time) 21 days after service of a Monthly Fee Application to object to the requested fees and expenses in accordance with paragraph (c) below. Upon the expiration of such 21-day period, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below. |
| c. | If any Notice Party objects to a Retained Professional's Monthly Fee Application, the objecting party shall, within 21 days of service of the Monthly Fee Application, serve a written notice upon the respective Retained Professional and each of the Notice Parties (the "Notice of Objection to Monthly Fee Application") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt |

        to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Retained Professional and each of the Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

d. Each Retained Professional may submit its first Monthly Fee Application no earlier than February 21, 2023. This initial Monthly Fee Application will cover the period from the Petition Date through January 31, 2023. Thereafter, the Professionals may submit Monthly Fee Applications in the manner described above.

e. Beginning with the period ending on March 31, 2023, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an interim fee application (each an "Interim Fee Application Request") for compensation and reimbursement of expenses sought in the Monthly Fee Applications served during such period. Each Interim Fee Application Request must be served on all Notice Parties and must include (i) a narrative discussion, (ii) a summary of the Monthly Fee Applications that are the subject of the application, (iii) amount of fees and expenses paid of date or subject to objection, and (iv) the deadline to file objections. Each Retained Professional shall serve notice of its Interim Fee Application Request (which identifies the Retained Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. The first Interim Fee Application Request should cover the

3

|     | Interim Fee Period from the Petition Date through and including March 31, 2023. |
|-----|---|
| f.  | The Debtors may request that the Court schedule a hearing on Interim Fee Application Requests at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application Request without the need for a hearing, upon the Retained Professional's filing of a CNO. Upon allowance by the Court of a Retained Professional's Interim Fee Application Request, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid. |
| g.  | The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. |
| h.  | Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Retained Professionals. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court. All professionals shall file final fee applications in order to obtain final allowance of compensation for fees and reimbursement of expenses in these chapter 11 cases. |
| i.  | Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that payment is not authorized under the Bankruptcy |

4

Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, or the practices of this Court.