**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| PERFORMANCE POWERSPORTS GROUP HOLDINGS, INC., *et al.*,[1] | ) Case No. 23-10047 (LSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 17** |

**RESERVATION OF RIGHTS OF TWIN BROOK CAPITAL PARTNERS, LLC, AS AGENT FOR THE SECURED LENDERS, TO THE MOTION OF DEBTORS FOR ENTRY OF: (I) AN ORDER (A) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL ASSETS, (B) APPROVING THE BID PROTECTIONS TO THE STALKING HORSE BIDDER, (C) SCHEDULING AN AUCTION AND A SALE HEARING, (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (E) AUTHORIZING ENTRY INTO THE STALKING HORSE AGREEMENT, (F) APPROVING BID PROTECTIONS, (G) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (H) GRANTING RELATED RELIEF; AND (II) AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (C) GRANTING RELATED RELIEF**

Twin Brook Capital Partners, LLC, as administrative agent (the "Agent") for the secured lenders (the "Secured Lenders", and together with the Agent, the "Secured Parties") under the Credit Agreement, dated as of October 8, 2021 (as amended, supplemented, or otherwise modified from time to time prior to the date hereof, the "Credit Agreement" and collectively with any other agreements and documents executed or delivered in connection therewith, each as amended,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

30108782.1

restated, supplemented, waived, or otherwise modified from time to time, the "Loan Documents"), hereby submits this reservation of rights with respect to the relief requested in the *Motion of Debtors for Entry of: (I) an Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All Assets, (B) Approving the Bid Protections to the Stalking Horse Bidder, (C) Scheduling an Auction and a Sale Hearing, (D) Approving the Form and Manner of Notice Thereof, (E) Authorizing Entry Into the Stalking Horse Agreement, (F) Approving Bid Protections, (G) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (H) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 17] (the "Bid Procedures Motion")[2] and respectfully states as follows:

**Background**

1. On January 16, 2023 (the "Petition Date"), the Debtors filed the Bid Procedures Motion seeking, among other things, approval of certain bid procedures to govern the sale of all or substantially all of the Debtors' assets and authority to enter into the asset purchase agreement, dated January 16, 2023 (the "Stalking Horse Agreement"), with CPS USA Acquisition, LLC, an affiliate of the Debtors' equity sponsor Kinderhook Industries, Inc., in its capacity as stalking horse bidder (the "Stalking Horse Bidder").

2. As of the Petition Date, the Debtors were indebted to the Secured Parties under the Loan Documents in an aggregate principal amount of not less than $52 million (plus accrued and accruing interest, fees, expenses, and other expenses). Under the Loan Documents, these

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bid Procedures Motion or the Stalking Horse Agreement (as defined below and attached as Exhibit A to the Bid Procedures Motion).

30108782.1

2

obligations are secured by a valid and perfected first priority security interest in and lien on substantially all of the assets of the Debtors.

3. On January 18, 2023 the Bankruptcy Court entered the interim Financing Order [Docket No. 54] (the "<u>Interim Financing Order</u>"), approving the Debtors' incurrence of debtor-in-possession financing from Tankas Funding VI, LLC, an affiliate of Kinderhook Industries, Inc. and the Stalking Horse Bidder. As part of the Interim Financing Order, the Debtors also stipulated to the amount and validity of the Secured Parties' liens. *See* Interim Financing Order, § E.

4. The Stalking Horse Agreement permits the Stalking Horse Bidder to assign its rights under the Stalking Horse Agreement to any affiliate designated by the Stalking Horse Bidder. *See* Stalking Horse Agreement, § 10.6.

5. The purchase price under the Stalking Horse Agreement includes the assumption of all outstanding obligations under the Loan Documents and a credit bid of the outstanding obligations under the DIP Credit Agreement in the amount of $10 million. *See* Stalking Horse Agreement, § 2.5. As set forth in the Bid Procedures, any Minimum Bid must also include cash consideration in an amount sufficient to repay all outstanding obligations under the Loan Documents in full. *See* Bid Procedures, Bid Requirements § 2(f).

6. The objection deadline with respect to the Bid Procedures Motion was extended for the Secured Parties by agreement of the Debtors until February 8, 2023 at 4:00 p.m., prevailing Eastern Time.

**<u>Reservation of Rights</u>**

7. The Secured Parties support the Debtors' request to continue their marketing efforts and sell all or substantially all of their assets in bankruptcy in accordance with the Bid Procedures Motion so long as the outstanding obligations under the Loan Documents are either assumed by

30108782.1

the Stalking Horse Bidder or paid in full in cash, in each case in a form and manner that is acceptable to the Secured Parties.

8. As with any other lender of its type, the Secured Parties have certain underwriting requirements that must be met prior to its consenting to the assumption of obligations under the Credit Agreement. As of the date hereof, the Stalking Horse Bidder has not provided complete evidence to the Secured Parties of its ability to consummate the transaction under the Stalking Horse Agreement, including any information regarding the Stalking Horse Bidder's financial capacity, other than what can be gleaned from the Bid Procedures Motion and the Stalking Horse Agreement as filed with the Bankruptcy Court. Accordingly, the Secured Parties cannot confirm that the Stalking Horse Bidder will be adequately capitalized to assume the outstanding obligations under the Loan Documents as described in the Bid Procedures Motion. The Secured Parties must also complete its diligence on the assets being acquired and liabilities being assumed, as the schedules to the Stalking Horse Agreement which include these details are not publicly filed and have not been made available to the Secured Parties. Further, the parties have not yet discussed, nor agreed to, the mechanism by which such obligations will be assumed. These details (without limitation) are all crucial to the Secured Parties' ongoing support of this sales process.

9. The Agent will have similar concerns with respect to the ability of any other Successful Bidder to pay the outstanding obligations under the Loan Documents in full in cash as set forth in the Bid Procedures Motion.

10. For these reasons, the Agent, on behalf of the Secured Lenders, expressly reserves any and all rights, claims, defenses, and remedies, including, without limitation, to raise objections to any sale transaction, including any sale to the Stalking Horse Bidder, and to introduce evidence prior to or at any hearing regarding any sale transaction if the Secured Parties' objections, if any,

30108782.1

are not resolved prior to such hearing.  For the avoidance of doubt, the foregoing shall include, but not be limited to, any and all rights of the Secured Parties to object to (a) any proposed sale to the Stalking Horse Bidder that does not adequately provide for the assumption of the Secured Parties' obligations under the Loan Documents in a form and manner acceptable to the Secured Parties, (b) any proposed sale to a Successful Bidder that does not adequately provide for the payment in full in cash of all outstanding obligations under the Loan Documents in a form and manner acceptable to the Secured Parties, and (c) the financial ability of the Stalking Horse Bidder or Successful Bidder to consummate the proposed sale transaction.

[*Remainder of page intentionally left blank*]

Dated: February 8, 2023
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/  Andrew L. Magaziner*
Andrew L. Magaziner (No. 5426)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 576-3592
Email: amagaziner@ycst.com

and

**WINSTON & STRAWN LLP**
Gregory M. Gartland (admitted *pro hac vice*)
Emma Fleming (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
E-mail: ggartland@winston.com
        efleming@winston.com

and

Laura Krucks (admitted *pro hac vice*)
35 W. Wacker Drive
Chicago, IL 60601
Telephone:  (312) 558-5600
E-mail: lkrucks@winston.com

*Counsel to the Agent*

30108782.1