**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) Case No. 23-10047 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 83 |

**ORDER AUTHORIZING THE DEBTORS TO
RETAIN AND COMPENSATE PROFESSIONALS
UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business, pursuant to the OCP Procedures; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Debtors have consented to entry of a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

10369213.v1

a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached as **Exhibit B** to the Motion, in the ordinary course of business pursuant to the procedures attached hereto as **Exhibit 1** (collectively, the "OCP Procedures"), which procedures are hereby approved in their entirety.

3. The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice Parties. Within 14 days after the amended OCP List is filed, each additional OCP shall file with this Court and serve a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 2** (each, a "Declaration of Disinterestedness"), on the Notice Parties as provided in the OCP Procedures. If no objections are timely filed to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds;

10369213.v1

(c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10369213.v1

**EXHIBIT 1**

**OCP Procedures**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-10047 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

## OCP PROCEDURES

Pursuant to the *Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business* (the "Order"),[2] the following procedures (collectively, the "OCP Procedures") shall apply to the retention and compensation of certain professionals utilized in the ordinary course of business (collectively, the "OCPs") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), except in the event that an order of the Court approving the employment and retention of an OCP provides for different procedures with respect to the compensation of such OCP. Specifically, the OCP Procedures are as follows:

    a.    Within 14 days of the latter of the date on which an OCP commences work for the Debtors or entry of the Order, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Exhibit 2** to the Order (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (a) proposed counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

10369213.v1

    Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (b) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter (Richard.schepacarter@usdoj.gov); (c) proposed counsel to the Official Committee of Unsecured Creditors, Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, New York 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah Carnes (scarnes@coleschotz.com) and 500 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: David Dean (ddean@coleschotz.com); (d) counsel to the lender under the Debtors' postpetition financing facility, Kirkland & Ellis, LLP, 601 Lexington Ave., New York, NY 10022, Attn: Brian E. Schartz, P.C. (bschartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com); (e) counsel to the lender under the Debtors' prepetition credit facility, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, Attn: Gregory Gartland (ggartland@winston.com) (collectively, the "Notice Parties").

b.  The Notice Parties shall have 14 days after the date of service of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to retain such OCP as of the date such OCP commenced providing services to the Debtors and compensate such OCP as set forth below.

d.  The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors

       pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided*, *however*, that fees paid to OCPs may not exceed $40,000 per month per OCP in the aggregate, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Cap"); *provided*, *further*, that the total amount disbursed for the duration of these chapter 11 cases, for each OCP, does not exceed $200,000 per OCP (the "OCP Case Cap"). The OCP Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, and counsel to the lender under the Debtors' postpetition financing facility; *provided* that the Debtors shall file a notice with the Court of any such agreed increase.

e. To the extent that fees due to any OCP exceed the OCP Cap, the OCP shall file a fee application (a "Fee Application") with the Court for the month or months in which the OCP Cap was exceeded in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Delaware, and any applicable orders of the Court, unless the U.S. Trustee and counsel to the lender under the Debtors' postpetition financing facility agree otherwise.

f. To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of the Motion (each such agreement, an "OCP Agreement"), the OCP shall attach the OCP Agreement to the OCP Declaration and, upon the retention of the OCP in accordance with the OCP Procedures, the indemnification provisions set forth in the OCP Agreement are approved, subject to the following modifications during the pendency of the chapter 11 cases:

    a. No OCP shall be entitled to indemnification, contribution or reimbursement for services for services provided under the OCP Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

    b. The Debtors shall have no obligation to indemnify any OCP, or provide contribution or reimbursement to any OCP, for any claim or expense to the extent it is either: (a) judicially determined (the determination

10369213.v1

    having become final and no longer subject to appeal) to have arisen from the OCP's gross negligence, willful misconduct or bad faith; (b) for a contractual dispute in which the Debtors allege breach of an OCP's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible; or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by this Court, after notice and a hearing to be a claim or expense for which the OCP should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement, as modified by this Order.

  c. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing the Chapter 11 Cases, an OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any OCP for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the OCPs. All parties in interest shall retain the right to object to any application by any OCP for indemnification, contribution and/or reimbursement.

  g. Beginning on the quarter ending April 30, 2023, and for each quarter thereafter in which these chapter 11 cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses by that OCP for each month during the reported quarter; (iii) the aggregate

       amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP postpetition; and (iv) a general description of the services rendered by that OCP.

h.     The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

i.     No OCP shall be paid any amounts for invoiced fees or expenses until its Declaration of Disinterestedness has been properly filed and served and the Objection Deadline has passed without the filing of an objection, or if an objection is timely filed and served by the Objection Deadline, after the parties resolve such objection or the Court enters an order overruling such objection. If an OCP must file a Fee Application, no amounts shall be paid the OCP until the applicable deadlines have expired.

j.     The Debtors may supplement the OCP List from time to time. To do so, the Debtors must file a notice or notices of such additional professionals (each, a "<u>Notice of Additional Ordinary Course Professionals</u>"), along with the respective Declaration of Disinterestedness, with the Court and serve such notice upon the Notice Parties. The Notice Parties shall have 14 days following the date of service of a Notice of Additional Ordinary Course Professionals to notify the Debtors, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with the Court, and serve any such objection upon the Notice Parties so as to be **actually received** within 14 days of service of such Notice of Additional Ordinary Course Professionals.

# EXHIBIT 2

**Declaration of Disinterestedness**

10369213.v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-10047 (LSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) Re: Docket No. _____ |

**DECLARATION OF DISINTERESTEDNESS OF [__ENTITY__] PURSUANT TO THE ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1. I am a [POSITION] of [COMPANY], located at [STREET, CITY, STATE, ZIP CODE] (the "Company").

2. Performance Powersports Group Investor, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), have requested that the Company provide [___SPECIFIC DESCRIPTION____] services to the Debtors, and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Company, however, does not perform services for any such person in connection with these chapter 11 cases, or have any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

10369213.v1

relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director or officer of, or professional employed by, the Company, insofar as I have been able to ascertain is a relative of the United States Bankruptcy Judge assigned to the Chapter 11 cases, and the Company does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in the Chapter 11 Cases improper.  Further, the Company does not have any connection with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") or any persons employed by the U.S. Trustee.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

7. Neither I nor any principal, partner, director, officer, of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is to be employed.

8. The Debtors owe the Company $[_____] for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11

10369213.v1

U.S.C. §§ 101–1532.  [For non-legal firms: The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

9. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.] I have reviewed the OCP Order and Procedures and understand that the indemnification provisions set forth in the Agreement are subject, during the pendency of the Debtors' chapter 11 cases, to the modifications set forth in the OCP Order and Procedures.]

10. The Company has read the OCP Order and Procedures and understands the limitation on compensation and reimbursement of expenses thereunder.  Specifically the Company understands that in the event it exceeds the applicable cap, the Company will be required to file with the Court a fee application for the amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable order of the Court.

11. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2023

_____
[DECLARANT'S NAME]

10369213.v1