**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PERFORMANCE POWERSPORTS GROUP | ) |
| INVESTOR, LLC, *et al.,*[1] | ) Case No. 23-10047 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Related to Docket No. 17 |
| | ) |

_____

**NOTICE OF REVISED PROPOSED BID PROCEDURES ORDER**

_____

**PLEASE TAKE NOTICE** that on January 16, 2023, the above captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of: (I) an*

*Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All Assets, (B)*

*Approving the Bid Protections to the Stalking Horse Bidder, (C) Scheduling an Auction and a Sale*

*Hearing, (D) Approving the Form and Manner of Notice Thereof, (E) Authorizing Entry into the*

*Stalking Horse Agreement, (F) Approving Bid Protections, (G) Approving Procedures for the*

*Assumption and Assignment of Contracts and Leases, and (H) Granting Related Relief; and (II)*

*an Order (A) Approving the Sale of Substantially All Assets Free and Clear of All Liens, Claims,*

*Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and*

*Leases, and (C) Granting Related Relief* [Docket No. 17] (the "Sale and Bidding Procedures

Motion").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors'
respective federal tax identification numbers, are as follows: Performance Powersports Group Investor,
LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group
Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and
mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Sale and Bidding Procedures Motion is currently scheduled to commence on February 23, 2023 at 10:00 a.m. (ET) Prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE** the Debtors have received objections to the Sale and Bidding Procedures Motion from the Office of the United States Trustee (the "UST") and the Official Committee of Unsecured Creditors (the "Committee"). These objections are still outstanding and the Debtors intend to present argument at the Hearing. A copy of the order (the "Revised Bid Procedures Order") is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that a redlined copy of the Revised Bid Procedures Order marked to show changes from the version filed with the Sale and Bidding Procedures Motion is attached hereto as **Exhibit B**.

Dated: February 21, 2023
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
Email: dpacitti@klehr.com
          myurkewicz@klehr.com
          sveghte@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-3007
Facsimile: (215) 568-6603
Email: mbranzburg@klehr.com

*Counsel for the Debtors and Debtors in Possession*

10386807.v1

**EXHIBIT A**

**Revised Bid Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PERFORMANCE POWERSPORTS GROUP | ) Case No. 23-10047 (LSS) |
| HOLDINGS, INC., *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 17** |

**ORDER (I) APPROVING BIDDING PROCEDURES
IN CONNECTION WITH THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS, (II) APPROVING BID PROTECTIONS TO
STALKING HORSE BIDDER, (III) APPROVING THE FORM AND MANNER OF
NOTICE THEREOF, (IV) SCHEDULING AN AUCTION AND SALE HEARING,
(V) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF
CONTRACTS, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(the "Debtors") for the entry of an order (this "Order"), (a) approving the Bidding Procedures,

attached hereto as **Schedule 1**, in connection with the sale of substantially all of the Debtors'

assets, (b) approving the Bid Protections to the Stalking Horse Bidder; (c) approving the form and

manner of notice thereof, (d) scheduling an auction and sale hearing, (e) approving procedures for

assumption and assignment of Contracts, (f) approving the sale of the Debtors' assets free and

clear, and (g) granting related relief; all as more fully set forth in the Motion; and upon the First

Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Bidding Procedures, Stalking Horse Purchase Agreement, or the Motion, as applicable.

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

**THE COURT HEREBY FINDS THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      As reflected in the Affidavit of Service filed at Docket No. 76, notice of the Motion has been given to: (a) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richard Schepacarter; (b) the holders of the thirty (30) largest, non-insider unsecured claims against the Debtors on a consolidated basis; (c) counsel to the Stalking Horse Bidder; (d) counsel to the DIP Lender; (e) counsel to the Prepetition Secured Parties; (f) any other parties with

10332982.v4

known secured claims against the Debtors or their counsel, if known; (g) all parties that have executed a Confidentiality Agreement pursuant to the Bidding Procedures; (h) the United States Attorney's Offices for the District of Delaware and the District of Arizona; (h) the Internal Revenue Service; (i) all state and local taxing authorities with an interest in the Purchased Assets; (k) the Attorneys General for the State of Delaware and the State of Arizona; (l) the Securities and Exchange Commission; (m) all other governmental agencies with an interest in the Sale and transactions proposed thereunder; (n) all other parties known or reasonably believed to have asserted an interest in the Assets; (o) the Assumed Contract Counterparties; (n) the Debtors' insurance carriers; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.

C.     Good and sufficient notice of the Motion, including the relief sought therein, and the Hearing was sufficient under the circumstances, and such notice complied with all applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice need be provided. A reasonable opportunity to object or be heard regarding the relief provided in this Order has been afforded to all parties in interest.

D.     The bases for the relief requested in the Motion are sections 105, 363, 365, and 1146(a) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002(a)(2), 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1, 6004-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

E.     The Debtors have articulated good and sufficient reasons for this Court to (a) approve the Bidding Procedures in connection with the sale of some or substantially all of the Debtors' assets, (b) approve the Bid Protections as provided in the Bidding Procedures, the

Stalking Horse Purchase Agreement, and this Order, (c) approve the form and manner of notice thereof, (d) schedule an auction and sale hearing, (e) approve procedures for the assumption and assignment of Contracts, including notice of proposed cure amounts, (f) authorize, subject to entry of the Sale Order, entry into the Stalking Horse Purchase Agreement, and (g) grant related relief.

F.    The Debtors' performance of certain pre-closing obligations contained in the Stalking Horse Purchase Agreement is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and represents a reasonable exercise of the Debtors' sound business judgment.

G.    The Bidding Procedures attached hereto as **Schedule 1** and the Stalking Horse Purchase Agreement attached hereto as **Exhibit A** were negotiated by the parties at arms' length and in good faith.

H.    The Bidding Procedures attached hereto as **Schedule 1** and the Stalking Horse Purchase Agreement attached hereto as **Exhibit A** are fair, reasonable, appropriate, and are designed to maximize creditor recoveries from the consummation of the Transaction and enable the Debtors to comply with the Sale Milestones (as defined in the Financing Order[3], and as subsequently modified, supplemented, and amended) and are consistent with the Debtors' exercise of their respective fiduciary duties under applicable law.

I.    The Debtors have demonstrated a compelling and sound business justification of the payment of the Break-Up Fee and Expense Reimbursement (together, the "Bid Protections") under the circumstances set forth in the Stalking Horse Purchase Agreement. The Bid Protections (i) are payable as provided in the Bid Procedures, Section 7.2 of the Stalking Horse Purchase

---

[3]    As used herein, the "Financing Order" means, as amended, supplemented, or otherwise modified from time to time, that certain postpetition financing order entered at Docket No. [●].

Agreement, and this Order; (ii) are commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Stalking Horse Bidder; (iii) are reasonable and appropriate, including in light of the size and nature of the proposed Transaction and comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Stalking Horse Bidder, notwithstanding that the proposed Transaction is subject to better and higher offers for the Purchased Assets; and (iv) was necessary to induce the Stalking Horse Bidder to pursue the Transaction and to be bound by the Stalking Horse Purchase Agreement.

J.    The Bid Protections were a material inducement to, and express condition of, the Stalking Horse Bidder's willingness to submit a bid through execution of the Stalking Horse Purchase Agreement that will serve as a minimum or floor bid on which the Debtors, their creditors, suppliers, vendors, and other bidders may rely.  The Stalking Horse Bidder has provided a material benefit to the Debtors and their creditors by increasing the likelihood that, given the circumstances, the best possible price for the Purchased Assets (as defined in Stalking Horse Purchase Agreement) will be received.  Accordingly, the Bidding Procedures and the Bid Protections are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

K.    The Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order and thereby:  (a) approve the Bidding Procedures in connection with the sale of some or substantially all of the Debtors' assets, (b) approve the Bid Protections to the Stalking Horse Bidder, (c) approve the form and manner of notice thereof as described in paragraph 16 herein (including the Hearing Notice attached hereto as **Schedule 2**), (d) schedule an auction and sale hearing, (e) approve procedures for the assumption and assignment of Contracts, (f) approve the sale of the Debtors' assets free and clear, and (g) grant related relief.  Such

compelling and sound business justification, which was set forth in the Motion, the First Day Declaration, and on the record at the Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

L.    The Stalking Horse Purchase Agreement attached as **Exhibit A** hereto is fair and reasonable and provides a benefit to the Debtors' estates and stakeholders.

M.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interest of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

N.    The Bidding Procedures comply with the requirements set forth by Local Rule 6004-(1)(c).

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as provided herein.

2.    All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

3.    **Bid Deadline**.  **March 7, 2023, at 5:00 p.m.** (prevailing Eastern Time), is the deadline by which all Bids for a Transaction (as well as the Deposit and other documentation required under the Bidding Procedures for a Bid to be considered a Qualified Bid) must be submitted in accordance with the terms of the Bidding Procedures.  The Debtors may extend such deadline in accordance with the Bidding Procedures without any further notice to or motion in this Court.

4.    **Auction**.  No later than **March 9, 2023**, an Auction, if any, will be held at the offices of Klehr Harrison Harvey Branzburg LLP, located at 919 N. Market Street, Suite 100, Wilmington, Delaware 19801.  In the event the Debtors determine an Auction shall be held, the

Debtors shall send written notice of the date, time, and place of the Auction to the Qualified Bidders no later than one business day before such Auction (email shall suffice), and will post notice of the date, time, and place of the Auction no later than one business day before such Auction on their restructuring website, https://omniagentsolutions.com/PerformancePowersports (the "Restructuring Website").

5.      **Bid Protections**.  The Bid Protections are approved and the Debtors are authorized to incur and pay the Bid Protections to the Stalking Horse Bidder in accordance with the Stalking Horse Purchase Agreement.   In the event of a termination of the Stalking Horse Purchase Agreement pursuant to Section 8.1(f) or Section 8.1(j) therein, the Sellers shall pay the Break-Up Fee to Buyer within (3) Business Days following the consummation of an Alternative Transaction (or any portion thereof).

6.      In accordance with the terms of the Stalking Horse Purchase Agreement, the Stalking Horse Bidder shall have an allowed superpriority administrative claim in the Debtors' chapter 11 cases in an amount equal to the Break-Up Fee and Expense Reimbursement under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

7.      The Debtors are authorized to enter into the Stalking Horse Purchase Agreement with the Stalking Horse Bidder.

8.      The Debtors are authorized to pay all amounts owing to the Stalking Horse Bidder on account of the Break-Up Fee and Expense Reimbursement within three (3) Business Days following such amounts becoming owed.

9.      All requests for amounts under the Expense Reimbursement must be documented; *provided* that such documentation or invoices shall not be required to contain time entries or be governed or subject to the U.S. Trustee's Fee Guidelines.

10.     No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this court any request for expense reimbursement or any fee of any nature, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

11.     **Transaction Objections**.  Objections to the Transaction, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court and served so as to be *actually received* by no later than **March 10, 2023 at 4:00 p.m.** (prevailing Eastern Time) on (i) the Debtors, Attn: Ken Vanden Berg, CFO, 1775 East University Drive, Tempe, Arizona 85281; (ii) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, located at 919 N. Market Street, Suite 100, Wilmington, Delaware 19801, Attn:  Domenic Pacitti (dpacitti@klehr.com) and Michael Yurkewicz (myurkewicz@klehr.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 Attn:  Richard Schepacarter (Richard.Schepacarter@usdoj.gov); (iv) proposed counsel to the official committee of unsecured creditors (the "Committee"),  Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); and (v)  counsel for the DIP Lender, Kirkland & Ellis, LLP,  601 Lexington  Avenue,  New  York,  NY  10022,  Attn:  Brian  Schartz,  P.C. (brian.schartz@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com), and (vi) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Objection Notice Parties").

10332982.v4

II.     **Auction, Bidding Procedures, and Related Relief.**

12.     The Bidding Procedures, attached hereto as **Schedule 1**, are incorporated herein and are hereby approved in their entirety.  The Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any Transaction.  Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures and the Debtors and their professionals shall direct and preside over the Auction.

13.     Pursuant to the Financing Order, the Stalking Horse Bidder shall be entitled to credit bid claims to the extent permitted by section 363(k) of the Bankruptcy Code.

14.     Subject to the terms in the Bidding Procedures, the (i) First Lien Agent is deemed a Qualified Bidder; (ii) the Stalking Horse Bidder is deemed a Qualified Bidder, (iii) the Stalking Horse Bid as set forth in the Stalking Horse Purchase Agreement is deemed a Qualified Bid, and (iv) each of the Stalking Horse Bidder and the First Lien Agent is authorized to submit any Overbids during the Auction, in each instance without further qualification required of the Stalking Horse Bidder or First Lien Agent, as applicable.

15.     If the Debtors do not receive any Qualified Bids (other than the Stalking Horse Bid):  (a) the Debtors will not hold the Auction; (b) the Stalking Horse Bidder will be deemed the Successful Bidder for the Purchased Assets; and (c) the Debtors shall be authorized to seek approval of the Stalking Horse Purchase Agreement at the Sale Hearing

16.     **Noticing Procedures**.  The noticing procedures as set forth in this Order and the Motion, including the Hearing Notice attached hereto as **Schedule 2**, are hereby approved.  Within five business days after entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Hearing Notice by first-class mail upon the parties that received notice of the Motion.  On or about the same date, the Debtors will publish the Hearing Notice on the Debtors'

Restructuring Website and will also publish a notice substantially similar to the Hearing Notice in the USA Today or similar newspaper. Service of the Hearing Notice and publication thereof in the manner described in this Order constitutes good and sufficient notice of the Auction and the Sale Hearing. No other or further notice is required.

17.    **Cancellation of Auction**. If the Debtors do not receive any Bids which they deem to be a Qualified Bid prior to the Bid Deadline other than the Stalking Horse Bid, the Debtors may designate the Stalking Horse Bidder as the Successful Bidder without holding an Auction, in which case the Debtors shall (a) notify the Court in writing that (i) the Auction is cancelled and (ii) such Stalking Horse Bid is the Winning Bid, and (b) if applicable, seek authority at the Sale Hearing to consummate the Transaction. The Debtors may also cancel the Auction if, with the consent of the DIP Lender, they determine to implement the Transaction through a chapter 11 plan of reorganization in advance of the Bid Deadline.

18.    **Sale Hearing**. The Sale Hearing shall be held in the United States Bankruptcy Court for the District of Delaware, Courtroom #2, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on **March 16, 2023, at [___:___ _.m]** (prevailing Eastern Time) or such other date and time that the Court may later direct; *provided*, that the Sale Hearing may be adjourned, from time to time, in accordance with the Bidding Procedures without further notice to creditors or parties in interest other than by filing a notice on the Court's docket.

**III.    Approval of the Assumption and Assignment Procedures.**

19.    No later than [February 24], 2023, the Debtors shall file a cure notice (the "Cure Notice") and service such notice (a) by overnight delivery service upon the applicable contract counterparties (the "Contract Counterparties") at the address set forth in the notice provision of the applicable contract (and their counsel, if known) and (b) by first class mail, email, or fax upon (i) counsel to the agent of the Prepetition First Lien Lenders (ii) Counsel to the DIP

Lender, (iii) the Office of the U.S. Trustee for the District of Delaware, and (iv) counsel to the Committee (the "Notice Parties"). The Cure Notice shall notify the Contract Counterparties that the applicable executory contracts and unexpired leases are subject to potential assumption and assignment and of the Debtors' proposed cure amounts relating to such executory contracts and unexpired leases.

20.     Following the Bid Deadline, upon request by any contract counterparty of the Debtors, the Debtors will send such party evidence that any Qualified Bidder that included such contract or lease in its Bid has the ability to perform thereunder and otherwise complies with the requirements of adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code on a confidential basis for all nonpublic information. No later than two business days after the conclusion of the Auction, or as soon as reasonably practicable, the Debtors will serve a notice of successful bidder (the "Successful Bidder Notice") or notice of cancellation, as applicable, (a) by overnight delivery service upon the Contract Counterparties at the address set forth in the notice provision of the applicable contract (and their counsel, if known) and (b) by first class mail, email, or fax upon the Notice Parties.

21.     Parties objecting to a proposed assumption and assignment (other than with respect to cure amounts) and/or to the proposed form of adequate assurance of future performance must file a written objection with the Court by **March 10, 2023**, at 4:00 p.m. Eastern Standard Time, and serve such objection on the Notice Parties. Parties objecting to a proposed cure amount shall file a written objection with the Court by fourteen (14) days after serving the Cure Notice and serve such objection on the Notice Parties.

22.     If an objection to the Debtors' proposed cure amounts is timely filed and not withdrawn or resolved by the Sale Hearing (or Confirmation Hearing, as applicable), such cure

objections will not be heard at the Sale Hearing (or Confirmation Hearing, as applicable) but will be heard at a subsequent hearing later set by the Court. The Debtors shall proceed with the assumption and assignment of a particular contract at the Sale Hearing (or Confirmation Hearing, as applicable), and the pendency of a dispute relating to cure amounts shall not prevent or delay the assumption and assignment of a contract. Any dispute regarding the cure amounts will either be resolved consensually, if possible, or, if the parties are unable to resolve, at a later date as set by the Court. To the extent an objection relates solely to a disputed cure amount, the Court may approve the assumption and assignment subject to (a) the Contract Counterparty's right to be heard at a later hearing date on the cure and (b) the below requirements regarding payment of the cure amount. The Debtors shall file and serve a notice for a hearing for the Court to consider the unresolved cure objection(s) at the next scheduled omnibus hearing which shall be set fourteen (14) days after the Sale Hearing (or Confirmation Hearing, as applicable), subject to Court availability, unless the Debtors and the objecting parties agree to a different time and subject to the Court's schedule. The Debtors reserve the right, in consultation with the Lender Parties, to reject, and not assume and assign, any contract depending on the ultimate resolution of any cure amount dispute; *provided, that*, in the case of an unexpired lease of non-residential real property, such determination shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code. Upon the effective date of the assumption and assignment of the contract (the "Assignment Date"), the Successful Bidder shall pay all undisputed cure amounts (excepting any undisputed amounts already paid) pending resolution of the dispute, and any disputed cure amounts shall be reserved pending the subsequent hearing to resolve same. For the avoidance of doubt, if the Successful Bidder determines, in its sole discretion, that the cure dispute is too material, the Successful Bidder may delay the

assignment of such contract or unexpired lease until the resolution of the cure amount; *provided, that*, in such case, if any, the Successful Bidder shall be responsible for any and all costs arising under such contract or unexpired lease during the pendency of the dispute.

23.     If no objection to the assumption of any contract is timely filed, each contract shall be assumed as of the Assignment Date set forth in the applicable Successful Bidder Notice or such other date as the Debtors and the Contract Counterparty agree and the proposed cure amount shall be binding on all Contract Counterparties and the Contract Counterparties will be forever barred from asserting any other claims related to the contract against the Debtors.

24.     The inclusion of a contract on the Successful Bidder Notice shall not:  (a) obligate the Debtors to assume or assign any contracts listed thereon or (b) constitute any admission or agreement of the Debtors that such contract is an executory contract.  Only those contracts that are included on a schedule of assumed and acquired contracts attached to a final asset purchase agreement will be assumed and assigned.

## IV.    Miscellaneous.

25.     Notwithstanding anything to the contrary contained in this Order or otherwise: (a) the rights of the Loan Parties (as defined in the Bidding Procedures) to consent to the sale of any portion of their collateral, including, without limitation, any Assets, on terms and conditions acceptable to the Loan Parties, are hereby expressly reserved and not modified, waived, or impaired in any way by this Order; and (b) all cash proceeds generated from the sale of any of the Debtors' assets shall be paid to the Loan Parties upon the closing of such sale for permanent application against the obligations owing by the Debtors to the Loan Parties, in accordance with the terms and conditions of the Financing Order.  Nothing in this Order or the Bidding Procedures shall amend, modify, or impair any provision of the Financing Order or the rights of Debtors or the Loan Parties thereunder.

10332982.v4

26.     The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

27.     In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

28.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and such notice satisfies the applicable Local Rules.

29.     To the extent the dates and deadlines herein are modified pursuant to the Bidding Procedures and such modification is inconsistent with the requirements of Local Rule 9006-1(b), such requirements shall be deemed satisfied.

30.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

31.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

32.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.  This Court has the authority to fashion appropriate relief, on an emergency basis or otherwise, for any violations of this Order or the Bidding Procedures.

## Exhibit A

**Stalking Horse Purchase Agreement**

## <u>Schedule 1</u>

**Bidding Procedures**

## <u>Schedule 2</u>

**Form of Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PERFORMANCE POWERSPORTS GROUP | ) Case No. 23-10047 (LSS) |
| HOLDINGS, INC., *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. _____** |

## NOTICE OF STALKING HORSE BID, BIDDING
## PROCEDURES, AUCTION, AND SALE HEARING

     **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") on January 16, 2023 (the "Petition Date").

     **PLEASE TAKE FURTHER NOTICE** that, on January 16, 2023, the Debtors filed a motion [Docket No. 17] (the "Bidding Procedures Motion")[2] with the Court seeking entry of an order, (a) approving the Bidding Procedures in connection with the sale of substantially all of the Debtors' assets, as attached to the Bidding Procedures Order as Schedule 1, (b) approving the Bid Protections to the Stalking Horse Bidder, (c) the form and manner of this notice, the Bid Deadline, the Auction, and the Sale Hearing, substantially in the form attached to the Bidding Procedures Order as Schedule 2, (d) scheduling an auction and sale hearing to consider approval of the proposed Transaction, (e) approving procedures for the assumption and assignment of Contracts, (f) approving the sale of the Debtors' assets free and clear, and (g) granting related relief.

     **PLEASE TAKE FURTHER NOTICE** that, on [    ], 2023, the Court entered an order [Docket No.   ] (the "Bidding Procedures Order") approving, among other things, the Stalking Horse Purchase Agreement and the Bidding Procedures, which establish the key dates and times related to the Transaction and the Auction, if necessary, to determine the Successful Bidder. All Interested Parties should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.[3]

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures or Bidding Procedures Motion, as applicable.

[3]   To the extent of any inconsistencies between the Bidding Procedures and the summary descriptions of the Bidding

## Contact Information for Parties Interested in Submitting a Bid

The Bidding Procedures set forth the requirements for submitting a Qualified Bid, and any person interested in acting as a Bidder must comply strictly with the Bidding Procedures. The Debtors, in accordance with the Bidding Procedures, will consider only Qualified Bids.

**Any Interested Party should contact, as soon as practicable:**

Portage Point Partners, LLC
1300 Avenue of the Americas, 22nd Floor
New York, New York 10019
Attn: Steven Bremer (sbremer@pppllc.com)
Attn: Geoffrey Schmitz (gschmitz@pppllc.com)

## Obtaining Additional Information

Copies of the Bidding Procedures Motion, the Bidding Procedures, and the Bidding Procedures Order, as well as all related exhibits, including all other documents filed with the Court, are available free of charge on the Debtors' restructuring website, https://omniagentsolutions.com/PerformancePowersports.

## Important Dates and Deadlines[4]

1. **Bid Deadline**. The deadline to submit a Qualified Bid is **March 7, 2023 at 5:00 p.m.** (prevailing Eastern Time).

2. **Auction**. If the Debtors receive at least one additional Qualified Bid which includes terms that are higher or otherwise better than those contemplated by the Stalking Horse Purchase Agreement prior to the Bid Deadline, then, subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction to determine the Successful Bidder. Only (a) Qualified Bidders and each of their respective legal and financial advisors and (b) the Lender Parties shall be entitled to attend the Auction and the Qualified Bidders shall appear at the Auction in person and may speak or bid themselves or through duly authorized representatives. Only Qualified Bidders are eligible to bid at the Auction. The Auction, if one is held, will commence on **March 9, 2023, at 10:00 a.m. (prevailing Eastern Time)** at the offices of Klehr Harrison Harvey Branzburg LLP, at 919 N. Market Street, Suite 100, Wilmington, Delaware 19801, or such later date and time as selected by the Debtors, who shall notify all Qualified Bidders.

---

Procedures in this notice, the terms of the Bidding Procedures shall control in all respects.

[4] The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

3. **Time for Debtors to Provide Notice of Results of Auction**.  As soon as reasonably practicable after the close of the Auction, the Debtors shall (a) file the Notice of Auction Results with the Court (which notice shall identify the Successful Bidder, the amount of the Successful Bid, the Backup Bid, and the amount of the Backup Bid(s) and (b) cause the Notice of Auction Results to be published on the Debtors' restructuring website, https://omniagentsolutions.com/PerformancePowersports.

4. **Transaction Objections Deadline**.  The deadline to file an objection with the Court to the Transaction (if any) (collectively, the "<u>Transaction Objections</u>") is **March 10, 2023 at 4:00 p.m.** (prevailing Eastern Time) (the "<u>Objection Deadline</u>").

5. **Hearing**.  A hearing to consider the proposed Transaction will be held before the Court no later than **March 16, 2023 at [___:___] [_].m.]**  (prevailing Eastern Time**)**, or such other date as determined by the Court, at 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

## <u>Filing Objections</u>

Transaction Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court and served so as to be ***actually received*** by no later than **March 10, 2023 at 4:00 p.m.** (prevailing Eastern Time) on (i) the Debtors, Attn: Ken Vanden Berg, CFO, 1775 East University Drive, Tempe, Arizona 85281; (ii) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, located at 919 N. Market Street, Suite 100, Wilmington, Delaware 19801, Attn: Domenic Pacitti (dpacitti@klehr.com) and Michael Yurkewicz (myurkewicz@klehr.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 Attn:  Richard Schepacarter (Richard.Schepacarter@usdoj.gov); (iv) counsel for the Prepetition First Lien Agent, Winston & Strawn, LLP, 200 Park Avenue, New York, NY 10017 Attn:  Gregory  M.  Gartland  (ggartland@winston.com)  and  Emma  Fleming (efleming@winston.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street Wilmington, DE 19801 Attn: Andrew Magaziner (amagaziner@ycst.com); (v) proposed counsel to the official committee of unsecured creditors, Cole Schotz, P.C., 1325 Avenue of  the  Americas,  19th  Floor,  New  York,  NY  10019,  Attn:  Seth  Van  Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); and (vi) counsel for the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian Schartz, P.C. (<u>brian.schartz@kirkland.com</u>) and Allyson B. Smith (allyson.smith@kirkland.com), and (vii) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Objection Notice Parties</u>").

## <u>CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION</u>

**Except as otherwise ordered by the Court, any party or entity who fails to timely make an objection to the Transaction on or before the Objection Deadline in accordance with the Bidding Procedures Order and this notice shall be forever barred from asserting**

**any objection to the Transaction, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests**.

Dated: _____, 2023
Wilmington, Delaware

/s/ DRAFT
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street
Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:        dpacitti@klehr.com
              myurkewicz@klehr.com
              sveghte@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603
Email:        mbranzburg@klehr.com

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT B**

**Redlined Bid Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS GROUP | ) | Case No. ~~23-[~~        ~~]~~23-10047 |
| HOLDINGS, INC., *et al.*,[1] | ) | (~~  ~~LSS) |
| | ) | |
| Debtors. | ) | (Jointly        Administe~~rationed~~ |
| | ) | ~~Requested~~) |
| | ) | |
| | ) | **Re: Docket No. ~~    ~~17** |

**ORDER (I) APPROVING BIDDING PROCEDURES**
**IN CONNECTION WITH THE SALE OF SUBSTANTIALLY**
**ALL OF THE DEBTORS' ASSETS, (II) APPROVING BID PROTECTIONS TO**
**STALKING HORSE BIDDER, (III) APPROVING THE FORM AND MANNER OF**
**NOTICE THEREOF, (IV) SCHEDULING AN AUCTION AND SALE HEARING,**
**(V) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF**
**CONTRACTS, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), (a) approving the Bidding Procedures, attached hereto as **Schedule 1**, in connection with the sale of substantially all of the Debtors' assets, (b) approving the Bid Protections to the Stalking Horse Bidder; (c) approving the form and manner of notice thereof, (d) scheduling an auction and sale hearing, (e) approving procedures for assumption and assignment of Contracts, (f) approving the sale of the Debtors' assets free and clear, and (g) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Bidding Procedures, Stalking Horse Purchase Agreement, or the Motion, as applicable.

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

**THE COURT HEREBY FINDS THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      As reflected in the Affidavit of Service filed at Docket No. [••]76, notice of the Motion has been given to: ſ(a) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richared Schepacarter; (b) the holders of the thirty (30) largest, non-insider unsecured claims against the Debtors on a consolidated basis; (c) counsel to the

2

Stalking Horse Bidder; (d) counsel to the DIP Lender; (e) counsel to the Prepetition Secured Parties; (f) any other parties with known secured claims against the Debtors or their counsel, if known; (g) all parties that have executed a Confidentiality Agreement pursuant to the Bidding Procedures; (h) the United States Attorney's Offices for the District of Delaware and the District of Arizona; (h) the Internal Revenue Service; (i) all state and local taxing authorities with an interest in the Purchased Assets; (k) the Attorneys General for the State of Delaware and the State of Arizona; (l) the Securities and Exchange Commission; (m) all other governmental agencies with an interest in the Sale and transactions proposed thereunder; (n) all other parties known or reasonably believed to have asserted an interest in the Assets; (o) the Assumed Contract Counterparties; (n) the Debtors' insurance carriers; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002].

C.      Good and sufficient notice of the Motion, including the relief sought therein, and the Hearing was sufficient under the circumstances, and such notice complied with all applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice need be provided. A reasonable opportunity to object or be heard regarding the relief provided in this Order has been afforded to all parties in interest.

D.      The bases for the relief requested in the Motion are sections 105, 363, 365, and 1146(a) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002(a)(2), 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1, 6004-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

E.      The Debtors have articulated good and sufficient reasons for this Court to: (a) approve the Bidding Procedures in connection with the sale of some or substantially all of the Debtors' assets, (b) approve the Bid Protections as provided in the Bidding Procedures, the Stalking Horse Purchase Agreement, and this Order:, (c) approve the form and manner of notice thereof, (d) schedule an auction and sale hearing, (e) approve procedures for the assumption and assignment of Contracts, including notice of proposed cure amounts, (f) authorize, subject to entry of the Sale Order, entry into the Stalking Horse Purchase Agreement, and (g) grant related relief.

F.      The Debtors' performance of certain pre-closing obligations contained in the Stalking Horse Purchase Agreement is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and represents a reasonable exercise of the Debtors' sound business judgment.

G.      The Bidding Procedures attached hereto as **Schedule 1** and the Stalking Horse Purchase Agreement attached hereto as **Exhibit A** to the Motion were negotiated by the parties at arms' length and in good faith.

H.      The Bidding Procedures attached hereto as **Schedule 1** and the Stalking Horse Purchase Agreement attached to the Motionhereto as **Exhibit A** are fair, reasonable, appropriate, and are designed to maximize creditor recoveries from the consummation of the Transaction and enable the Debtors to comply with the Sale Milestones (as defined in the Financing Order,[3], and as subsequently modified, supplemented, and amended) and are consistent with the Debtors' exercise of their respective fiduciary duties under applicable law.

---

[3]      As used herein, the "Financing Order" means, as amended, supplemented, or otherwise modified from time to time, that certain postpetition financing order entered at Docket No. [_].

10332982.v4

I.      The Debtors have demonstrated a compelling and sound business justification of the payment of the Break-Up Fee and Expense Reimbursement (together, the "Bid Protections") under the circumstances set forth in the Stalking Horse Purchase Agreement.  The Bid Protections (i) are payable as provided in the Bid Procedures, Section 7.2 of the Stalking Horse Purchase Agreement, and this Order; (ii) are commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Stalking Horse Bidder; (iii) are reasonable and appropriate, including in light of the size and nature of the proposed Transaction and comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Stalking Horse Bidder, notwithstanding that the proposed Transaction is subject to better and higher offers for the Purchased Assets; and (iv) was necessary to induce the Stalking Horse Bidder to pursue the Transaction and to be bound by the Stalking Horse Purchase Agreement.

J.      The Bid Protections were a material inducement to, and express condition of, the Stalking Horse Bidder's willingness to submit a bid through execution of the Stalking Horse Purchase Agreement that will serve as a minimum or floor bid on which the Debtors, their creditors, suppliers, vendors, and other bidders may rely.  The Stalking Horse Bidder has provided a material benefit to the Debtors and their creditors by increasing the likelihood that, given the circumstances, the best possible price for the Purchased Assets (as defined in Stalking Horse Purchase Agreement) will be received.  Accordingly, the Bidding Procedures and the Bid Protections are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

K.      The Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order and thereby:  (a) approve the Bidding Procedures in connection

10332982.v4

with the sale of some or substantially all of the Debtors' assets, (b) approve the Bid Protections to the Stalking Horse Bidder, (c) approve the form and manner of notice thereof as described in paragraph 16 herein (including the Hearing Notice attached hereto as **Schedule 2**), (d) schedule an auction and sale hearing, (e) approve procedures for the assumption and assignment of Contracts, (f) approve the sale of the Debtors' assets free and clear, and (g) grant related relief. Such compelling and sound business justification, which was set forth in the Motion, the First Day Declaration, and on the record at the Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

L.      The Stalking Horse Purchase Agreement attached as **Exhibit [•] to the MotionA hereto** is fair and reasonable and provides a benefit to the Debtors' estates and stakeholders.

M.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interest of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

N.      The Bidding Procedures comply with the requirements set forth by Local Rule 6004-(1)(c).

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

3.      **Bid Deadline**.  **[•]March 7**, 2023, at 5:00 p.m. (prevailing Eastern Time), is the deadline by which all Bids for a Transaction (as well as the Deposit and other documentation

10332982.v4

required under the Bidding Procedures for a Bid to be considered a Qualified Bid) must be submitted in accordance with the terms of the Bidding Procedures.  The Debtors may extend such deadline in accordance with the Bidding Procedures without any further notice to or motion in this Court.

4.    **Auction**.  No later than [•]**March 9**, 2023, an Auction, if any, will be held at the offices of Klehr Harrison Harvey Branzburg LLP, located at 919 N. Market Street, Suite 100, Wilmington, Delaware 19801.  In the event the Debtors determine an Auction shall be held, the Debtors shall send written notice of the date, time, and place of the Auction to the Qualified Bidders no later than one business day before such Auction (email shall suffice), and will post notice of the date, time, and place of the Auction no later than one business day before such Auction on their restructuring website, https://omniagentsolutions.com/PerformancePowersports (the "Restructuring Website").

5.    **Bid Protections**.  The Bid Protections are approved and the Debtors are authorized to incur and pay the Bid Protections to the Stalking Horse Bidder in accordance with the Stalking Horse Purchase Agreement.  In the event of a termination of the Stalking Horse Purchase Agreement pursuant to Section 8.1(f) or Section 8.1(j) therein, the Sellers shall pay the Break-Up Fee to Buyer within (3) Business Days following the consummation of an Alternative Transaction (or any portion thereof).

6.    In accordance with the terms of the Stalking Horse Purchase Agreement, the Stalking Horse Bidder shall have an allowed superpriority administrative claim in the Debtors' chapter 11 cases in an amount equal to the Break-Up Fee and Expense Reimbursement under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

10332982.v4

7.      The Debtors are authorized to enter into the Stalking Horse Purchase Agreement with the Stalking Horse Bidder.

8.      The Debtors are authorized to pay all amounts owing to the Stalking Horse Bidder on account of the Break-Up Fee and Expense Reimbursement within three (3) Business Days following such amounts becoming owed.

9.      All requests for amounts under the Expense Reimbursement must be documented; *provided* that such documentation or invoices shall not be required to contain time entries or be governed or subject to the U.S. Trustee's Fee Guidelines.

10.     No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this court any request for expense reimbursement or any fee of any nature, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

11.     <u>Transaction Objections</u>.  Objections to the Transaction, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court and served so as to be ***actually received*** by no later than [•]**March 10**, 2023 at ~~5~~**4**:00 p.m. (prevailing Eastern Time) on (i) the Debtors, Attn: Ken Vanden Berg, CFO, 1775 East University Drive, Tempe, Arizona 85281; (ii) ~~proposed~~ counsel to the Debtors, ~~(a)~~ Klehr Harrison Harvey Branzburg LLP, located at 919 N. Market Street, Suite 100, Wilmington, Delaware 19801, Attn: Domenic Pacitti (dpacitti@klehr.com) and Michael Yurkewicz (myurkewicz@klehr.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 Attn:  Richard Schepacarter (Richard.Schepacarter@usdoj.gov);  (iv) ~~counsel to any~~

8

10332982.v4

statutory committee appointed in these chapter 11 cases proposed counsel to the official committee of unsecured creditors (the "Committee"), Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); and (v) counsel for the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian Schartz, P.C. (brian.schartz@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com), and (vi) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Objection Notice Parties").

**II.      Auction, Bidding Procedures, and Related Relief.**

12.      The Bidding Procedures, substantially in the form attached hereto as **Schedule 1**, are incorporated herein and are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any Transaction. Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order. The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures and the Debtors and their professionals shall direct and preside over the Auction.

13.      Pursuant to the Financing Order, the Stalking Horse Bidder shall be entitled to credit bid claims to the extent permitted by section 363(k) of the Bankruptcy Code.

14.      Subject to the terms in the Bidding Procedures, the (i) First Lien Agent is deemed a Qualified Bidder; (ii) the Stalking Horse Bidder is deemed a Qualified Bidder, (iii) the Stalking Horse Bid as set forth in the Stalking Horse Purchase Agreement is deemed a Qualified Bid, and (iv) each of the Stalking Horse Bidder and the First Lien Agent is authorized to submit any

Overbids during the Auction, in each instance without further qualification required of the Stalking Horse Bidder or First Lien Agent, as applicable.

15.     If the Debtors do not receive any Qualified Bids (other than the Stalking Horse Bid): (a) the Debtors will not hold the Auction; (b) the Stalking Horse Bidder will be deemed the Successful Bidder for the Purchased Assets; and (c) the Debtors shall be authorized to seek approval of the Stalking Horse Purchase Agreement at the Sale Hearing

16.     **Noticing Procedures**.  The noticing procedures as set forth in this Order and the Motion, including the Hearing Notice attached hereto as **Schedule 2**, are hereby approved. Within five business days after entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Hearing Notice by first-class mail upon the parties that received notice of the Motion.  On or about the same date, the Debtors will publish the Hearing Notice on the Debtors' Restructuring Website and will also publish a notice substantially similar to the Hearing Notice in the USA Today or similar newspaper.  Service of the Hearing Notice and publication thereof in the manner described in this Order constitutes good and sufficient notice of the Auction and the Sale Hearing.  No other or further notice is required.

17.     **Cancellation of Auction**.  If the Debtors do not receive any Bids which they deem to be a Qualified Bid prior to the Bid Deadline other than the Stalking Horse Bid, the Debtors may designate the Stalking Horse Bidder as the Successful Bidder without holding an Auction, in which case the Debtors shall (a) notify the Court in writing that (i) the Auction is cancelled and (ii) such Stalking Horse Bid is the Winning Bid, and (b) if applicable, seek authority at the Sale Hearing to consummate the Transaction.  The Debtors may also cancel the Auction if, with the consent of the DIP Lender, they determine to implement the Transaction through a chapter 11 plan of reorganization in advance of the Bid Deadline.

10332982.v4

18.    **Sale Hearing**.  The Sale Hearing shall be held in the United States Bankruptcy Court for the District of Delaware, Courtroom [    ]#2, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on [•]March 16, **2023, at [\_\_\_:\_\_\_ \_.m]³** (prevailing Eastern Time) or such other date and time that the Court may later direct; *provided*, that the Sale Hearing may be adjourned, from time to time, in accordance with the Bidding Procedures without further notice to creditors or parties in interest other than by filing a notice on the Court's docket.

**III.    Approval of the Assumption and Assignment Procedures.**

19.    No later than [•February 24], 2023, the Debtors shall file a cure notice (the "Cure Notice") and service such notice (a) by overnight delivery service upon the applicable contract counterparties (the "Contract Counterparties") at the address set forth in the notice provision of the applicable contract (and their counsel, if known) and (b) by first class mail, email, or fax upon (i) counsel to the agent of the Prepetition First Lien Lenders (ii) Counsel to the DIP Lender, (iii) the Office of the U.S. Trustee for the District of Delaware, and (iv) counsel to any statutorythe eCommittee appointed in these chapter 11 cases (the "Notice Parties").  The Cure Notice shall notify the Contract Counterparties that the applicable executory contracts and unexpired leases are subject to potential assumption and assignment and of the Debtors' proposed cure amounts relating to such executory contracts and unexpired leases.

20.    Following the Bid Deadline, upon request by any contract counterparty of the Debtors, the Debtors will send such party evidence that any Qualified Bidder that included such contract or lease in its Bid has the ability to perform thereunder and otherwise complies with the requirements of adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code on a confidential basis for all nonpublic information.  No later than two

---

³    [**NTD**: Sale Hearing to be set no later than 60 days after the Petition Date, subject to Court availability.]

10332982.v4

business days after the conclusion of the Auction, or as soon as reasonably practicable, the Debtors will serve a notice of successful bidder (the "Successful Bidder Notice") or notice of cancellation, as applicable, (a) by overnight delivery service upon the Contract Counterparties at the address set forth in the notice provision of the applicable contract (and their counsel, if known) and (b) by first class mail, email, or fax upon the Notice Parties.

21.    Parties objecting to a proposed assumption and assignment (other than with respect to cure amounts) and/or to the proposed form of adequate assurance of future performance must file a written objection with the Court by [•]**March 10, 2023**, at 54:00 p.m. Eastern Standard Time, and serve such objection on the Notice Parties.  Parties objecting to a proposed cure amount shall file a written objection with the Court by fourteen (14) days after serving the Cure Notice and serve such objection on the Notice Parties.

22.    If an objection to the Debtors' proposed cure amounts is timely filed and not withdrawn or resolved by the Sale Hearing (or Confirmation Hearing, as applicable), such cure objections will not be heard at the Sale Hearing (or Confirmation Hearing, as applicable) but will be heard at a subsequent hearing later set by the Court.  The Debtors shall proceed with the assumption and assignment of a particular contract at the Sale Hearing (or Confirmation Hearing, as applicable), and the pendency of a dispute relating to cure amounts shall not prevent or delay the assumption and assignment of a contract.  Any dispute regarding the cure amounts will either be resolved consensually, if possible, or, if the parties are unable to resolve, at a later date as set by the Court.  To the extent an objection relates solely to a disputed cure amount, the Court may approve the assumption and assignment subject to (a) the Contract Counterparty's right to be heard at a later hearing date on the cure and (b) the below requirements regarding payment of the cure amount.  The Debtors shall file and serve a notice for a hearing for the Court

10332982.v4

to consider the unresolved cure objection(s) at the next scheduled omnibus hearing which shall be set fourteen (14) days after the Sale Hearing (or Confirmation Hearing, as applicable), subject to Court availability, unless the Debtors and the objecting parties agree to a different time and subject to the Court's schedule.  The Debtors reserve the right, in consultation with the Lender Parties, to reject, and not assume and assign, any contract depending on the ultimate resolution of any cure amount dispute; *provided, that*, in the case of an unexpired lease of non-residential real property, such determination shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code.  Upon the effective date of the assumption and assignment of the contract (the "<u>Assignment Date</u>"), the Successful Bidder shall pay all undisputed cure amounts (excepting any undisputed amounts already paid) pending resolution of the dispute, and any disputed cure amounts shall be reserved pending the subsequent hearing to resolve same.  For the avoidance of doubt, if the Successful Bidder determines, in its sole discretion, that the cure dispute is too material, the Successful Bidder may delay the assignment of such contract or unexpired lease until the resolution of the cure amount; *provided, that*, in such case, if any, the Successful Bidder shall be responsible for any and all costs arising under such contract or unexpired lease during the pendency of the dispute.

23.    If no objection to the assumption of any contract is timely filed, each contract shall be assumed as of the Assignment Date set forth in the applicable Successful Bidder Notice or such other date as the Debtors and the Contract Counterparty agree and the proposed cure amount shall be binding on all Contract Counterparties and the Contract Counterparties will be forever barred from asserting any other claims related to the contract against the Debtors.

24.    The inclusion of a contract on the Successful Bidder Notice shall not:  (a) obligate

10332982.v4

the Debtors to assume or assign any contracts listed thereon or (b) constitute any admission or agreement of the Debtors that such contract is an executory contract.  Only those contracts that are included on a schedule of assumed and acquired contracts attached to a final asset purchase agreement will be assumed and assigned.

**IV.    Miscellaneous.**

25.    Notwithstanding anything to the contrary contained in this Order or otherwise: (a) the rights of the Loan Parties (as defined in the Bidding Procedures) to consent to the sale of any portion of their collateral, including, without limitation, any Assets, on terms and conditions acceptable to the Loan Parties, are hereby expressly reserved and not modified, waived, or impaired in any way by this Order; and (b) all cash proceeds generated from the sale of any of the Debtors' assets shall be paid to the Loan Parties upon the closing of such sale for permanent application against the obligations owing by the Debtors to the Loan Parties, in accordance with the terms and conditions of the Financing Order.  Nothing in this Order or the Bidding Procedures shall amend, modify, or impair any provision of the Financing Order or the rights of Debtors or the Loan Parties thereunder.

26.    The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

27.    In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

28.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and such notice satisfies the applicable Local Rules.

10332982.v4

29.     To the extent the dates and deadlines herein are modified pursuant to the Bidding Procedures and such modification is inconsistent with the requirements of Local Rule 9006-1(b), such requirements shall be deemed satisfied.

30.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

31.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

32.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.  This Court has the authority to fashion appropriate relief, on an emergency basis or otherwise, for any violations of this Order or the Bidding Procedures.

10332982.v4

**Exhibit A**

**Stalking Horse Purchase Agreement**

**Schedule 1**

**Bidding Procedures**

## Schedule 2

Form of Hearing Notice

10332982.v4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| [PERFORMANCE POWERSPORTS GROUP HOLDINGS, INC.], *et al.*,[1] | ) Case No. [•]23-10047 (——LSS) |
| | ) |
| Debtors. | ) [(Jointly        Administerationed Requested)]) |
| | ) |
| | ) **Re: Docket No. _____** |

**NOTICE OF STALKING HORSE BID, BIDDING**
**PROCEDURES, AUCTION, AND SALE HEARING**

      **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") on January [•]16, 2023 (the "Petition Date").

      **PLEASE TAKE FURTHER NOTICE** that, on [•]January 16, 2023, the Debtors filed a motion [Docket No. 17] (the "Bidding Procedures Motion")[2] with the Court seeking entry of an order, (a) approving the Bidding Procedures in connection with the sale of substantially all of the Debtors' assets, as attached to the Bidding Procedures Order as Schedule 1, (b) approving the Bid Protections to the Stalking Horse Bidder, (c) the form and manner of this notice, the Bid Deadline, the Auction, and the Sale Hearing, substantially in the form attached to the Bidding Procedures Order as Schedule 2, (d) scheduling an auction and sale hearing to consider approval of the proposed Transaction, (e) approving procedures for the assumption and assignment of Contracts, (f) approving the sale of the Debtors' assets free and clear, and (g) granting related relief.

      **PLEASE TAKE FURTHER NOTICE** that, on [     ], 2023, the Court entered an order [Docket No.    ] (the "Bidding Procedures Order") approving, among other things, the Stalking Horse Purchase Agreement and the Bidding Procedures, which establish the key dates and times related to the Transaction and the Auction, if necessary, to determine the Successful Bidder. All Interested Parties should carefully read the Bidding Procedures Order and the Bidding

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtor's's respective federal tax identification numbers, are as follows: [•].  The service address for each of the above Debtors is [•]Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures or Bidding Procedures Motion, as applicable.

Procedures in their entirety.[3]

## Contact Information for Parties Interested in Submitting a Bid

The Bidding Procedures set forth the requirements for submitting a Qualified Bid, and any person interested in acting as a Bidder must comply strictly with the Bidding Procedures. The Debtors, in accordance with the Bidding Procedures, will consider only Qualified Bids.

**Any Interested Party should contact, as soon as practicable:**

Portage Point Partners, LLC
1300 Avenue of the Americas, 22nd Floor
New York, New York 10019
Attn: Steven Bremer (sbremer@pppllc.com)
Attn: Geoffrey Schmitz (gschmitz@pppllc.com)

## Obtaining Additional Information

Copies of the Bidding Procedures Motion, the Bidding Procedures, and the Bidding Procedures Order, as well as all related exhibits, including all other documents filed with the Court, are available free of charge on the Debtors' restructuring website, https://omniagentsolutions.com/PerformancePowersports.

## Important Dates and Deadlines[4]

1. **Bid Deadline**. The deadline to submit a Qualified Bid is [•]March 7, 2023 **at 5:00 p.m.** (prevailing Eastern Time).

2. **Auction**. If the Debtors receive at least one additional Qualified Bid which includes terms that are higher or otherwise better than those contemplated by the Stalking Horse Purchase Agreement prior to the Bid Deadline, then, subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction to determine the Successful Bidder. Only (a) Qualified Bidders and each of their respective legal and financial advisors and (b) the Lender Parties shall be entitled to attend the Auction and the Qualified Bidders shall appear at the Auction in person and may speak or bid themselves or through duly authorized representatives. Only Qualified Bidders are eligible to bid at the Auction. The Auction, if one is held, will commence on [•]March 9, 2023, **at** [•] [a/p].m10:00 a.m. **(prevailing Eastern Time)** at the offices of Klehr Harrison Harvey Branzburg LLP, at 919 N. Market Street, Suite 100,

---

[3] To the extent of any inconsistencies between the Bidding Procedures and the summary descriptions of the Bidding Procedures in this notice, the terms of the Bidding Procedures shall control in all respects.

[4] The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

10332982.v4

Wilmington, Delaware 19801, or such later date and time as selected by the Debtors, who shall notify all Qualified Bidders.

3. **Time for Debtors to Provide Notice of Results of Auction**.  As soon as reasonably practicable after the close of the Auction, the Debtors shall (a) file the Notice of Auction Results with the Court (which notice shall identify the Successful Bidder, the amount of the Successful Bid, the Backup Bid, and the amount of the Backup Bid(s)) and (b) cause the Notice of Auction Results to be published on the Debtors' restructuring website, https://omniagentsolutions.com/PerformancePowersports.

4. **Transaction Objections Deadline**.  The deadline to file an objection with the Court to the Transaction (if any) (collectively, the "Transaction Objections") is [•]March 10, **2023 at 54:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline").

5. **Hearing**.  A hearing to consider the proposed Transaction will be held before the Court no later than [•]March 16, 2023 at [___:___] [_].m.[4] (prevailing Eastern Time), or such other date as determined by the Court, at 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

### Filing Objections

Transaction Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court and served so as to be *actually received* by no later than [•]March 10, **2023 at 54:00 p.m.** (prevailing Eastern Time) on (i) the Debtors, [•]Attn: Ken Vanden Berg, CFO, 1775 East University Drive, Tempe, Arizona 85281; (ii) proposed counsel to the Debtors, (a) Klehr Harrison Harvey Branzburg LLP, located at 919 N. Market Street, Suite 100, Wilmington, Delaware 19801, Attn: Domenic Pacitti (dpacitti@klehr.com) and Michael Yurkewicz (myurkewicz@klehr.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 Attn:    Richard Schepacarter (Richard.Schepacarter@usdoj.gov); (iv) counsel for the Prepetition First Lien Agent, Winston & Strawn, LLP, 200 Park Avenue, New York, NY 10017 Attn: Gregory M. Gartland (ggartland@winston.com) and Emma Fleming (efleming@winston.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street Wilmington, DE 19801 Attn: Andrew Magaziner (amagaziner@ycst.com); (v) counsel to any statutory committee appointed in these chapter 11 casesproposed counsel to the official committee of unsecured creditors, Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); and (vi) counsel for the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian Schartz, P.C. (brian.schartz@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com), and

---

[4]   **NTD: Sale Hearing to be set no later than 60 days after the Petition Date, subject to Court availability.**

10332982.v4

(vii) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Objection Notice Parties").

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

**Except as otherwise ordered by the Court, any party or entity who fails to timely make an objection to the Transaction on or before the Objection Deadline in accordance with the Bidding Procedures Order and this notice shall be forever barred from asserting any objection to the Transaction, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests**.

10332982.v4

Dated: _____, 2023          */s/ DRAFT*
Wilmington, Delaware              Domenic E. Pacitti (DE Bar No. 3989)
                                  Michael W. Yurkewicz (DE Bar No. 4165)
                                  Sally E. Veghte (DE Bar No. 4762)
                                  **KLEHR HARRISON HARVEY BRANZBURG LLP**
                                  919 North Market Street
                                  Suite 1000
                                  Wilmington, Delaware 19801
                                  Telephone:    (302) 426-1189
                                  Facsimile:    (302) 426-9193
                                  Email:        dpacitti@klehr.com
                                                myurkewicz@klehr.com
                                                sveghte@klehr.com

                                  -and-

                                  Morton R. Branzburg (admitted *pro hac vice* ~~pending~~)
                                  **KLEHR HARRISON HARVEY BRANZBURG LLP**
                                  1835 Market Street, Suite 1400
                                  Philadelphia, Pennsylvania 19103
                                  Telephone:    (215) 569-3007
                                  Facsimile:    (215) 568-6603
                                  Email:        mbranzburg@klehr.com

                                  *~~Proposed~~ Counsel to the Debtors and Debtors in Possession*

10332982.v4