**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Performance Powersports Group Investor, LLC, *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10047 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Obj. Deadline: March 15, 2023 at 4:00 p.m. (ET)** |

**APPLICATION FOR AN ORDER PURSUANT
TO 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND
APPROVING THE RETENTION AND EMPLOYMENT OF
COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 1, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of Performance Powersports Group Investor, LLC, *et al.* (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") hereby files this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to retain and employ Cole Schotz P.C. ("Cole Schotz") as counsel to the Committee *nunc pro tunc* to February 1, 2023. In support of the Application, the Committee submits (i) the declaration of Seth Van Aalten attached hereto as **Exhibit A** (the "Van Aalten Declaration") and (ii) the declaration of Cristina He of Vietnam New

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

65643/0001-44642449

Century Industrial Co, Ltd., not in her individual capacity but solely as chairperson of the Committee, attached hereto as **Exhibit B** (the "Chairperson Declaration"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule predicates for relief sought herein are Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rule 2014 and Local Rule 2014-1.

3. Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On January 16, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On January 30, 2023, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed a three-member Committee consisting of: (i) Hisun Motors Corp. – USA; (ii) Tao Motor, Inc.; and (iii) Vietnam New Century Industrial Co, Ltd. *See Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 82].

6.  On February 1, 2023, the Committee selected Cole Schotz as its proposed bankruptcy counsel, subject to Court approval. On February 3, 2023, the Committee selected Accordion Partners, LLC as its proposed financial advisor, subject to Court approval.

## RELIEF REQUESTED

7.  By this Application, the Committee respectfully requests that the Court enter an order, pursuant to Bankruptcy Code sections 328(a) and 1103, authorizing the Committee to retain and employ Cole Schotz as counsel to represent the Committee in all phases of the Chapter 11 Cases *nunc pro tunc* to February 1, 2023, which is the date Cole Schotz was selected as proposed counsel and commenced providing services on behalf of the Committee.

## BASIS FOR RELIEF

8.  Pursuant to Bankruptcy Code sections 328(a) and 1103, a committee appointed under Bankruptcy Code section 1102 may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate. 11 U.S.C. §§ 328(a) and 1103. The Committee requests that the Court approve its retention of Cole Schotz as its counsel to perform certain legal services that will be necessary during the Chapter 11 Cases in accordance with Cole Schotz's standard hourly rates and disbursement policies.

9.  The Committee selected Cole Schotz as its counsel because of the firm's extensive experience representing committees in complex chapter 11 proceedings. Most recently, Cole Schotz has been engaged to represent committees in *In Phoenix Services Topco, LLC*, Case No. 22-10906 (MFW) (Bankr. D. Del.); *In re NewAge, Inc.*, 22-10819 (LSS) (Bankr. D. Del.); *In re TPC Group Inc.*, Case No. 22-10493 (CTG) (Bankr. D. Del.); *In re Armstrong Flooring, Inc.*, Case No. 22-10426 (MFW) (Bankr. D. Del.); *In re AAC Holdings, Inc.*, Case No. 20-11648 (JTD) (Bankr. D. Del.); *In re Mallinckrodt plc*, Case No. 20-12522 (JTD) (Bankr. D. Del.); *In re J. C.*

*Penney Company, Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex.); *In re Town Sports International, LLC*, Case No. 20-12168 (CSS) (Bankr. D. Del.); *In re RGN-Group Holdings, LLC*, Case No. 20-11961 (BLS) (Bankr. D. Del.); *In re Pier 1 Imports, Inc.*, Case No. 20-30805 (KRH) (Bankr. E.D. Va.); *In re Stage Stores, Inc.*, Case No. 20-32564 (DRJ) (Bankr. S.D. Tex.); *In re OneWeb Global Limited*, Case No. 20-22437 (RDD) (Bankr. S.D.N.Y.); *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y.); and *In re Insys Therapeutics, Inc.*, Case No. 19-11292 (JTD) (Bankr. D. Del.).  Further, several of the attorneys at Cole Schotz who will be employed in the Chapter 11 Cases are members in good standing of the Bar of the Supreme Court of Delaware and all regularly practice before this Court.  Accordingly, the Committee seeks to retain Cole Schotz because Cole Schotz is well qualified to represent and assist the Committee in performing its duties in the Chapter 11 Cases.

## **SERVICES TO BE PROVIDED BY COLE SCHOTZ**

10. The Committee respectfully submits that it is necessary and appropriate to employ and retain Cole Schotz as its counsel to represent it in the Chapter 11 Cases and render various professional services to enable it to faithfully execute its duties.  Cole Schotz's duties may include, among others:

   a. providing legal advice with respect to the Committee's powers, rights, duties and obligations in the Chapter 11 Cases;

   b. assisting and advising the Committee in its consultations with the Debtors regarding the administration of the Chapter 11 Cases;

   c. assisting the Committee in reviewing and negotiating terms for unsecured creditors with respect to (i) debtor in possession financing and the use of cash collateral, (ii) any sale of the Debtors' assets, including negotiating bid procedures and proposed asset purchase agreements, (iii) the confirmation of a chapter 11 plan, and (iv) other requests for relief which would impact unsecured creditors;

   d. investigating the liens asserted by the Debtors' lenders and any potential causes of action against the Debtors' lenders and other parties in interest;

4

    e.    advising the Committee on the corporate aspects of the Debtors' reorganization or liquidation and the plan(s) or other means to effect reorganization or liquidation that may be proposed in connection therewith, and participation in the formulation of any such plan(s) or means of implementing a reorganization or liquidation, as necessary;

    f.    taking all necessary actions to protect and preserve the estates of the Debtors for the benefit of unsecured creditors, including the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the investigation of the prior operation of the Debtors' businesses and the investigation and prosecution of estate claims, causes of action and any other matters relevant to the Chapter 11 Cases;

    g.    preparing on behalf of the Committee all necessary motions, applications, complaints, answers, orders, reports, papers and other pleadings and filings in connection with the Committee's duties in the Chapter 11 Cases;

    h.    advising and representing the Committee in hearings and other judicial proceedings in connection with all necessary motions, applications, objections and other pleadings and otherwise protecting the interests of those represented by the Committee; and

    i.    performing all other necessary legal services as may be required and authorized by the Committee that are in the best interests of unsecured creditors.

11.    The Committee respectfully represents that it is necessary for the Committee to retain counsel to perform the above-referenced services and otherwise assist the Committee in fulfilling its statutory duties under the Bankruptcy Code.

### **DISINTERESTEDNESS OF COLE SCHOTZ**

12.    To the best of the Committee's knowledge, information and belief and as evidenced by the Van Aalten Declaration, Cole Schotz does not currently hold or represent any interest adverse to the interest of the estates or creditors or equity security holders with respect to the matters in which Cole Schotz is to be employed, except as set forth therein, and Cole Schotz is "disinterested" under Bankruptcy Code section 101(14).

13.    Except as disclosed in the Van Aalten Declaration, Cole Schotz does not represent, and has not represented, any entities other than the Committee, in matters related to the Chapter

11 Cases. Cole Schotz may represent, or may have represented, certain parties with interests in the Chapter 11 Cases on matters unrelated to the Chapter 11 Cases. As set forth in the Van Aalten Declaration, Cole Schotz has conducted, and continues to conduct, research into its relations with the Debtors, the Debtors' substantial creditors and other parties in interest in the Chapter 11 Cases.

## COMPENSATION OF COLE SCHOTZ

14. The terms of the employment of Cole Schotz provide generally that certain attorneys and other personnel within Cole Schotz will undertake this representation at their standard hourly rates, and that Cole Schotz will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and the orders of this Court.

15. The present hourly rates for attorneys and paralegals of Cole Schotz are set forth in the Van Aalten Declaration attached hereto. The hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect their increased expertise and experience in their area of law. Cole Schotz will advise the Committee, the Debtors and the U.S. Trustee of any increases in its hourly rates.[2]

16. Cole Schotz will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work related meals, facsimile (outgoing only) toll and other charges, external teleconferencing, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $.10 per page for black and white copies and $.80 for color copies), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses such as secretarial and other overtime and other out-of-pocket expenses incurred in

---

[2] Such rate increases generally occur on or about September 1 of each year.

providing professional services to the Committee. Cole Schotz will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

17. Cole Schotz will file fee applications with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, and be paid pursuant thereto. Cole Schotz also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of June 11, 2013* (the "Revised UST Guidelines").

18. The following is provided in response Paragraph D.1. of the Revised UST Guidelines:

| | |
|---|---|
| **Question** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response | No. Cole Schotz professionals working on this matter will bill at Cole Schotz's standard hourly rates. |
| **Question** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response | No. |
| **Question** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response | Cole Schotz did not represent the Committee during the 12 months preceding the filing of the Chapter 11 Cases. |
| **Question** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response | Cole Schotz expects to develop a prospective budget and staffing plan to reasonably comply with the U.S. Trustee's request for |

7

information and additional disclosures, as to which Cole Schotz reserves all rights.

### *NUNC PRO TUNC* RETENTION

19. The Committee requests approval of the employment of Cole Schotz *nunc pro tunc* to February 1, 2023. Such relief is warranted by the circumstances presented by the cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See*, *e.g.*, *In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed*, 909 F.2d 1406 (3d Cir. 1990). Cole Schotz commenced its representation of the Committee on February 1, 2023, subject to the Court's approval of its retention.

### NOTICE

20. Notice of this Application shall be given to: (i) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter (Richard.schepacarter@usdoj.gov); (ii) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (iii) counsel to the lender under the Debtors' postpetition financing facility, Kirkland & Ellis, LLP, 601 Lexington Ave., New York, NY 10022, Attn: Brian E. Schartz, P.C. (bschartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor P.O. Box 8705, Wilmington, DE 19899-8705, Attn: Laura Davis Jones (ljones@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com); (iv) counsel to the lender under the Debtors' prepetition credit facility, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, Attn: Gregory Gartland

(ggartland@winston.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Andrew L. Magaziner (amagaziner@ycst.com); and (v) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.omniagentsolutions.com/home?clientId=3650.  In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Application is required.

## NO PRIOR REQUEST

21. No prior request for the relief requested in this Application has been made to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit C**, authorizing and approving the Committee's retention and employment of Cole Schotz as its counsel, *nunc pro tunc* to February 1, 2023, and grant such other and further relief as the Court deems just and proper.

Dated: February 22, 2023

                                      **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *ET AL*.,**

                                      */s/ Cristina He*
                                      Cristina He
                                      On behalf of Vietnam New Century Industrial Co, Ltd.

                                      Solely in her capacity as chairperson of the Official Committee of Unsecured Creditors of Performance Powersports Group Investor, LLC, *et al*., and not in any other capacity

65643/0001-44642449