## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Performance Powersports Group Investor, LLC, *et al.*,[1] | Case No. 23-10047 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: March 20, 2023 at 10:00 a.m. (ET)**<br>**Objection Deadline: At the hearing** |
| | **Re: Docket No. 213** |

### MOTION TO FILE UNDER SEAL
### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' (I) MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING AND (II) MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this motion (the "Motion to Seal") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Committee to file under seal certain portions of its *Limited Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors' (I) Motion for Entry of Interim and Final Orders Authorizing the Debtors to Obtain Postpetition Financing and (II) Motion for Entry of an Order Approving the Sale of Substantially All of the Debtors' Assets* [Docket No. 213] (the "Limited Objection").[2] Pursuant to Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Limited Objection.

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee has filed concurrently herewith a proposed redacted form of the Limited Objection (the "Proposed Redacted Limited Objection").  In support of this Motion to Seal, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-1(f), the Committee consents to entry of a final order by the Court in connection with this Motion to Seal to the extent it is later determined that, absent the consent of the parties, the Court cannot enter final orders or judgments herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, §§ 101–1532, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(d).

## RELEVANT BACKGROUND

4.      On January 16, 2023 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior and Junior Secured Superpriority Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims;*

*(III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 13], and (ii) *Debtors' Motion for Entry of: (I) an Order (A) Approving Bid Procedures in Connection With the Sale of Substantially All Assets, (B) Approving the Bid Protections to the Stalking Horse Bidder, (C) Scheduling an Auction and a Sale Hearing, (D) Approving the Form and Manner of Notice Thereof, (E) Authorizing Entry into the Stalking Horse Agreement, (F) Approving Bid Protections, (G) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (H) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 17].

6.        On January 30, 2023, the United States Trustee (the "U.S. Trustee") for Region 3 and 9 appointed the Committee.  *See* Docket No. 82.

7.        The Committee's by-laws and the non-disclosure agreement executed between the Committee and the Debtors each contain a provision requiring the Committee and its professionals to maintain the confidentiality of information provided by the Debtors on a confidential basis. Pursuant to these provisions, the Debtors provided the Committee with certain information and documents in connection with the Committee's investigation that the Debtors assert is sensitive and confidential and must be maintained in a manner that protects its confidentiality (the "Confidential Information").  Because the Committee relies on the Confidential Information in support of the Limited Objection, and without waiving any arguments regarding the propriety of the confidentiality designations, it will redact references to the Confidential Information in the Proposed Redacted Limited Objection and is seeking to file the Confidential Information under seal.

## RELIEF REQUESTED

8.      By this Motion to Seal, the Committee requests entry of the Proposed Order authorizing the Committee to file certain portions of the Limited Objection under seal, as reflected in the Proposed Redacted Limited Objection.  In addition, the Committee requests that the unredacted version of the Limited Objection not be made available to anyone other than the Court, the U.S. Trustee, the Debtors, counsel to Kinderhook, and counsel to Twin Brook, except as otherwise ordered by the Court.

## BASIS FOR RELIEF REQUESTED

9.      Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.*  Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]"  Fed. R. Bankr. P. 9018.  Further, Local Rule 9018-1(d)(i) states, in relevant part, that "[a]ny entity seeking to file

65643/0001-44857471

a document under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d)(i).

11.    If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass 'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citing *Orion Pictures*).  Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause."  *Orion Pictures*, 21 F.3d at 28.  "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose."  *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."  *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

12.    "Commercial information"—"information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor"—is one category of information within the scope of section 107(b) of the Bankruptcy Code.  *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28); *see Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Commercial information need

not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

13.     Further, Local Rule 9018-1(d)(iii) provides:

> If the Proposed Sealed Document is known by the filer thereof to contain information that has been designated by another entity as confidential pursuant to a protective order, contract or applicable law or as otherwise requiring protection for the benefit of another entity pursuant to section 107 of the Bankruptcy Code . . . the filer thereof, prior to the filing of the Sealing Motion, shall attempt to confer in good faith with the Holder of Confidentiality Rights in an effort to reach agreement concerning what information in the Proposed Sealed Document must remain sealed from public view.

Del. Bankr. L.R. 9018-1(d)(iii).

14.     Here, without waiving any arguments regarding the confidentiality of the Confidential Information as designated by the Debtors, the Limited Objection includes summaries of, and financial information provided by, documents reviewed by the Committee as part of its investigation into, among other things, the leveraged buyout of the Company from Richard Godfrey by Kinderhook in October 2021, which the Debtors marked as confidential. Because the Debtors claim such references in the Limited Objection may qualify for protection as confidential information, the Committee filed the Limited Objection under seal and this Motion to Seal.

15.     For the reasons set forth herein, and upon the request of Debtors, the Committee respectfully requests consideration of this Motion to Seal portions of the Limited Objection identified as confidential by the Debtors, as reflected in the Proposed Redacted Limited Objection.

## <u>COMPLIANCE WITH LOCAL RULE 9018-1(d)</u>

16.     Pursuant to Local Rule 9018-1(d)(iii), the Committee and the Debtors (which produced all of the Confidential Information to the Committee) have conferred regarding the confidential nature of the Confidential Information included in the Limited Objection.  In connection therewith, the Committee has redacted in the Proposed Redacted Limited Objection all of the Confidential Information that the Debtors have requested be redacted, and seeks authority to file under seal such Confidential Information to the extent it must remain sealed from public view.  The Committee has provided an unredacted copy of the Limited Objection to counsel to the Debtors, the U.S. Trustee, counsel to Kinderhook, counsel to Twin Brook.

17.     The Committee to undersigned counsel also contacted the U.S. Trustee and was informed that the U.S. Trustee reserves all its rights with respect to the Motion to Seal and the redactions.

18.     Contemporaneously herewith, the Committee is filing its proposed redacted version of the Limited Objection.

## <u>NOTICE</u>

19.     Notice of this Motion to Seal will be given to: (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to Kinderhook; (iv) counsel to Twin Brook; and (v) any other party entitled to notice pursuant to Local/Bankruptcy Rules 2002-1(b) and 9013-1(m).  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

65643/0001-44857471

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court (i) enter the Proposed Order authorizing the Committee to file the Limited Objection under seal, (ii) approve the redactions reflected in the Proposed Redacted Limited Objection, and (iii) grant any such other and further relief as is just and proper.

Dated:  March 15, 2023
       Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ G. David Dean*
G. David Dean (No. 6403)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
ddean@coleschotz.com
mfitzpatrick@coleschotz.com

-and-

Seth Van Aalten, Esq. (admitted *pro hac vice*)
Sarah A. Carnes, Esq. (admitted *pro hac vice*)
Bryant P. Churbuck, Esq. (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
svanaalten@coleschotz.com
scarnes@coleschotz.com
bchurbuck@coleschotz.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*