# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Performance Powersports Group Investor, LLC, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 23-10047 (LSS)<br><br>(Jointly Administered)<br><br>**Re**: Docket No. —162 |

## ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 1, 2023

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Performance Powersports Group Investor, LLC, *et al.* (the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to retain and employ Cole Schotz P.C. ("Cole Schotz") as counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), effective as of February 1, 2023 and upon the declaration of Seth Van Aalten, a member in the Bankruptcy & Corporate Restructuring group of Cole Schotz (the "Van Aalten Declaration") and the declaration of Cristina He, as chairperson of the Committee (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

"Chairperson Declaration" and, together with the Van Aalten Declaration, the "Declarations"); and it appearing that the attorneys of Cole Schotz who will perform services on behalf of the Committee in the Chapter 11 Cases are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application and the Declarations, that Cole Schotz does not represent any interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and appropriate and in the best interests of the Committee and the Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

        **ORDERED, ADJUDGED AND DECREED** that:

1. The Application is APPROVED as set forth herein.

2. The Committee is hereby authorized to retain and employ Cole Schotz as its counsel in these Chapter 11 Cases, *nunc pro tunc* to February 1, 2023, pursuant to Bankruptcy Code sections 328(a) and 1103, as contemplated by the Application and on the terms provided in the Application and the Van Aalten Declaration, and Cole Schotz is authorized to perform the services set forth in the Application and in the Van Aalten Declaration.

3. Cole Schotz shall be compensated in accordance with procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, and Local Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

4. Notwithstanding anything to the contrary in the Application or the Van Aalten Declaration, Cole Schotz shall not seek reimbursement of any fees or costs arising from the defense of any of Cole Schotz's fee applications in these Chapter 11 Cases.

5. Cole Schotz shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), in connection with any interim or final fee applications it files in the Chapter 11 Cases.

6. Consistent with the Revised UST Guidelines, Cole Schotz shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7. Notwithstanding anything in the Application to the contrary, Cole Schotz shall (i) to the extent that Cole Schotz uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Estate at the same rate that Cole Schotz pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Cole Schotz; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

8. ~~7.~~ Cole Schotz shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

9.    ~~8.~~ To the extent that there may be any inconsistency among the terms of the Application, the Van Aalten Declaration and this Order, the terms of this Order shall govern.

10.    ~~9.~~ The Committee is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

11.    ~~10.~~ Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014, or otherwise, or any Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.    ~~11.~~ The Court shall retain jurisdiction to hear and determine all matters arising under or related to the implementation or interpretation of this Order.

Document comparison by Workshare 10.0 on Thursday, March 16, 2023 11:04:47 AM

| Input: | |
|---|---|
| Document 1 ID | iManage://coleschotz-dms.imanage.work/CSDOCS/44860152/1 |
| Description | #44860152v1<CSDOCS> - PPG - Cole Schotz Retention Application - Original Order |
| Document 2 ID | iManage://coleschotz-dms.imanage.work/CSDOCS/44883044/1 |
| Description | #44883044v1<CSDOCS> - PPG - Cole Schotz Retention Application - Revised Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 11 |
| Deletions | 9 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 20 |
|---|---|