## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PERFORMANCE POWERSPORTS | : | Case No. 23-10047-LSS |
| GROUP INVESTOR, LLC, *et al.*[1], | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Obj. Deadline: March 20, 2023 at 10:00 a.m.** |
| | : | **Hearing Date: March 20, 2023 at 10:00 a.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION TO FILE UNDER SEAL THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' (I) MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING AND (II) MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS [D.I. 213, 219]**

In support of his Objection to the *Motion to File Under Seal the Official Committee of Unsecured Creditors' Limited Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors' (I) Motion for Entry of Interim and Final Orders Authorizing the Debtors to Obtain Postpetition Financing and (II) Motion for Entry of an Order Approving the Sale of Substantially All of the Debtors' Assets* [D.I. 213, 219] (the "Seal Motion"), Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through his undersigned counsel, states as follows:

### JURISDICTION, VENUE AND STANDING

1.      This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. §

1334.  This Court is authorized to hear and determine the Seal Motion pursuant to 28 U.S.C. §

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012.  Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

2.      Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").  Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress."  28 U.S.C. § 586(a)(3)(G).

3.      The U.S. Trustee has standing to be heard with respect to the Seal Motion pursuant to 11 U.S.C. § 307.

## STATEMENT OF RELEVANT FACTS

4.      On January 16, 2023 (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").[2]  On January 30, 2023, the U.S. Trustee appointed an Official Committee of Unsecured Creditors [D.I. 82].

5.      On the Petition Date, the Debtors filed their (i) *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior and Junior Secured Superpriority Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims;*

---

[2]  Background leading up to the filing of these chapter 11 cases and in support of the first day relief, the Debtors relied upon the Declaration of Ken Vanden Berg in Support of Chapter 11 Petitions and First Day Pleadings (the "Vanden Berg Declaration") [D.I.16].

*(III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [D.I. 13] (the "DIP Financing Motion") and (ii) *Motion for Entry of: (I) an Order (A) Approving Bid Procedures in Connection With the Sale of Substantially All Assets, (B) Approving the Bid Protections to the Stalking Horse Bidder, (C) Scheduling an Auction and a Sale Hearing, (D) Approving the Form and Manner of Notice Thereof, (E) Authorizing Entry into the Stalking Horse Agreement, (F) Approving Bid Protections, (G) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (H) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [D.I. 17] (the "Sale Motion").

6.      Recently, the Committee filed a Limited Objection to the DIP Financing and the Sale Motion under seal [D.I. 213] (the "Limited Objection").[3]

7.      The reasons stated in the Seal Motion for seeking to redact certain information in the Limited Objection are summarized as follows:

- The Committee's by-laws and the non-disclosure agreement executed between the Committee and the Debtors require that the Committee and its professionals maintain the confidentiality of information provided by the Debtors on a confidential basis.

- The Debtors provided the Committee with certain information and documents in connection with the Committee's investigation that the Debtors assert is "sensitive and confidential" and must be maintained in a manner that protects its confidentiality (the "Confidential Information").

- Because the Committee relies on the Confidential Information in support of the Limited Objection, the Committee redacted references to the Confidential Information in the Limited Objection.

Seal Mot. ¶ 7.

---

[3] A redacted version of the Committee's Limited Objection was filed under D.I. 218.

## ARGUMENT

9.      The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978), that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.,* 21 F.3d 24 (2d Cir. 1994), the Court stated the general rule as: "...a strong presumption of public access to court records.... This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the 'integrity, quality, and respect in our judicial system.'" *Orion*, 21 F. 3d at 26. (citations omitted)); *see In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993), where the court noted "...the strong presumption in favor of public access to judicial records and papers...;" *see also In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996).

10.     In the bankruptcy context, limited exceptions to the general rule are contained in the Code and Rules.  Bankruptcy Code § 107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11.     As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and FRBP 9018 by demonstrating that: "that the interest in secrecy outweighs the

4

presumption in favor of access." *See In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993).  The inquiry then is whether the matter sought to be placed under seal fits within any of the categories included within either of section 107(b) or Fed. R. Bankr. P.  9018.

12.    "Confidential … commercial information" is not a defined term within the Bankruptcy Code, but it has been addressed in the case law interpreting Section 107(b)(1). Confidential commercial information may be "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (Walrath, J.) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27-28 and *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). The disclosure of such information must "reasonably be expected to cause the entity commercial injury." *Alterra*, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bank. E.D. Tex. 2004) and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). "Moreover, the Court must find that information contained in the . . . [documents] . . . 'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" *Alterra*, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)). Information is not "'commercial' within the meaning of § 107(b) merely because it relate[s] to business affairs." *In re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007). It must be "information which would give a competitor an unfair advantage." *Id*. (quoting *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996)). However, Section 107(b) does not require the court to find that the information is the equivalent of a trade secret before protecting it.  *See Orion Pictures Corp.*, 21 F.3d at 28.

13.    Neither the Committee nor the Debtors have sustained their burden of proof. Contrary to the assertion that the redacted information is "sensitive", the redacted information does not appear to be the type of information that might be protected under section 107(b) of the Bankruptcy Code -- namely that such information constitutes confidential or commercial information.

14.    The information at issue here -- which includes summaries of, and financial information derived from, documents reviewed by the Committee as part of its investigation into, among other things, the leveraged buyout of the Company from Richard Godfrey by Kinderhook in October 2021 -- is not "confidential … commercial information."[4]

15.    Even if the parties could successfully demonstrate that there may be one or more items of the redacted information that may be protected under section 107(b) or Rule 9018, the relief granted should be narrowly tailored.  *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991).  Only those portions of the Limited Objection that comport with the requirements of either section 107(b) or FRBP 9018 should be redacted and sealed.  The balance should become part of the public record.

---

[4] *See* Seal Mot. at ¶ 14.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying approval

of the Seal Motion and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

**By:** /s/Richard L. Schepacarter
    Richard L. Schepacarter
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. C. Boggs Federal Building
    844 N. King Street, Room 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491
    (302) 573-6491 (Fax)
Dated: March 17, 2023    richard.schepacarter@usdoj.gov