# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | Case No. 23-10047 (LSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: April 19, 2023 @ 2:00 p.m. |
| | Objection Deadline: April 12, 2023 @ 4:00 p.m. |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY AND GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion for entry of an order enforcing the automatic stay and granting related relief (the "Motion"):

### Preliminary Statement

1. It is well-established that fraudulent transfer claims become estate property upon a bankruptcy filing and, absent a third-party obtaining relief from the stay or standing, the prosecution of such claims by a third-party is an unambiguous violation of the automatic stay. This case is no different. After the Debtors filed for bankruptcy, any fraudulent transfer claims they could assert were property of the estate that they alone could assert and pursue.

2. Nevertheless, on February 16, 2023—a month *after* the Debtors filed for bankruptcy—Hisun filed an amended complaint in the Southern District of New York asserting a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

fraudulent transfer claim against Kinderhook and Richard Godfrey based on the purported fraudulent transfer of the Debtors' assets to a third party. There is no dispute that this fraudulent transfer claim constitutes property of the Debtors' estates. Yet at no point did Hisun seek relief from the automatic stay to pursue these claims. Nor did Hisun file a motion seeking standing to pursue this claim. Worse still, before filing the amended complaint, counsel for Hisun asked counsel for the Debtors if asserting the fraudulent transfer claim, which it had also asserted in its original complaint, would be a violation of the automatic stay. Counsel for the Debtors responded: "We have not seen a copy of your amended complaint so we are not able to determine if the allegations in such pleading would potentially violate the automatic stay. Clearly in the Debtors' view the allegations contained in each of the counts of your existing Complaint are stayed. To the extent your amended complaint asserts similar causes of action I suspect the Debtors will have the same position." Inexplicably, Hisun ignored the Debtors and filed its amended complaint asserting the same fraudulent transfer it had included in its original complaint. After the Amended Complaint was filed, on March 6, 2023, counsel for the Debtors sent a letter to counsel for Hisun, a copy of which is attached hereto as **Exhibit A**, formally notifying Hisun of the stay violation and demanding dismissal of the District Court Action (defined herein). Eight days later, Kinderhook filed a motion to dismiss asserting that Hisun had no standing to bring this claim because it was violating the automatic stay. Hisun still failed to dismiss its claim.

3. The Debtors had—apparently naively—hoped that Hisun would comply with the law and its fiduciary obligations as a Committee member, and dismiss its fraudulent transfer claim. Because Hisun appears determined to do neither, the Debtors have been forced to file the instant motion seeking an order enforcing the automatic stay and requiring Hisun to dismiss the fraudulent

10417473.v8

transfer claims in the District Court Action. The Debtors reserve all rights to seek sanctions and damages based on Hisun's intentional violation of the automatic stay.

## Jurisdiction

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are found in sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## Background

7. On December 16, 2022, Chongqing Huansong Industries (Group) Co., Ltd., Chongqing Huansong Science and Technology Industrial Co., Ltd., and Vietnam New Century Industrial Company Limited (collectively, "Hisun") filed a complaint in the District Court for the Southern District of New York (the "Initial Complaint") that named as defendants Performance Powersports Group Inc., f/k/a/ Rich Godfrey & Associates, Inc. d/b/a Coleman Powersports and Kinderhook Industries LLC (the "District Court Action").

8. Hisun was the Debtors' primary prepetition manufacturing vendor. Hisun alleges it is owed approximately $60 million in unsecured trade debt as a prepetition vendor of the Debtors. As a result, Hisun initiated prepetition lawsuits against the Debtors and made threats of an involuntary bankruptcy proceeding that pushed the Debtors into this chapter 11 proceeding. The

10417473.v8

Debtors made several unsuccessful prepetition attempts to negotiate a commercial resolution of its differences with Hisun.

9.  On January 16, 2023 (the "Petition Date"), the Debtors, including Performance Powersports Group Inc. ("PPG"), each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[2]

10.  On February 14, 2023, in light of the Debtors' chapter 11 bankruptcy filing, the Hisun plaintiffs filed a *Notice of Voluntary Dismissal of Defendant Performance Powersports Group, Inc. Without Prejudice* in the District Court Action.

11.  On February 16, 2023, Hisun amended the Initial Complaint and filed an Amended Complaint, a copy of which is attached hereto as **Exhibit B** (the "Amended Complaint") against defendants Kinderhook Industries LLC, Kinderhook Capital Fund VI LP, Kinderhook Capital Fund VI-B LP, and Richard Godfrey. The Amended Complaint centers on a contract dispute between non-party Debtor PPG and Hisun. Most pertinent to this Motion, Hisun alleges that PPG conducted a "fire sale" of its inventory to Tractor Supply Company. Based on this allegation, Hisun asserts a fraudulent transfer claim against both Godfrey and the Kinderhook Defendants.

12.  On March 14, 2023, Kinderhook filed a motion to dismiss the Amended Complaint wherein it argued, among other things, that Hisun lacked standing to pursue the fraudulent transfer claim and Hisun's continued prosecution of that claim was a violation of the automatic stay.

13.  To date, Hisun has not dismissed its fraudulent transfer claim. Nor has it sought relief from the stay or filed a motion to obtain standing to pursue this claim. Given the

---

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of Ken Vanden Berg in Support of Chapter 11 Petitions and First Day Motions (the "First Day Declaration").

4

circumstances, the Debtors were forced to file the instant Motion seeking to enforce the automatic stay against Hisun.

### Relief Requested

14. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Proposed Order"): (i) finding that Hisun has violated and continues to violate the automatic stay; (ii) requiring Hisun to refraining from taking further action related to the Debtors and property of the Debtors' estates, including refraining from prosecuting estate causes of action and dismissing the fraudulent transfer claims in the District Court Action; and (iii) reserving the Debtors' right to seek sanctions and damages against Hisun for their willful stay violations.

### Basis for Relief

**I.   The Automatic Stay Applies to Actions Taken by Third Parties to Prosecute Estate Claims**

15. "When a debtor files for bankruptcy, section 362(a) of the Bankruptcy Code imposes a broad automatic stay." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011). The automatic stay is an "existing, statutorily-created injunction" that debtors can enforce by motion when violated. *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS), 2020 WL 7074142, at *4 (Bankr. D. Del. Dec. 3, 2020); *see also see In re THG Holdings LLC*, 604 B.R. 154, 162 (Bankr. D. Del. 2019) (holding that "the Bankruptcy Code itself establishes the basis for the enforcement of the automatic stay").

16. "The automatic stay is intended … 'in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'" *In re Aleris Int'l, Inc.*, 456 B.R. 35, 46 (Bankr. D. Del. 2011) (*quoting Borman v. Raymark Indus., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991)). Consequently, "[t]he automatic stay provides one of the fundamental protections for debtors found

in the Bankruptcy Code." *In re Nortel Networks, Inc.*, 669 F.3d at 137 (*citing Midlantic Nat'l. Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)).

17. Given its critical protection, "[t]he automatic stay is intended to cast a wide net and is applied broadly to effectuate its purposes." *In re Bennett*, 528 B.R. 273, 279 (Bankr. E.D. Pa. 2015) (*citing In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 637 (3d Cir. 1998)); *accord In re Linear Elec. Co., Inc.*, 852 F.3d 313, 317 (3d Cir. 2017) ("In general, we interpret the breadth of the stay broadly."); *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The scope of the automatic stay is undeniably broad.").

18. As relevant here, the automatic stay prohibits "any act to obtain possession of … or to exercise control over property of the estate …." 11 U.S.C. § 362(a)(3). A violation of section 362(a)(3) "requires both (1) a post-petition act; and (2) property of the estate." *In re Welded Constr., L.P.*, 609 B.R. 101, 127 (Bankr. D. Del. 2019) (*citing In re APF Co.*, 274 B.R. 408, 416 (Bankr. D. Del. 2001)).

19. The prohibition in section 362(a)(3) "applies to actions against third parties as well as actions against the debtor." *ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) (*citing In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d at 637). Indeed, courts routinely recognize this principle. *See, e.g., In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS), 2020 WL 7074142, at *3 (Bankr. D. Del. Dec. 3, 2020) ("Section 362(a)(3) 'applies to actions against third parties as well as actions against the debtor.'") (*quoting ACandS, Inc.*, 435 F.3d at 259); *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 628 (D. Del. 2018) ("Section 362(a)(3), the terms of which are further defined by Section 541, applies to actions against third parties as well as actions against the debtor."); *In re Prithvi Catalytic, Inc.*, 2015 WL 1651433, at *12 (Bankr. W.D. Pa. Apr. 8, 2015) ("[T]he prohibition in section 362(a)(3) applies to actions

taken against third parties as well as actions against the debtor.") (*citing ACandS, Inc.*, 435 F.3d at 259).

20. Because Hisun seeks to recover property owned and allegedly transferred by PPG, claims seeking to unwind this transaction belong to PPG and are subject to the Bankruptcy Code's automatic stay provision. 11 U.S.C. § 362.  Hisun, as individual creditors of PPG, have not requested relief from the automatic stay and have not alleged that the fraudulent transfer claims have been abandoned by the Debtors. Thus, Hisun may not pursue these claims in the District Court Action absent relief from the automatic stay and obtaining standing to prosecute these claims.

II. **Hisun Violated and Continues to Violate Section 362(a)(3) of the Bankruptcy Code by Attempting to Exercise Control Over the Debtors' Property**

21. Significantly, 'property of the estate' is broadly defined to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *In re Prithvi Catalytic, Inc.*, 2015 WL 1651433, at *1 (Bankr. W.D. Pa. Apr. 8, 2015)(quoting 11 U.S.C. § 541(a)(1)).  It is a concept that is construed expansively to include all kinds of property, including tangible and intangible assets. *See In re Majestic Star Casino*, LLC, 716 F.3d 736, 750 (3d Cir. 2013).  Because Hisun's actions amount to an attempt to exercise control over estate property, (*i.e.*, the Debtors' causes of action), those actions violate the automatic stay—specifically, section 362(a)(3).

22. Accordingly, the Debtors respectfully request that this Court issue an order, pursuant to sections 362 and 365 of the Bankruptcy Code, granting the relief requested herein which will ensure that the causes of action remain with the Debtors.  Courts in this and other districts specifically provided similar relief in other Chapter 11 cases. *See, e.g., In re Hercules Offshore, Inc.*, Case No. 16-11385 (KJC) (Bankr. D. Del. June 7, 2016); *In re Offshore Grp. Inv.*

*Ltd.*, Case No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015); *In re Quicksilver, Inc.*, Case No. 15-11880 (BLS) (Bankr. D. Del. Sept. 10, 2015); *In re Northshore Mainland Svcs.*, Case No. 15-11402(KJC) (Bankr. D. Del. July 1, 2015); *In re Furniture Brands Int'l, Inc.*, Case No. 13-12329 (CSS) (Bankr. D. Del. Sept. 11, 2013); *In re Overseas Shipholding Grp., Inc.*, Case No. 12-20000 (PJW) (Bank. D. Del. Nov. 15, 2012).

### III. The Debtors Reserve the Right to Recover of Attorneys' Fees, Costs and Punitive Damages as a Result of Hisun's Willful Violation of the Automatic Stay

23. The Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees . . . ." 11 U.S.C. 362(k)(1).  To recover under section 362(k)(1), "the moving party must show by a preponderance of the evidence that (1) the creditor violated the automatic stay, (2) the violation of the stay was willful, and (3) the willful violation caused the debtor some injury." *In re Johnson*, 601 B.R. 365, 377 (Bankr. E.D. Pa. 2019) (citation omitted).  The Debtors meet all three conditions.

24. First, as explained above, Hisun violated the automatic stay by filing the Amended Complaint and pursuing the Debtors' causes of action.  Second, Hisun's violation was willful.  A violation is willful if the offending party "violate[d] the stay when he or she [did] so with knowledge of the bankruptcy." *Johnson,* 601 B.R. at 377 (citing *In re Alloy*, 572 B.R. 551, 555 (Bankr. E.D. Pa. 2017); *accord In re Prithvi Catalytic, Inc.*, 2015 WL 1651433, at *12 ("A party's actions are deemed willful if they violate the stay with the knowledge that a bankruptcy petition has been filed.")(*citing In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826, 829 (3d Cir. 1992)).

25. Hisun cannot dispute that it knew of the Debtors' bankruptcy filing on January 16, 2023.  Hisun pushed the Debtors into bankruptcy through threats of an involuntary filing and is a

8

10417473.v8

member of the Official Committee of Unsecured Creditors in this case.[3] Moreover, it filed a notice of suggestion of bankruptcy in the District Court Action. To find a willful violation, the Court need only find that Hisun took action with knowledge of the Debtors' bankruptcy and that action interfered with the property right of the Debtors, not that Hisun intended to violate the automatic stay (though that appears to be the case, too). *See In re Montgomery Ward, LLC*, 292 B.R. 49, 57 (Bankr. D. Del. 2003) (find that a willful violation of the automatic stay occurs where the defendant (1) knows about the automatic stay, and (2) the defendant's actions that violate the stay are intentional; No specific intent requirement exists.). Hisun has known of the Debtors' bankruptcy filing since it occurred and has known of the Debtors' assertion that pursuing these claims violates the automatic stay. Despite this, Hisun has refused to cease these violations.

26. Section 362(k) of the Bankruptcy Code allows a debtor to recover damages, including costs, attorneys' fees and punitive damages, against a creditor who, like Hisun, willfully violates the automatic stay. Awarding punitive damages is within the discretion of the Court, and is appropriate when the conduct of a creditor is tantamount to "thumbing one's nose at" the law, the debtor and the Court. *See In re Radcliffe*, 372 B.R. 401, 422 (Bankr. N.D. Ind. 2007), aff'd, 390 B.R. 881 (N.D. Ind. 2008), aff'd, 563 F.3d 627 (7th Cir. 2009). There is no other way to describe Hisun's actions here.

**Reservation of Rights**

27. Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a)

---

[3] Hisun Motors, USA is an affiliate of Hisun and is also a member of the three member Official Committee of Unsecured Creditors, giving Hisun de facto control of the Official Committee of Unsecured Creditors.

10417473.v8

an admission as to the amount of, basis for, or validity of any claim by or against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

### Notice

28.     The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the District of Delaware; (b) proposed counsel to the Official Committee of Unsecured Creditors; (c) counsel to the lender under the Debtors' postpetition financing facility; (d) counsel to the lender under the Debtors' prepetition credit facility; (e) the United States Attorney's Office for the District of Delaware; and (f) Hisun.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

29.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit C**, enforcing the automatic stay and granting such other and further relief as may be appropriate.

10417473.v8

| | |
|---|---|
| Dated: March 17, 2023<br>Wilmington, Delaware | */s/ Domenic E. Pacitti*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>Email: dpacitti@klehr.com<br>      myurkewicz@klehr.com<br>      sveghte@klehr.com<br><br>-and-<br><br>Morton R. Branzburg (admitted *pro hac vice*)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 569-3007<br>Facsimile: (215) 568-6603<br>Email: mbranzburg@klehr.com<br><br>*Counsel for the Debtors and Debtors in Possession* |

10417473.v8