# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

IN RE:

| | | |
|---|---|---|
| PERFORMANCE POWERSPORTS GROUP PURCHASER, INC.; PERFORMANCE POWERSPORTS GROUP, INC.; PERFORMANCE POWERSPORTS GROUP HOLDINGS, INC.; PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC | : : : : : : : | CASE NO.  23-10047 |
| | : | CHAPTER 11 |
| | : : | MOTION NO. |
| | : | Filed under Local Bankr. |
| Debtors | : | Rule |

## MOTION OF THE ESTATE OF MALIK S. WILLIAMS, JR., DECEASED FOR RELIEF FROM AUTOMATIC STAY

   Movant, Martin Kleinman, Esquire, as duly-appointed Administrator of the Estate of Malik Williams, deceased, through his attorney, Eric G. Zajac, Esquire, Zajac & Padilla, llc, respectfully moves this Honorable Court for an Order granting Relief from the Automatic Stay Provisions of §  11 U.S.C. §§ 101–1532 of the Bankruptcy Code. In support of his Motion, Movant establishes as follows:

1. On January 16, 2023, the above-referenced Debtors filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware at Case No. 23-10047.
2. This is a proceeding, arising under Title 11, over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and 157 (b)(2)(g).
3. In March of 2020, prior to the commencement of this bankruptcy case, Movants brought a personal liability and product liability action against one of the more debtors, namely, Rich Godfrey & Associates, Inc. d/b/a Coleman Powersport in the Philadelphia County Court of Common Pleas, styled as <u>Martin I. Kleinman, Esquire, as personal representative of the estate of Malik S. Williams, JR., deceased v. Mr. Warren M. Garrett, Chongqing Huansong Science and Technology Industrial Co, LTD., Hisun Motors Corp., U.S.A., The Coleman Company, Inc., Mr. Antione S. Hardman, and Ms. Serita Hunter,</u> Philadelphia County Court of Common Pleas, March Term , 2020 Civil Action No: 00398 ("state court litigation"), seeking damages wrongful death and survival claims in state court in connection with their claims against the Debtor.
4. After filing the aforesaid lawsuit, and as the litigation proceeded toward a trial date, counsel received a "Suggestion of Bankruptcy" from Andrew Siegeltuch, Attorney for Rick Godfrey & Associates, Inc. d/b/a Coleman Powersports in the state court litigation. The "Suggestion of Bankruptcy" advised that the state court litigation was *void ab initio* as against The Coleman Company defendants by operation of the automatic stay under § 36 of the Federal Bankruptcy Code. (A copy of the Suggestion of Bankruptcy is attached as Exhibit A").
5. Based on the information provided, Movant now seeks relief from the automatic stay in

order that debtor may be joined in this underlying personal liability and product liability action so that it may continue in state court in Pennsylvania to its conclusion.
6. The Debtor is insured for the claims asserted by Movants in the state court action under multiple policies of liability insurance through multiple insurers providing primary and excess coverage totaling ten (10) million dollars, according to discovery responses provided in the state court litigation, and attached in pertinent part as Exhibit B.
7. Specifically, the debtor is insured as follows:

   - Admiral Insurance Co. provides a primary liability coverage limit of $1,000,000.
   - Admiral Insurance Co. provides an excess liability coverage limit of $4,000,000.
   - Pioneer Special Risk provides additional excess liability coverage of $5,000,000. See Exhibit B.

8. Upon information and belief, there are no deductibles or self-insured retentions under the above policies.
9. Movant's claims against the Debtor can be more efficiently resolved in the Philadelphia County Court of Common Pleas and Movants seek in the Common Pleas action to impose joint and several liability against the Debtor whose liability must also be determined.
10. The availability of multiple insurance policies for payment of these claims constitutes cause for relief from the Automatic Stay under 11 U.S.C. § 362(d)(1).
11. If granted relief from the Automatic Stay to pursue claims against the debtor in the Philadelphia County Court of Common Pleas action, Movant will limit recovery against the Debtor to amounts payable by the Debtor's liability insurance carriers and will not seek payment by the Trustee out of the assets of the Debtor's estate.
12. Resolution of Movant's claims against the Debtor in the Philadelphia County Court of Common Pleas action would, accordingly, neither affect the assets of the Debtor's estate nor impose any burdens upon the Trustee.
13. The circumstances under which Movant seeks emergency relief from the Automatic Stay Provisions of § 362 of the Bankruptcy Code are set forth by Movant's Certification of Necessity, which is attached and incorporated fully herein.

WHEREFORE, Movant respectfully requests that this Honorable Court enter the attached Order modifying the Automatic Stay provisions of § 362 of the Bankruptcy Code to permit Movant to proceed with the Philadelphia County Court of Common Pleas action with the provision that recovery against the Debtor therein by limited to amounts payable by the Debtor's liability insurance carrier.

Respectfully Submitted,
**ZAJAC & PADILLA, L.L.C.**

B` _____
Eric G. Zajac
Attorney for Plaintiff

Dated: March 17, 2023

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE:

| | | |
|---|---|---|
| **PERFORMANCE POWERSPORTS GROUP** | : | **CASE NO. 23-10047** |
| **PURCHASER, INC.; PERFORMANCE** | : | |
| **POWERSPORTS GROUP, INC.;** | : | |
| **PERFORMANCE POWERSPORTS GROUP** | : | **CHAPTER 11** |
| **HOLDINGS, INC.; PERFORMANCE** | : | |
| **POWERSPORTS GROUP INVESTOR, LLC** | : | **MOTION NO.** |
| | : | **Filed under Local Bankr.** |
| **Debtors** | : | **Rule** |

**NOTICE AND ORDER SETTING DATE**

   AND NOW, this         day of       , 2023, upon consideration of the Motion the Estate of Malik S. Williams, JR., deceased, for Emergency Relief from the Automatic Stay Provisions of § 362 of the Bankruptcy Code ("the Motion"), it is hereby ORDERED that all interested parties are given notice that this Court will hear the Motion on           .

  It is further ORDERED that Movant's counsel shall serve a copy of this Order on all interested parties within five (5) days of receipt of this Order.

                                            BY THE COURT:

                                            _____
                                            United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE:

| | | |
|---|---|---|
| **PERFORMANCE POWERSPORTS GROUP** | : | **CASE NO. 23-10047** |
| **PURCHASER, INC.; PERFORMANCE** | : | |
| **POWERSPORTS GROUP, INC.;** | : | |
| **PERFORMANCE POWERSPORTS GROUP** | : | **CHAPTER 11** |
| **HOLDINGS, INC.; PERFORMANCE** | : | |
| **POWERSPORTS GROUP INVESTOR, LLC** | : | **MOTION NO.** |
| | : | **Filed under Local Bankr.** |
| **Debtors** | : | **Rule** |

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion of the Estate of Malik S. Williams, JR, deceased, for Relief from the Automatic Stay Provisions of § 361 of the Bankruptcy Code, and upon consideration of any responses thereto and any oral arguments thereon, it is hereby ORDERED, ADJUDGED and DECREED that the Automatic Stay Provisions of § 362 of the Bankruptcy Code, 11 U.S.C. § 362, are hereby terminated with respect to the Movant's claims pending against the Debtor in the Philadelphia County Court of Common Pleas at Civil Action March term, 2020 No: 00398, provided that Movant's claims against the Debtor shall be payable through the Debtor's liability insurance policy or policies and shall not be payable by the Trustee from any asset of the Debtor's Estate.

BY THE COURT:

_____
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

IN RE:

| | | |
|---|---|---|
| PERFORMANCE POWERSPORTS GROUP | : | CASE NO.  23-10047 |
| PURCHASER, INC.; PERFORMANCE | : | |
| POWERSPORTS GROUP, INC.; | : | |
| PERFORMANCE POWERSPORTS GROUP | : | CHAPTER 11 |
| HOLDINGS, INC.; PERFORMANCE | : | |
| POWERSPORTS GROUP INVESTOR, LLC | : | MOTION NO. |
| | : | Filed under Local Bankr. |
| Debtors | : | Rule |

## CERTIFICATE OF SERVICE UPON INTERESTED PARTIES

I, ERIC G. ZAJAC, ESQUIRE, hereby certify that on this 9th day of   March, 2023, I caused a true and correct copy of the Motion of the Estate of Malik S. Williams, JR, deceased, for Emergency Relief from the Automatic Stay to be served upon counsel for the Debtor, the United States Trustee and all other interested partied by e-mail and or ecf including on:

**Andrew Siegeltuch, Esquire**
Lucosky Brookman, LLP
ID No.: 40972
1650 Market Street, Suite 3600
Philadelphia, PA 19103

**Ryon T. Yemm, Esquire**
The Sheehan Firm, P.C.
6 Spring Street
Cary, IL 60013

Respectfully Submitted,
**ZAJAC & PADILLA, L.L.C.**

BY: _____
Eric G. Zajac
Attorney for Plaintiff

Dated: March 17, 2023

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

| | | |
|---|---|---|
| PERFORMANCE POWERSPORTS GROUP PURCHASER, INC.; PERFORMANCE POWERSPORTS GROUP, INC.; PERFORMANCE POWERSPORTS GROUP HOLDINGS, INC.; PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC | : : : : : : : : | CASE NO. 23-10047 |
| | | CHAPTER 11 |
| | | MOTION NO. |
| | | Filed under Local Bankr. |
| Debtors | | Rule |

### CERTIFICATE OF NECESSITY

I, Eric G. Zajac, Esquire, am counsel for the plaintiffs in the matter styled <u>Martin I. Kleinman, Esquire, as personal representative of the estate of Malik S. Williams, JR., deceased v. Mr. Warren M. Garrett, Chongqing Huansong Science and Technology Industrial Co, LTD., Hisun Motors Corp, U.S.A., The Coleman Company, Inc., Mr. Antione S. Hardman, and Ms. Serita Hunter</u>, Philadelphia County Court of Common Pleas, Civil Action No: March Term, 2020 No. 00398. I make this Certification in support of Movant, the Estate of Malik S. William's, JR, deceased, Motion for Emergency Relief from the Automatic Stay Provisions of § 362 of the Bankruptcy Code.

Malik Williams was killed in a product liability claim. Due to the automatic stay provision of the Bankruptcy Code, the Estate of Malik S. Williams, JR, deceased, has not been able to proceed with the personal injury and product liability action instituted in the Philadelphia County Court of Common Pleas in March of 2020. The Estate of Malik S. Williams, JR, deceased, has suffered significant financial hardship since the wrongful death.

The Estate does not seek to proceed against any of the assets of the Debtors' estate. He will agree to limit recovery against the Debtors to the aggregate amount(s) payable by the Debtors' liability insurance carrier(s). Because the Estate's financial condition is precarious, and because his claim against the Debtors will not put any of the Debtors' assets at risk, it is necessary for this Honorable Court to lift the automatic stay provisions provided by § 362 of the Bankruptcy Code.

Respectfully Submitted,

ZAJAC & PADILLA, L.L.C.

BY _____
Eric G. Zajac, Esquire
Attorney for Plaintiff

Dated: March 17, 2023