IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) | Case No. 23-10047 (LSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) ) ) | Hearing Date: April 19, 2023 @ 2:00 p.m. Objection Deadline: April 12, 2023 @ 4:00 p.m. |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER AUTHORIZING THE REJECTION OF A CERTAIN UNEXPIRED
LEASE AND THE ABANDONMENT OF ANY RELATED PERSONAL PROPERTY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this Motion for Entry of an Order Authorizing the Rejection of a Certain Unexpired Lease and the Abandonment of any Related Personal Property (the "Motion"):

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

3. The statutory bases for the relief requested herein are found in section 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules for the District of Delaware (the "Local Rules").105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## Relief Requested

1. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the rejection of a certain unexpired lease of nonresidential real property (the "Lease") as identified on **Exhibit 1** annexed to **Exhibit A** attached hereto effective as of March 31, 2023 (the "Effective Date") and the abandonment of any related personal property.

## Background

4. On January 16, 2023 (the "Petition Date"), the Debtors, including Performance Powersports Group Inc. ("PPG"), each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[2]

5. On March 27, 2023, the Court entered an order approving the sale of substantially all of the Debtors' assets [Docket No. 270] (the "Sale Order"). The Sale Order approved an asset purchase agreement (the "APA") that set forth the terms of the sale from the Debtors to CPS USA Acquisition, LLC (together with its permitted successor, designees, and assigns, the "Buyer"). In the APA, the Buyer designated which executory contracts and leases they wished to have assumed and assigned to them. The sale is expected to close on March 31, 2023.

---

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of Ken Vanden Berg in Support of Chapter 11 Petitions and First Day Motions (the "First Day Declaration").

2

**The Lease[3]**

2. With the assistance of their advisors, the Debtors are in the process of reviewing their executory contracts and unexpired leases that were not included in the APA. The Debtors have identified the Lease, which pertains to property in Mesa, Arizona, as set forth on **Exhibit 1** annexed to **Exhibit A** hereto, as a lease that has not been assumed by the Buyer and which is not otherwise needed for the wind down of the estates.[4] The Debtors have vacated or will have fully vacated the premises subject to the Lease, and turned over possession to the counterparty to the Lease, prior to or on the Effective Date. The Debtors have further determined that the Lease would not add any value to the estates if marketed. Therefore, such Lease has no value to the estates and should be rejected.[5]

### Basis for Relief

**A.    Rejection of the Lease Reflects the Debtors' Sound Business Judgment**

3. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). *See also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under section 365 of the Bankruptcy Code, relieve itself of burdensome agreements where performance still remains. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36,

---

[3]   The description of the Lease contained herein is for the convenience of the Court and parties only. The full and controlling terms of the lease are contained therein.

[4]   The Debtors will continue to review their contracts and leases throughout these chapter 11 cases and reserve all of their rights to assume or reject additional contracts and leases at a later date pursuant to section 365 of the Bankruptcy Code.

[5]   The Debtors reserve all rights with respect to the characterization of the Lease and with respect to any resulting claims that may be asserted.

39–40 (3d Cir. 1989); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (stating that section 365 "allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed" (citation omitted)).

4. The decision to assume or reject an executory contract or unexpired lease is a matter within the debtor's "business judgment." *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

5. The Debtors have satisfied the business judgment standard with respect to the Lease. The APA does not provide for the assumption and assignment of the Lease to the Buyer. The Debtors have examined the Lease and determined that it is both no longer necessary to the wind down of the Debtors' estates and the Debtors are unlikely to be able to realize any value from assuming and assigning the Lease to any other party. The Debtors have vacated the premises subject to the Lease, or will have vacated prior to the Effective Date and returned the keys to the landlord or management company (collectively, the "Landlord"). Accordingly, the Debtors have

determined, after reviewing their overall operations and in the sound exercise of their business judgment, that it is in the best interests of the Debtors, their estates, and their creditors to reject the Lease.

B.    **Abandonment of Personal Property**

6.    To the extent that the Debtors leave any property, including, but not limited to, personal property, furniture, fixtures and/or equipment (collectively, "Personal Property"), at the premises subject to the Lease, the Debtors request that such Personal Property be deemed abandoned as of the Effective Date pursuant to section 554 of the Bankruptcy Code and that the respective Landlord and/or the Debtors be absolved of liability from any third party due to the disposal of such Personal Property, effective as of the Effective Date.

7.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  The Debtors submit that any Personal Property remaining on the premises subject to the Lease will be of inconsequential value or burdensome to the Debtors' estates to remove. The Debtors believe that the cost of retrieving, marketing and reselling the abandoned Personal Property, if any, far outweighs any recovery the Debtors could hope to attain for the Personal Property.  Accordingly, the Debtors have determined that the abandonment of any such Personal Property is in the best interests of the Debtors, their estates and creditors.

C.    **The Court Should Authorize the Rejection of the Lease Effective *Nunc Pro Tunc* to the Effective Date**

8.    The Debtors respectfully submit that it is appropriate for the Court to order that March 31, 2023 is the effective date of rejection of the Lease.  While section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively,

courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a). *See, e.g.*, *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (same); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (granting debtors' motion for rejection of certain leases retroactive to the petition date); *TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactive to the motion filing date "when principles of equity so dictate" (citation omitted)); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (Bankr. D. Colo. 2003) (same); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (same).

9. The balance of the equities in these cases favors the Debtors. The Debtors have vacated and surrendered the premises under the Lease and have, or in the process of surrendering, which will be completed on or before the Effective Date, by returning the keys to the Landlord with this motion serving as an unequivocal statement of the Debtors' intent to relinquish their interests under the Lease and any related personal property. The Debtors are providing notice of this motion to the Landlord in a manner ensuring the Landlord has received the keys and this motion on or before the Effective Date. The official committee of unsecured creditors has consented to the relief requested herein, including the retroactive Effective Date. Finally, the

Debtors will not withdraw this motion with respect to the Lease, absent the Landlord's consent. Accordingly, rejection as of the Effective Date should be approved.

10. Numerous courts in this district have authorized relief similar to that requested herein. *See, e.g., In re Eastern Energy, LP*, No. 11-14138 (KJC) (Bankr. D. Del. May 17, 2012) (approving rejection of certain unexpired leases effective *nunc pro tunc* to the date of motion filing); *In re Evergreen Solar, Inc.*, No. 11-12590 (MFW) (Bankr. D. Del. Jan. 5, 2012) (same); *In re Natural Products Group, LLC*, No. 10-10239 (BLS) (Bankr. D. Del. Mar. 11, 2011) (same); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (same); *In re Buffets Holdings, Inc.*, No. 08-10141 (MFW) (Bankr. D. Del. Feb. 13, 2008) (same).

### The Debtors' Reservation of Rights

11. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim or an approval or assumption of any agreement, agreement, contract or lease under section 365 of the Bankruptcy Code. Additionally, nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claims regarding escheatment. The Debtors expressly reserve their rights to contest any claim or billing dispute. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Notice

12. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the District of Delaware; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the lender under the Debtors' postpetition financing facility; (d) counsel to the lender under the

Debtors' prepetition credit facility; (e) the United States Attorney's Office for the District of Delaware; and (f) the counterparty to the Lease listed on **Exhibit 1 to Exhibit A**. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 30, 2023<br>Wilmington, Delaware | */s/ Michael W. Yurkewicz*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>Email: dpacitti@klehr.com<br>      myurkewicz@klehr.com<br>      sveghte@klehr.com<br><br>-and-<br><br>Morton R. Branzburg (admitted *pro hac vice*)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 569-3007<br>Facsimile: (215) 568-6603<br>Email: mbranzburg@klehr.com<br><br>*Counsel for the Debtors and Debtors in Possession* |