## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.,*[1] | Case No. 23-10047 (LSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: May 30, 2023 @ 4:00 p.m.**<br>**Hearing Date: June 7, 2023 @ 10:00 a.m.** |

### MOTION OF THE DEBTORS FOR AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) FIXING THE VOTING RECORD DATE; (III) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE FORMS OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN; (VI) APPROVING THE FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN; (VII) FIXING THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN; AND (VIII) APPROVING PROCEDURES FOR VOTE TABULATIONS IN CONNECTION THEREWITH

Performance Powersports Group Investor, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully represent as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]    A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Ken Vanden Berg in Support of Debtors' First Day Motions and Applications* [Docket No. 16] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**<u>BACKGROUND</u>**

**A.      <u>General Background of These Chapter 11 Cases</u>**

5.      On January 16, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court (the "<u>Chapter 11 Cases</u>"). On January 18, 2023, the Court entered an order [Docket No. 40] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

6.      The Debtors are operating their businesses and managing their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      No entity has requested the appointment of a trustee or examiner in these consolidated Chapter 11 Cases.

8.      On January 30, 2023, the United States Trustee for Region 3 and 9 appointed an official committee of unsecured creditors (the "<u>Committee</u>") [Docket No. 82].

9.      On February 13, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (together, as such schedules and statements have been or may be supplemented or amended, the "Schedules").

10.      On May 2, 2023, the Debtors filed the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") and *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement").  A hearing on the Disclosure Statement is scheduled to take place on June 7, 2023 at 10:00 a.m. (prevailing Eastern Time).

## RELIEF REQUESTED

11.      By this motion (the "Motion"), and pursuant to sections 105, 502, 1125, and 1128 of the Bankruptcy Code, Bankruptcy Rules 3017, 3020, 9013, 9014 and 9021, and Local Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1 and 9021-1, the Debtors seek entry of the proposed form of order attached hereto as **Exhibit A** (the "Disclosure Statement Order") which:

(a)      approves the Disclosure Statement;

(b)      fixes a voting record date (the "Voting Record Date");

(c)      approves the notice of hearing and objection procedures (the "Confirmation Hearing Notice"), attached as Exhibit 1 to the Disclosure Statement Order, in respect of the Plan, and sets the date for the hearing on confirmation of the Plan (the "Confirmation Hearing");

(d)      approves the Solicitation Packages (as defined in ¶ 38 below) and procedures for distribution thereof;

(e)      approves the forms of ballots, attached as Exhibit 2 and Exhibit 3 to the Disclosure Statement Order, and establishes procedures for voting on the Plan;

(f)      approves the forms of notice to nonvoting classes under the Plan, attached as Exhibit 4 and Exhibit 5 to the Disclosure Statement Order;

(g)      fixes the voting deadline for creditors to accept or reject the Plan; and

(h)      approves procedures for tabulating creditor votes.

## BASIS FOR RELIEF REQUESTED

A.    **The Disclosure Statement Contains Adequate Information and Should be Approved**

12.    Section 1125 of the Bankruptcy Code requires a plan proponent to provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization.  Section 1125(a)(l) defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan ....

11 U.S.C. §1125(a)(1). Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003) (quoting 11 U.S.C. § I 125(b)); *In re Monnier Bros.,* 755 F.2d 1336, 1342 (8th Cir. 1985).

13.    The bankruptcy court has broad discretion to determine the adequacy of the information contained in a disclosure statement.  *See Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp*.), 844 F.2d 1142, 1157 (5th Cir. 1988); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re River Village Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995).[3]  Congress granted bankruptcy courts discretion to facilitate the effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases.  *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977);

---

[3]    *See also Kirk v. Texaco, Inc.*, 82 B.R. 678, 681-82 (S.D.N.Y. 1988) ("whether a disclosure statement required under [section 1125(b)] contains adequate information is not governed by otherwise applicable nonbankruptcy law, rule, or regulation") (citing 11 U.S.C. § 1125(d)).

4

*see also In re Copy Crafters Quickprint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (holding

that adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible

standard that can promote the policy of chapter 11 towards fair settlement through a negotiation

process between informed interested parties"). Accordingly, the determination of whether a

disclosure statement contains adequate information is to be made on a case-by-case basis, focusing

on the unique facts and circumstances of each case. *See In re Phoenix Petroleum Co.*, 278 B.R.

385, 393 (Bankr. E.D. Pa. 2001).

14. In exercising their broad discretion, bankruptcy courts generally examine whether

the disclosure statement contains, if applicable, the following types of information:

(a)    the circumstances that gave rise to the filing of the bankruptcy petition;

(b)    an explanation of the available assets and their value;

(c)    the anticipated future of the debtor;

(d)    the source of the information provided in the disclosure statement;

(e)    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f)    the condition and performance of the debtor while in chapter 11;

(g)    information regarding claims against the estate;

(h)    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i)    the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j)    information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

(k)    a summary of the plan of reorganization or liquidation;

(l)    an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)    the collectability of any accounts receivable;

(n)     any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     information relevant to the risks being taken by the creditors and interest holders;

(p)     the actual or projected value that can be obtained from avoidable transfers;

(q)     the existence, likelihood and possible success of nonbankruptcy litigation;

(r)     the tax consequences of the plan; and

(s)     the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *In re Oxford Homes*, 204 B.R. 264, 269 n. 17 (Bankr. D. Me. 1997) (using a similar list).  This list is not meant to be comprehensive; nor must a debtor provide all the information on the list. Rather, the bankruptcy court must decide which factors are appropriate in each case.  *See In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H.) (adopting a similar list); *Phoenix Petroleum*, 278 B.R. at 393 (making use of a similar list but cautioning that "no one list of categories will apply in every case").

15.     The Debtors submit that the proposed Disclosure Statement contains information with respect to the applicable subject matter identified above, including, but not limited to, a discussion of:

(a)     an overview of the liquidating Plan;

(b)     the Debtors' operations and business;

(c)     the indebtedness of the Debtors and information regarding pending claims and administrative expenses;

(d)     key events leading to the commencement of the Debtors' chapter 11 cases;

(e)     significant events that occurred during the chapter 11 cases;

(f)     summary of expected recoveries of various classes;

(g)     risk factors affecting the Debtors;

(h)      requirements for confirmation of the Plan;

(i)     tax consequences of the Plan;

6

(j)      post Effective Date role of Liquidation Trustee and Plan Administrator; and

(k)      voting procedures.

16.      In addition to the types of information that bankruptcy courts typically examine, the proposed Disclosure Statement provides an analysis of the Chapter 7 alternatives to the confirmation and consummation of the Plan (Disclosure Statement at Exhibit A).

17.      Accordingly, the Debtors submit that the proposed Disclosure Statement contains all or substantially all of the information typically considered by bankruptcy courts and respectfully request that the Court approve the proposed Disclosure Statement as having adequate information and meeting the requirements of section 1125 of the Bankruptcy Code.

**B.     The Notice of Disclosure Statement Hearing and Procedures for Filing Objections to the Proposed Disclosure Statement Should be Approved**

18.      Bankruptcy Rule 3017(a) provides that:

> [a]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a).

19.      Bankruptcy Rules 2002(b) and (d) require notice to all creditors, and shareholders of the time set for filing objections to, and the hearing to consider the approval of, a disclosure statement. The Debtors shall serve or have caused to be served the Disclosure Statement Notice (defined below) on or before May 2, 2023, by electronic and/or first-class mail upon:

(a)      the Office of the United States Trustee for the District of Delaware;

(b)      the Securities and Exchange Commission;

(c)      the Creditors' Committee

(d)     all known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

(e)     all parties known to the Debtors as having potential claims against any of the Debtors' estates;

(f)     all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

(g)     all parties to litigation with any of the Debtors;

(h)     all parties who have requested notice pursuant to Bankruptcy Rule 2002;

(i)     the Internal Revenue Service;

(j)     the Debtors' current officers, directors, and employees; and

(k)     the Debtors' former officers, directors, and employees to the extent that contact information for such former officers, directors, and employees is available in the Debtors' records (collectively, the "Notice Parties").

20.     The Debtors shall provide the Notice Parties with notice of the time set for filing objections to the proposed Disclosure Statement as well as notice of the Disclosure Statement Hearing (the "Disclosure Statement Notice").

21.     The Debtors also have provided and will continue to provide copies of the proposed Disclosure Statement and Plan, at the Debtors' expense, to any party in interest who specifically requests such documents in the manner specified in the Disclosure Statement Notice and Bankruptcy Rule 3017(a).  Copies of the proposed Disclosure Statement and Plan also are on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours and on the website[4] of the Debtors' claims and noticing agent, Omni Agent Solutions, by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent

---

[4]     https://omniagentsolutions.com/PerformancePowersports.

Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA, 91367; or by emailing performancepowersportsinquiries@omniagnt.com.com and referencing "Performance Powersports Group Investor, LLC" .

22.     The Debtors submit that the foregoing procedures provided adequate notice of the Disclosure Statement Hearing, and accordingly, request that the Court approve such notice as adequate.

**C.      Approval of Procedures for the Filing of Objections to the Disclosure Statement**

23.     The Disclosure Statement Notice provided that objections to the proposed Disclosure Statement, if any, must: (a) be in writing; (b) state the name and address of the objecting or responding party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Disclosure Statement to resolve any such objection or response; and (d) be filed, together with proof of service, with the Court and served upon the following parties such that the Court and the following parties actually receive the responses and objections (and the Court receives the proof of service) no later than 4:00 p.m. (prevailing Eastern Time) on or before May 30, 2023 (the "Disclosure Statement Objection Deadline"): (a) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (b) counsel to the official committee of unsecured creditors Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); (c) counsel to the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Ave, New York, NY 10022, Attn: Brian Schartz,

P.C. (brian.schartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com); and (d) Office of the United States Trustee, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov).

24.    Requiring that objections and responses to the Disclosure Statement be filed and served no later than the Disclosure Statement Objection Deadline will afford the Court, the Debtors, and other parties in interest sufficient time before the hearing to approve the Disclosure Statement (the "Disclosure Statement Hearing") to consider objections and responses to the Disclosure Statement. The Debtors request that the Court approve, pursuant to Bankruptcy Rule 3017, the procedure for filing objections to the Disclosure Statement, as set forth in the Disclosure Statement Notice.

**D.        The Court Should Fix the Voting Record Date as June 7, 2023**

25.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

26.    In accordance with these rules, this Court should exercise its power thereunder to set June 7, 2023, as the Voting Record Date for purposes of determining which creditors are entitled to vote on the Plan. In addition, the Debtors request that the Court establish the Voting Record Date as the date for determining which creditors and equity interest holders in non-voting classes are entitled to receive an appropriate Notice of Non-Voting Status (as defined below).

10439065.v6

27.     The Voting Record Date is appropriate as such date facilitates the determination of which creditors are entitled to vote on the Plan or, in the case of non-voting classes of creditors and equity interest holders, to receive a Notice of Non-Voting Status.

**E.      Establishing Notice and Objection Procedures and Setting Hearing Regarding Confirmation of The Plan**

28.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  Fed. R. Bankr. P. 3017(c).

29.     In accordance with Bankruptcy Rules 2002(b) and 3017(c), and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled at a time convenient to the Court.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.  The proposed date for the Confirmation Hearing complies with the Bankruptcy Rules and the Local Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

**F.      Establishing Procedures for Notice of Confirmation Hearing and Filing Objections to Confirmation of the Plan**

30.     Bankruptcy Rules 2002(b) and (d) require not less than 28 days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.  Pursuant to Bankruptcy Rule 3020(b)(I), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(l).

31.     In accordance with these procedural rules, the Debtors propose to provide to all parties that receive a Solicitation Package with copy of the Confirmation Hearing Notice, which

is attached as <u>Exhibit 1</u> to the Disclosure Statement Order and incorporated herein by reference, setting forth: (i) the Voting Deadline (as defined below); (ii) the time fixed for filing objections to confirmation of the Plan; and (iii) the time, date, and place for the Confirmation Hearing. The Confirmation Hearing Notice will be sent contemporaneously with the distribution of the Solicitation Packages.

32.    The Confirmation Hearing Notice provides, and the Debtors request, that the Court direct that objections to confirmation of the Plan or proposed modifications to the Plan, if any, (a) be in writing, (b) state the name and address of the objecting party and the nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection, and (d) be filed, together with proof of service, with the Court and served so that they are actually filed and received by the following parties no later than 4:00 p.m. (prevailing Eastern Time) on the date set by the Court to object to Confirmation (the "<u>Confirmation Objection Deadline</u>"): (a) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (b) counsel to the official committee of unsecured creditors, Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); (c) counsel to the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Ave, New York, NY 10022, Attn: Brian Schartz, P.C. ([brian.schartz@kirkland.com](mailto:brian.schartz@kirkland.com)), Allyson B. Smith ([allyson.smith@kirkland.com](mailto:allyson.smith@kirkland.com)), and Simon Briefel ([simon.briefel@kirkland.com](mailto:simon.briefel@kirkland.com)); and (d) Office of the United States Trustee, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov).

33.     Setting the Confirmation Objection Deadline as to provide parties in interest with sufficient notice of the Confirmation Objection Deadline and will afford the Debtors and other parties in interest sufficient time to consider the objections and proposed modifications and file any replies, while leaving the Court sufficient time to consider any such objections and replies before the Confirmation Hearing.

34.     If there are objections to confirmation, providing sufficient time for the Debtors to reply to any such objections will assist the Court and may expedite the Confirmation Hearing. Accordingly, the Debtors request that the Debtors, and the Creditors' Committee be authorized to file and serve a confirmation brief, replies or an omnibus reply to any such objections no later than 4:00 p.m. (prevailing Eastern Time) two days prior to the Confirmation Hearing.  The Debtors respectfully request that the Court approve these procedures for filing objections to the Plan and replies thereto, pursuant to Bankruptcy Rules 2002 and 3020.

35.     To give notice of the time for filing and serving objections to, and the date and time of the hearing on, confirmation of the Plan to (a) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors, (b) known creditors with addresses unknown by the Debtors, and (c) creditors with potential claims unknown by the Debtors, the Debtors propose to publish the Confirmation Hearing Notice once in the newspaper to be selected, on a date not less than twenty-eight (28) days prior to the date scheduled for the Confirmation Hearing.  The Debtors submit that publication of such notice prior to the Confirmation Hearing is adequate and sufficient notice to such creditors under the circumstances. Moreover, the Debtors will provide a copy of the Plan and Disclosure Statement to any creditor who submits a written request for such document.

10439065.v6

36.    The foregoing procedures will provide parties in interest with more than twenty-eight (28) days' notice of the Confirmation Objection Deadline and Confirmation Hearing, and accordingly, should be approved.

## G.    Approving Solicitation Packages and Procedures For Distribution Thereof

37.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement,-except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders-the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (a)    the plan or a court-approved summary of the plan;
>
> (b)    the disclosure statement approved by the court;
>
> (c)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (d)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

38.    After the Court has approved the proposed Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code, the Debtors propose to mail or cause to be mailed solicitation packages (the "Solicitation Packages") by no later than five (5) business days after approval of the Disclosure Statement (the "Solicitation Date"). Solicitation

14

Packages distributed to creditors holding claims in Class 4 (2021 Credit Agreement Claims) and Class 5 (General Unsecured Claims) (collectively, the "Voting Classes"), will contain a copy of: (i) the Disclosure Statement Order (without the exhibits thereto); (ii) the Confirmation Hearing Notice; (iii) the appropriate form of ballots to accept or reject the Plan, in substantially the forms attached as Exhibit 2, Exhibit 3 , Exhibit 4 , and Exhibit 5 to the Disclosure Statement Order and incorporated herein by reference (each, a "Ballot" and collectively, the "Ballots"), with instructions, and with a return envelope; and (iv) a copy of the Plan and Disclosure Statement which may be in USB drive form.

39.     The Debtors shall distribute to holders of claims and interests in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), and Class 3 (Other Priority Claims) (collectively, the "Unimpaired Classes"), a copy of (i) the Confirmation Hearing Notice, (ii) a Notice of Non-Voting Status – Unimpaired Class (as defined below), and (iii) a copy of the Plan and Disclosure Statement which may be in USB drive form.

40.     The Debtors shall distribute to holders of claims and interests in Class 6 (Intercompany Claims) (the "Non-Voting Impaired Classes"), a copy of (i) the Confirmation Hearing Notice, (ii) a Notice of Non-Voting Status – Impaired Classes (as defined below) and (iii) a copy of the Plan and Disclosure Statement which may be in USB drive form.

41.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website maintained by the Voting and Balloting Agent.  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit a Ballot instantly by utilizing the online balloting portal (which allows a holder to submit an electronic signature).  Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots. The encrypted ballot data and audit

15

trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. For the avoidance of doubt, Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature.

42.    Consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtors shall not be required to distribute Ballots, the Disclosure Statement, the Plan and/or the Disclosure Statement Order to holders of claims against, or interests in, the Debtors within a Class under the Plan that is deemed to accept or reject the Plan under section 1126(1) or (g) of the Bankruptcy Code.  Rather, the Debtors will distribute to holders of such claims and interests a Notice of Non-Voting Status - Unimpaired Class or a Notice of Non-Voting Status - Impaired Classes and the Confirmation Hearing Notice.  The Debtors request that the Court determine that they are not required to distribute copies of the Plan or Disclosure Statement to holders of such claims and interests, unless a party makes a specific request to the Debtors in writing and such request is received on or before ten (10) days prior to the Voting Deadline.

43.    The Debtors also propose not to send Solicitation Packages to creditors that have claims that have already been paid in full; provided, however, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that such claim had been paid by the Debtors, then such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.

44.    The Debtors anticipate that some Disclosure Statement Notices may be returned as undeliverable by the United States Postal Service.  The Debtors believe that it would be costly and wasteful to mail Solicitation Packages to the same addresses to which undeliverable Disclosure Statement Notices were mailed.  Therefore, the Debtors seek the Court's approval for a departure from the strict notice rule, excusing the Debtors from mailing Solicitation Packages to those

10439065.v6

entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Solicitation Date.

45.    Finally, the Debtors request that the Court determine they are not required to distribute copies of the Plan or Disclosure Statement to any party who holds a claim that is not allowed, filed or scheduled in an amount greater than $0, but shall distribute a copy of the Confirmation Hearing Notice and appropriate Notice of Non-Voting Status to such parties.

46.    Although the Debtors have made, and will make, every effort to ensure that the Solicitation Packages described herein are in final form, the Debtors nonetheless request that they be authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents with the consent of the Creditors' Committee, without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing.

47.    The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures.

**H.    <u>Approving Forms of Ballots and Establishing Procedures for Voting on the Plan</u>**

48.    Bankruptcy Rule 30l7(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  The Debtors propose to distribute to certain creditors, as described below, one or more Ballots substantially in the forms attached as <u>Exhibit 2</u>, <u>Exhibit 3</u>, <u>Exhibit 4</u>, and <u>Exhibit 5</u> to the Disclosure Statement Order, which are incorporated herein by reference.  The appropriate Ballot forms will be distributed to the Voting Classes.  All other classes under the Plan are either unimpaired and conclusively presumed to

accept the Plan, or will receive no distribution under the plan and are therefore deemed to reject the Plan.

**I.**    **Notices to Non-Voting Classes**

### *(1)  Notice of Non-Voting Status to Holders of Claims Deemed to Accept the Plan*

49.    Bankruptcy Rule 3017(d) further provides, in relevant part, as follows:

> [i]f the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).

50.    The Unimpaired Classes under the Plan is unimpaired, and, therefore, the holders of claims and interests in such class are conclusively presumed to accept the Plan. See 11 U.S.C. § 1126(f).

51.    The Debtors propose to send to holders of claims in the Unimpaired Classes a notice of non-voting status, substantially in the form attached to the Disclosure Statement Order as Exhibit 6 and incorporated herein by reference (the "Notice of Non-Voting Status – Unimpaired Classes").  The Notice of Non-Voting Status - Unimpaired Classes identifies the single unimpaired class and sets forth the manner in which holders of claims in such class may obtain a copy of the Plan and Disclosure Statement.  As requested above, the Debtors request that the Court determine that they are not required to distribute copies of the Plan or Disclosure Statement to any holder of a claim or equity interest in the Unimpaired Classes except upon request.

### *(2)  Notice of Non-Voting Status to Holders of Claims or Interests Deemed to Reject the Plan*

52.     The Non-Voting Impaired Classes are not receiving distributions under the Plan; thus, the holders of such interests are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.  *See* 11 U.S.C. § 1126(g); *In re Zenith Elec. Corp.*, 241 B.R. 92, 99 (Bankr. D. Del. 1999) (a class that would receive nothing under the debtor's proposed plan did not have the right to vote as it was conclusively presumed to have rejected the plan pursuant to 11 U.S.C. § 1126(g)).

53.     The Debtors propose to mail to the holder of interests in the Non-Voting Impaired Classes a notice of non-voting status substantially in the form attached as <u>Exhibit 7</u> to the Disclosure Statement Order and incorporated herein by reference (the "<u>Notice of Non-Voting Status – Impaired Classes</u>," and, together with the Notice of Non-Voting Status – Unimpaired Classes, the "<u>Notices to Non-Voting Classes</u>").  The Notice of Non-Voting Status – Impaired Classes informs the holders of interests in such Non-Voting Impaired Classes that they will receive no recovery under the Plan, are not entitled to vote, and therefore, are deemed to have rejected the Plan.  The Notice of Non-Voting Status - Impaired Classes also sets forth the manner in which the holders of interests in such class may obtain a copy of the Plan and Disclosure Statement. The Debtors submit that the Notices to Non-Voting Classes satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.  The Debtors request that the Court determine that they are not required to distribute copies of the Disclosure Statement Order, Plan, or Disclosure Statement to any holder of a claim or interest in the Non-Voting Impaired Classes, unless such party makes a request for copies of such documents to the Debtors in writing and such request is received by the Debtors on or before ten (10) days prior to the Voting Deadline.

**J.     <u>Establishing Voting Deadline for Receipt of Ballots</u>**

54.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests

may accept or reject a plan.  The Debtors anticipate completing mailing of the Solicitation Packages by the Solicitation Date (i.e., within five (5) days of approval of the Disclosure Statement).  Based on such schedule, the Debtors propose that to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and delivered to Omni Agent Solutions, the voting and balloting agent (the "Voting and Balloting Agent"), as appropriate, (i) by first-class mail, in the return envelope provided with each Ballot (ii) by overnight courier, (iii) by hand delivery, or (iv) through the online balloting portal on the Debtors' case website maintained by the Voting and Balloting Agent so that it is actually received by Voting and Balloting Agent no later than 4:00 p.m. (prevailing Eastern Time) on the date set forth in the accompanying order (the "Voting Deadline").  The Debtors submit that such solicitation period is a sufficient period within which creditors can make an informed decision whether to accept or reject the Plan.

**K.**           **Approval of Procedures for Vote Tabulation**

55.      Section 1126(c) of the Bankruptcy Code provides:

> [a]class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

56.      Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any claim, and without prejudice to the rights of the Debtors in any other context, the Debtors propose that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the amount

20

of such claim as set forth in the Schedules. The Debtors propose that the foregoing general procedure be subject to the following exceptions:

(a)     If a Claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)     If a Claim for which a proof of claim has been timely filed is contingent, unliquidated, or disputed, such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (g) below;

(c)     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)     If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (g) below;

(e)     If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, the Debtors propose that such claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f)     If a Claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g)     If the Debtors have served an objection or request for estimation as to a Claim at least 10 days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline;

(h)     For purposes of voting, classification and treatment under the Plan, each entity that holds or has filed more than one (1) Claim, shall be treated as if such entity has only one (1) Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregated Claims of such entity in each applicable Class;

(i)     Notwithstanding anything contained herein to the contrary, the Voting and Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects; and

(j)     There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan.

57.     The Debtors believe that the foregoing proposed procedures provide for a fair and equitable voting process.  If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such claimant to serve on counsel for the Debtors and the Creditors' Committee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.

58.     The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any claimant filing such a motion, such claimant's Ballot should not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

59.     In addition, the Debtors request that the following procedures apply with respect to ascertaining the intent of certain creditors who cast Ballots: (i) whenever a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots; (ii) whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to Voting and Balloting Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot be deemed to reflect the voter's intent to accept the Plan; and (iii) whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to Voting and Balloting Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot be deemed to reflect the voter's intent to accept the Plan.

10439065.v6

60.     The Debtors further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any Ballot for a Claim identified as unliquidated, contingent or disputed for which no proof of claim was timely filed; (v) any unsigned Ballot; or (vi) any Ballot transmitted to Voting and Balloting Agent by facsimile or other means not specifically approved herein.

## **NOTICES**

61.     The Debtors have served notice of this Motion on: (a) the U.S. Trustee; (b) counsel for the Creditors' Committee; and (c) all other parties who have filed requests for notice under Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

62.     On or before May 2, 2023, the Debtors shall have mailed the Disclosure Statement Notice to all parties required to receive such notice pursuant to Bankruptcy Rules 2002(b) and 3017(a), including, but not limited to, all creditors, and equity security holders.  The Disclosure Statement Notice states that (a) the Court will hold a hearing to consider approval of the Disclosure Statement at 10:00 a.m. (prevailing Eastern Time) on June 7, 2023, and (b) any objections to approval of the Disclosure Statement must be filed, together with proof of service, with the Court and served so that they are received no later than 4:00 p.m. (prevailing Eastern Time) on May 30, 2023.

63.     The Debtors submit that such notice is adequate and no other or further notice need be given.

WHEREFORE the Debtors respectfully request entry of an order granting the relief sought herein and such other and further relief as is just.

Dated:  May 2, 2023
Wilmington, Delaware

*/s/ Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:    dpacitti@klehr.com
            myurkewicz@klehr.com
            sveghte@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603
Email:   mbranzburg@klehr.com

*Counsel for the Debtors and Debtors in Possession*

10439065.v6