## EXHIBIT A

**Proposed Order**

10527023.v1

**+IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) ) ) | Case No. 23-10047 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No. 243, 353** |

**ORDER APPROVING STIPULATION GRANTING MARTIN KLEINMAN, ADMINISTRATOR OF THE ESTATE OF MALIK WILLIAMS RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO STATE COURT ACTION**

UPON CONSIDERATION of the Motion of the Estate of Malik S. Williams, Jr., Deceased for Relief from the Automatic Stay and for good cause shown,

IT IS HEREBY ORDERED that:

1. The Stipulation attached hereto as Exhibit 1 is approved.

2. The Parties to the Stipulation are authorized to take all actions necessary to effectuate the Stipulation.

3. This Order is effective immediately upon approval by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

10512261.v3

2

4. This Court shall retain jurisdiction with regard to all matters arising from or related to the implementation or interpretation of this Order.

10512261.v3

# **Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[2] | ) Case No. 23-10047 (LSS) |
| Debtors. | ) (Jointly Administered) |

### STIPULATION GRANTING MARTIN KLEINMAN, ADMINISTRATOR OF THE ESTATE OF MALIK WILLIAMS RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO STATE COURT ACTION

This stipulation (the "Stipulation") is entered into by and among the above-captioned debtors and debtors-in-possession (the "Debtors"), and Martin Klienman, Administrator of the Estate of Malik Williams, (the "Movant" and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

**WHEREAS**, on January 16, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, in March of 2020, Movant commenced an action in the Philadelphia County Court of Common Pleas, styled as *Martin I. Kleinman, Esquire as personal representative of the estate of Malik S. Williams, Jr., deceased v. Mr. Warren M. Garrett, Chongqing Huansong*

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

10512261.v3

*Science and Technology Industrial Co, LTD., Hisun Motors Corp, U.S.A., The Coleman Company, Inc., Mr. Antione S. Hardman, and Ms. Serita Hunter*, Civil Action Number 00398 (the "<u>State Court Action</u>") seeking damages, wrongful death, and survival claims; and

**WHEREAS**, the State Court Action has been stayed pursuant to the automatic stay under section 362 of the Bankruptcy Code; and

**WHEREAS,** on March 17, 2023, Movant filed the *Motion of the Estate of Malik S. Williams, Jr., Deceased for Relief from Automatic Stay*;[3] and

**WHEREAS**, on March 27, 2023, the Court entered an order approving the sale of substantially all of the Debtors' assets [Docket No. 270] (the "<u>Sale Order</u>"). The Sale Order approved an asset purchase agreement that set forth the terms of the sale from the Debtors to CPS USA Acquisition, LLC (together with its permitted successor, designees, and assigns, the "<u>Buyer</u>"). The sale closed on March 31, 2023.

**WHEREAS**, the Debtors and Movant have engaged in discussions and have agreed, subject to order of the Bankruptcy Court, to modify the automatic stay to allow Movant to continue the State Court Action solely against applicable insurance proceeds (if any) on the terms set forth below; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS HEREBY ORDERED THAT:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

---

[3] Docket No. 243.

2.	This Stipulation shall be effective upon the date the Bankruptcy Court enters an order approving the Stipulation (the "Agreement Effective Date").

3.	Upon the Agreement Effective Date, the automatic stay shall be modified for the sole and limited purpose of allowing Movant to continue the State Court Action and recover, if at all, solely from proceeds of the Debtors' applicable insurance policies ("Insurance Policies") provided by the Debtors' applicable insurance providers (the "Insurers").

4.	In consideration of the foregoing modification of the automatic stay solely on the terms and conditions set forth herein, Movant hereby waives and withdraws with prejudice: (i) any claims that have been, or may be filed or scheduled against any of the Debtors (other than pursuing the State Court Action against the Debtors' applicable Insurance Policies); and (ii) any right (if any) to receive any distributions from the Debtors' estates (other than from the proceeds of any applicable Insurance Policies).

5.	Other than pursuing the State Court Action against the Debtors' applicable Insurance Policies, Movant waives the right to seek satisfaction of, and is permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution or any other payment amount resulting from or in connection with the State Court Action or any facts giving rise to the State Court Action, from the Debtors, their estates, or the Buyer.  For the avoidance of doubt, other than the proceeds of the applicable Insurance Policies, Movant acknowledges and agrees that no judgment or award of any kind is enforceable against or recoverable from the assets of the Debtors, their estates, or the Buyer.  Movant shall take no action to enforce, collect, liquidate, or recover upon any judgment received in connection with the State Court Action or the Incident against the Debtors, the Buyer, or their property (other than from the proceeds of any applicable Insurance Policies).

10512261.v3

6. Movant may only continue the State Court Action nominally against the Debtors, and neither the Debtors, the Buyer, nor any affiliate, shall be obligated to: (i) pay any amounts owed or awarded in connection with the State Court Action, including, but not limited to, any monetary damages, insurance deductible, self-insured retention, or attorneys' fees and expenses; (ii) participate or otherwise expend any resources, financially or otherwise, with respect to the State Court Action; (iii) comply with any insurance policy provisions regarding the State Court Action; or (iv) pay or otherwise satisfy (a) any self-insured retention or deductible liability; (b) any obligation to post any security or deposit with an insurer pursuant to the terms of any insurance policy; (c) any defense costs; (d) any judgment; or (e) any other costs of any kind arising out of or related to the State Court Action, including, without limitation, costs associated with any discovery conducted during any action commenced by Movant in connection with the State Court Action.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors' estates regarding the State Court Action or any claim or cause of action or any other matter.

8. Each Party acknowledges that it has had sufficient opportunity to seek its own legal counsel regarding insurance coverage of the State Court Action and the availability of insurance proceeds with respect thereto. Each Party further acknowledges that it is not relying on any representation, opinion, or advice of any of Party regarding insurance coverage or availability of insurance proceeds with respect to the State Court Action, and Movant shall have no rights against the Debtors, the Buyer, or any affiliate, relating to insurance coverage or availability of insurance proceeds with respect to the State Court Action.

10512261.v3

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. This Stipulation may be executed in counterparts, each of which constitutes an original, and all of which, collectively constitute only one agreement. The signatures of each of the Parties need not appear on the same counterpart.

11. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto.

13. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first written below.

10512261.v3

| | |
|---|---|
| Dated: May 31, 2023 | Dated: May 31, 2023 |
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **ZAJAC & PADILLA, L.L.C.** |
| */s/ Michael W. Yurkewicz* | /s/ Eric G. Zajac |
| Domenic E. Pacitti (DE Bar No. 3989) | Eric G. Zajac |
| Michael W. Yurkewicz (DE Bar No. 4165) | 32 Parking Plaza, Suite 401 |
| 919 North Market Street, Suite 1000 | Ardmore, PA 19003 |
| Wilmington, Delaware 19801 | Telephone: (215) 575-7614 |
| Telephone: (302) 426-1189 | Eric@teamlawyers.com |
| Facsimile: (302) 426-9193 | |
| Email:    dpacitti@klehr.com | *Counsel for Movant Martin Kleinman as Administrator for the Estate of Malik Williams* |
|            myurkewicz@klehr.com | |
| *Counsel for the Debtors* | |

10512261.v3