# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PERFORMANCE POWERSPORTS GROUP | ) Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) FIXING THE VOTING RECORD DATE; (III) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE FORMS OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN; (VI) APPROVING THE FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN; (VII) FIXING THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN; AND (VIII) APPROVING PROCEDURES FOR VOTE TABULATIONS IN CONNECTION THEREWITH**

Upon the Motion, dated May 2, 2023, (the "Motion")[2] of the debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105, 502, 1125, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3017, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, 3020-1, 9013-1, and 9021-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order (i) approving the *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated May 2, 2023 (as the same may be further amended and modified, the "Disclosure Statement") under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but otherwise not defined herein shall have the meaning ascribed to them in the Motion.

section 1125 of the Bankruptcy Code; (ii) fixing a voting record date (the "Voting Record Date"); (iii) approving the notice of hearing and objection procedures (the "Confirmation Hearing Notice"), substantially in the form attached hereto as **Exhibit 1**, with respect to the confirmation of the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated May 2, 2023 (as the same may be further amended and modified, the "Plan"), and setting the date for the hearing on confirmation of the Plan; (iv) approving the Solicitation Packages and procedures for distribution thereof; (v) approving the form of Ballots, attached hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 5**, and **Exhibit 5**, and establishing procedures for voting on the Plan; (vi) approving the form of notices to the non-voting unimpaired classes under the Plan, attached hereto as **Exhibit 6**, and to the non-voting impaired classes under the Plan, attached hereto as **Exhibit 7**; (vii) fixing the voting deadline for creditors to accept or reject the Plan; and (viii) approving procedures for the tabulation of creditor votes; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the U.S. Trustee and (b) all other parties who have filed requests for notice under Bankruptcy Rule 2002; and a hearing having been held before the Court with respect to the Motion on June 7, 2023 (the "Hearing"); and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, estates, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.      The forms of the ballots with respect to the Plan (the "Ballots"), substantially in the forms attached hereto as **Exhibit 2, Exhibit 3, Exhibit 4,** and **Exhibit 5,** respectively, are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for each Class of Claims entitled under the Plan to vote to accept or reject the Plan.

C.      Ballots need not be provided to holders of Claims in Class 1 (Secured Tax Claims), Class 2, (Other Secured Claims), and Class 3 (Other Priority Claims) because they are conclusively presumed to accept the plan.  Ballots also need not be provided to the members of Class 6 (Intercompany Claims) because holders of such Claims will retain and receive no property under the Plan and are therefore deemed to reject the Plan.

D.      The period set forth below, during which the Debtors may solicit acceptance of the Plan, is a reasonable period of time for holders of Claims entitled to vote on the Plan to make an informed decision with respect to whether to accept or reject the Plan.

E.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provides for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the Confirmation Hearing, and the distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.       The Motion is GRANTED as set forth herein.

2.       The Disclosure Statement is APPROVED as set forth herein.

3.       Except as otherwise noted on the record of the Hearing, all objections to the Disclosure Statement are hereby OVERRULED.

4.       The Ballots are APPROVED.

5.       The Voting Record Date for purposes of determining creditors entitled to vote on the Plan or, in the case of non-voting classes to receive the Notice of Non-Voting Status – Unimpaired Classes or the Notice of Non-Voting Status – Impaired Classes,  as applicable, is June 7, 2023, *provided*, *however*, that with respect to a transferred claim, the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event that a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder as of the Voting Record Date of such transferred Claim.

6.       The Debtors shall complete the mailing of Solicitation Packages as soon as within five (5) business days of the entry of this Order, or as reasonably practicable thereafter (the "Solicitation Date"), and serve all known holders (as of the Voting Record Date) of claims in Class 4 (2021 Credit Agreement Claims), Class 5 (General Unsecured Claims), Class 7 (Subordinated Claims), and Class 8 (Interests)  (collectively, the Voting Classes") with a copy of: (i) this Order (without the exhibits attached hereto); (ii) the Confirmation Hearing Notice; (iii) the appropriate

4

form of Ballot to accept or reject the Plan with instructions and with a prepaid and pre-addressed return envelope; and (iv) the Plan and Disclosure Statement.[3]

7.      The Debtors shall complete, by no later than the Solicitation Date, the mailing of the Confirmation Hearing Notice to all parties who received the Disclosure Statement Notice.

8.      The Debtors shall complete, by no later than the Solicitation Date, the mailing of: (i) the Confirmation Hearing Notice; (ii) the appropriate form of Notice of Non-Voting Status – Unimpaired Classes to all known holders (as of the Voting Record Date) of claims in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims) and Class 3 (Other Priority Claims), and (iii) the Plan and Disclosure Statement.[4]

9.      The Debtors shall complete, by no later than the Solicitation Date, the mailing of: (i) the Confirmation Hearing Notice; (ii) the appropriate form of Notice of Non-Voting Status – Impaired Classes to all known holders (as of the Voting Record Date) of claims in Class 6 (Intercompany Claims); and (iii) the Plan and Disclosure Statement.[5]

10.      The Confirmation Hearing will be held at **[●]:[●] [●].m. (prevailing Eastern Time) on [●] [●], 2023**; *provided*, *however*, that the Confirmation Hearing may be continued from time-to-time by the Court or the Debtors, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matter scheduled for hearing filed with the Court.

---

[3]     Copies of the materials contained in the Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or USB at the Debtors' discretion; *provided*, *however*, that any party may request to receive paper copies of such materials from the Voting and Balloting Agent at no cost to such party.

[4]     Copies of the materials contained in the Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or USB at the Debtors' discretion; *provided*, *however*, that any party may request to receive paper copies of such materials from the Voting and Balloting Agent at no cost to such party.

[5]     Copies of the materials contained in the Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or USB at the Debtors' discretion; *provided*, *however*, that any party may request to receive paper copies of such materials from the Voting and Balloting Agent at no cost to such party.

11.     The Confirmation Hearing Notice, setting forth the time, date, and place of the Confirmation Hearing, substantially in the form attached hereto as **Exhibit 1**, is hereby APPROVED and deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002.  The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time on or before the date that is ten (10) business days from the entry of this Order in the national edition of the *New York Times* or *USA Today.* Copies of the Plan, Disclosure Statement and Confirmation Hearing Notice shall also be served upon the United States Attorney for the District of Delaware.

12.     Any objections to the confirmation of the Plan must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed, together with proof of service, with the Court and served so that they are actually filed and received by the following parties no later than **4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023** (the "Confirmation Objection Deadline"): (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (ii) counsel to the official committee of unsecured creditors Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); (iii) counsel to the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Ave, New York, NY 10022, Attn: Brian Schartz, P.C. (brian.schartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com);and (iv) Office of the United States Trustee, 844 King

Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov).

13.     Counsel for the Debtors are authorized to file and serve a confirmation brief, replies or an omnibus reply to any such objections no later than **4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023**.

14.     The Debtors shall not be required to send Solicitation Packages to (i) any holder of an unimpaired claim under the Plan, (ii) any holder of a Claim or equity interest in a Class under the Plan that is deemed to reject the Plan, (iii) any party who holds a claim that is not allowed, filed, or scheduled in the Debtors' schedules of assets and liabilities and the statements of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and the Official Bankruptcy Forms of the Bankruptcy Rules, as such schedules and statements have been or may be amended (the "Schedules") in an amount greater than $0 or scheduled as contingent, unliquidated, or disputed (where no timely Proof of Claim was filed), and (iv) a creditor that has a Claim that already has been paid in full; *provided*, *however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein.  If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve the Debtors and file with the Bankruptcy Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the service of notice of an objection or request for estimation, if any, as to such claim which must

7

be filed on or before June 17, 2023. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court prior to the Voting Deadline.

15.    With respect to addresses from which Disclosure Statement Notices were returned as undeliverable by the United States Postal Service, to the extent that the Debtors have email addresses for addressees of returned Disclosure Statement Notices the Debtors shall email such Disclosure Statement Notices, otherwise the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined below) nor constitute a violation of Bankruptcy Rule 3017(d). Any report or declaration of the voting results on the Plan shall also include a list of Solicitation Packages that remain undeliverable.

16.    A Notice of Non-Voting Status – Unimpaired Classes, substantially in the form attached hereto as **Exhibit 6**, which form is hereby APPROVED, shall be distributed to holders of claims in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), and Class 3 (Other Priority Claims) (the "Non-Voting Unimpaired Classes") and holders of unclassified, unimpaired claims, which claims are unimpaired under the Plan and therefore are not entitled to vote to accept or reject the Plan.

17.    A Notice of Non-Voting Status – Impaired Classes, substantially in the form attached hereto as **Exhibit 7**, which form is hereby APPROVED, shall be distributed to holders of claims in Class 6 (Intercompany Claims), which are not entitled to vote to accept or reject the Plan.

18.     The Notice of Non-Voting Status – Unimpaired Classes and Notice of Non-Voting Status – Impaired Classes satisfy the requirements of Bankruptcy Code and the Bankruptcy Rules and the Debtors therefore are not required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any holder of a claim or interest in the Non-Voting Unimpaired Classes and the Non-Voting Impaired Classes, unless such party in such Classes makes a request for copies of such documents to the Debtors in writing.

19.     Each Ballot must be properly executed, completed, and delivered to the Voting and Balloting Agent (i) by first-class mail, in the return envelope provided with each Ballot, (ii) by overnight courier, (iii) by hand delivery, or (iv) through the online balloting portal on the Debtors' case website maintained by the Voting and Balloting Agent so that it is actually received by Voting and Balloting Agent no later **4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023** (the "Voting Deadline").

20.     Solely for the purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules, *provided that*:

(a)     If a Claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)     If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated and/or wholly contingent (As determined on the face of the claim or after a reasonable review of supporting documentation by the Voting and Ballot Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such claim is disputed as set forth in subparagraph (h) below;

(c)     If a Claim has been estimated or otherwise allowed for voting purposes by order or the Court, such claim is temporarily allowed in the amount so estimated or allowed

by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)    If a proof of claim was timely filed in an amount that is liquidated and noncontingent, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below;

(e)    If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was (a) not filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) not deemed timely filed by an order of the Court prior to the Voting Deadline, then such claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f)    If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, ad not for purposes of allowance or distribution;

(g)    If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to Vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, or approval by the Debtors, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(h)    If the Debtors have filed any objection or request for estimation as to a Claim on or before the Solicitation Date, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the court before the Voting Deadline (any objections to Claims filed after Solicitation Date shall not affect the voting rights of the Holder of a Claim subject to such objection for purposes of this provision);

(i)    Proofs of claim filed for $0.00 are not entitled to vote;

(j)    For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one (1) Claim, shall be treated as if such entity has only (1) Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregate Claims of such entity in each applicable Class;

(k)    Any entity that filed or purchased duplicate claims against one or more Debtors within the same Class shall be provided with only one Solicitation Package and one

10

ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(l)     Notwithstanding anything contained herein to the contrary, the Voting and Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects; and

(m)     There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan.

21.     Each of the creditors that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim therefor.

22.     Whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots.

23.     Any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each such Claim.

24.     Claimants must vote all of their Claims within a particular Class under the Plan, whether or not such Claims are asserted against the same or multiple Debtors, either to accept or reject the Plan and may not split their vote(s), and thus a Ballot that partially rejects and partially accepts the Plan shall not be counted.

25.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan; (iv) subject to paragraph 20(e) herein, any Ballot cast for a Claim identified in the Schedules as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (v) any Ballot cast for a Claim for which an objection or request for estimation

11

has been filed on or before the Solicitation Date as set forth herein; (vi) any unsigned Ballot or Ballot that does not contain an original signature; (vii) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein; or (viii) any Ballot that is otherwise properly completed, executed, and timely returned, but not does indicate a vote to accept or reject the Plan or that indicates a vote to both accept and reject the Plan.

26.     The Debtors further propose that, in consultation with the Creditors' Committee, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot (other than unsigned ballots) at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting and Balloting Agent.

27.     Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

28.     The Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and relief granted in this Order without seeking further order of the Court.

29.     The Debtors are authorized, upon notice to the U.S. Trustee and the Creditors' Committee, to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their mailing.

30.     All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

PHIL1
10439076.v11

31.    Any report or declaration of the voting results on the Plan shall also include a list of parties that affirmatively "opt-out" of the Third -Party Release in  <u>Article IX</u> of the Plan.

**Exhibit 1**

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS GROUP | ) | Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT;
(II) ESTABLISHMENT OF THE VOTING RECORD DATE;
(III) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES
FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND
(IV) PROCEDURES AND DEADLINE OR VOTING ON THE PLAN**

PLEASE TAKE NOTICE that:

1.      ***Approval of Disclosure Statement.***  By order dated [●] [●], 2023 (the "Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, the "Disclosure Statement") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), and directed the Debtors to solicit votes with regards to the approval or rejection of the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, the "Plan"), attached as Exhibit B to the Disclosure Statement.  Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

2.      ***Confirmation Hearing.***  A hearing to consider the confirmation of the Plan will be held on [●] [●], **2023 at [●]:[●] [●].m. (prevailing Eastern Time)** (the "Confirmation Hearing") before the Honorable Laurie Selber Silverstein, Chief United States Bankruptcy Judge for the District of Delaware, 824 North Market Street, Courtroom #2, 6th Floor, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued from time-to-time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

3.      ***Record Date for Voting Purposes.***  [●] [●], **2023** is the voting record date (the "Voting Record Date") for purposes of determining which creditors are entitled to vote on the Plan.  Therefore, only those creditors in a class entitled to vote on the Plan and holding claims against one or more of the Debtors as of the Voting Record Date are entitled to vote on the Plan *provided*, *however*, that with respect to any transferred claim the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder as of the Voting Record Date of such transferred Claim.

4.      ***Voting Deadline.***  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Omni Agent Solutions ("Omni"), by no later than **4:00 p.m.**

2

**(prevailing Eastern Time) on [●] [●], 2023** (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

     5.    ***Parties in Interest Not Entitled to Vote.***  The following claimants and equity interest holders are not entitled to vote on the Plan: (i) holders of unimpaired claims; (ii) holders of claims or interests who will receive no distribution at all under the Plan; (iii) holder of claims that are disallowed for voting purposes in accordance with the Order; and (iv) holders of claims that are the subject of filed objections or requests for estimation as of **June 17, 2023**. If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions, if any, must be filed and served on or before **June 27, 2023**. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court. Creditors may contact Omni by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA, 91367; or by emailing performancepowersportsinquiries@omniagnt.com.com and referencing "Performance Powersports Group Investor, LLC" in the subject line to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Rule 2018(a) Motion has been granted. Rule

3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

6.    ***Parties in Interest Entitled to Vote.***  Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules, *provided that*:

(a)    If a Claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)    If a Claim for which a proof of claim has been timely filed is contingent, unliquidated, or disputed in full (as may be reasonably determined by the Debtors or the Voting and Balloting Agent after receipt of the claim supporting documents), such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (h) below;

(c)    If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)    If a proof of claim was timely filed in an amount that is liquidated, noncontingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below;

(e)    If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, that such claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f)    If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g)     If a proof of claim has been amended by a later filed proof of claim ,the later filed amending claim shall be entitled to Vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(h)     If the Debtors have filed an objection or request for estimation as to a Claim on or before the Solicitation Date, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline (any objections to Claims filed after Solicitation Date shall not affect the voting rights of the Holders of a Claim subject to such objection for purposes of this provision);

(i)      Proofs of claim filed for $0.00 are not entitled to vote;

(j)     For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one (1) Claim, shall be treated as if such entity has only (1) Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregate Claims of such entity in each applicable Class;

(k)     Any entity that filed or purchased duplicate claims against one or more Debtors within the same Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(l)     Notwithstanding anything contained herein to the contrary, the Voting and Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects; and

(m)    There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan.

7.     ***Objections to Confirmation.***  Objections, if any, to confirmation of the Plan must:

(a)     be in writing;

(b)     state the name and address of the objecting party and the nature of the claim or interest of such party;

(c)     state with particularity the basis and nature of any objection;

<div align="center">5</div>

(d)    be filed, together with proof of service, with the Bankruptcy Court; and

(e)    be served upon (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (ii) counsel to the official committee of unsecured creditors Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); (iii) counsel to the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Ave, New York, NY 10022, Attn: Brian Schartz, P.C. (brian.schartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com); and (iv) Office of the United States Trustee, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov); so as to be filed with the Bankruptcy Court in accordance with paragraph 7(d) above and served and actually received by the parties listed in this paragraph 7(e) **by no later than 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023.**

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**  The Debtors may serve replies to such responses or objections by no later than **4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023**.

8.    ***Additional Information.***  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting agent, Omni Agent Solutions at (747) 263-0129(toll-free in the United States) or (888) 729-6139 (international); or by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367,  by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by emailing performancepowersportsinquiries@omniagnt.com and referencing "Performance Powersports Group Investor, LLC" in the subject line; or vising the

6

Debtors' website at https://omniagentsolutions.com/PerformancePowersports where documents may be viewed or downloaded free of charge; or the Bankruptcy Court's website: www.deb.uscourts.gov.  Please note that a PACER (http://pacer.psc.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website (www.deb.uscourts.gov).

9.      ***Exculpation; Debtor Releases; Liabilities to, and Rights of, Governmental Units; and Injunction.***  **The Plan provides for the following provisions in Article IX:**

A.      *Satisfaction and Release of Claims and Interests.*

**In consideration for the distributions and other benefits provided pursuant to the Plan, or in any contract, instrument, or other agreement or document created pursuant to or in connection with the Plan, the distributions, rights, and treatment that are provided in the Plan shall, except as expressly provided in the Plan, be in complete satisfaction and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not:  (1) a Proof of Claim or Proof of Interest based upon such debt, right, or Interest is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan.  Subject to the occurrence of the Effective Date, the Confirmation Order shall be a judicial determination of the satisfaction and release of all Claims and Interests against and in the Debtors.**

B.      *Liabilities to, and Rights of, Governmental Units.*

**Notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing in the Confirmation Order or the Plan discharges, releases, precludes, or enjoins: (1) any liability to any Governmental Unit that is not a Claim; (2) any Claim of a Governmental Unit arising after the Effective Date; (3) any police power or regulatory liability to a Governmental Unit that any Entity would be subject to as the**

7

owner or operator of any property after the Effective Date; (4) the rights of any Governmental Unit with respect to the transfer or assignment of any license, permit, registration, authorization, or approval, in each case, to the extent provided under applicable law; and/or (5) any liability to a Governmental Unit on the part of any Entity.

C.      *Exculpation.*

Effective as of the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; provided, however, that the foregoing exculpation shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

D.      *Release*

Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

1.      Releases by the Debtors

Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan ( including, without limitation, the exclusion of the Retained Causes of Action), for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Debtors and their Estates from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any Released Party, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases,

8

the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

2.      Releases by Holders

Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the

9

Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

E.    *Injunction.*

Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, hold or may hold a Claim, Cause of Action, or other debt or liability against any Released Party or Exculpated Party that have been released and/or exculpated under the this Plan (the "Released/Exculpated Claims") are permanently enjoined from taking any of the following actions against any Released Party and Exculpated Party: (i) commencing or continuing, in any manner or in any place, any action or other proceeding on account of such Released/Exculpated Claim; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order on account of such Released/Exculpated Claim; (iii) creating, perfecting or enforcing any lien or encumbrance on account of such Released/Exculpated Claim; (iv) asserting any right of setoff (other than setoffs exercised prior to the Petition Date), or subrogation of any kind against any debt, liability or obligation on account of or in connection with or with respect to any Released/Exculpated Claim; and (c) commencing or continuing in any manner or in any place, any action that does not comply with or is inconsistent with this provision; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct; provided further, however, that the foregoing injunction does not apply to any actions taken with respect to any party's obligations or remedies under the Plan, the Sale Order, the Asset Purchase Agreement or any other or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

F.    *Term of Injunctions or Stays.*

Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to section 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and existent on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

The Plan also provides for the following definitions of "Released Party" and "Releasing Parties":

"*Released Party*" means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.

"*Releasing Parties*" means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the foregoing entities in clauses (a) through (f), each and all of such entities' direct and indirect current and former:  equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners (including general partners and limited partners), managed accounts or funds, management companies, fund advisors, investors, beneficial owners, managing members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.

PHIL1
10439076.v11

**PLEASE TAKE FURTHER NOTICE THAT** unless you affirmatively "opt-out" of the Third -Party Release in <u>Article IX</u> of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in <u>Article IX</u> of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** creditors who are entitled to vote but do not vote or do not submit a ballot or "abstain" from voting affirmatively "opt-out" of the Third -Party Release in <u>Article IX</u> of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in <u>Article IX</u> of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOICE THAT** "opting-out" of the Third -Party Release in <u>Article IX</u> of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.

You are advised to review and consider the Plan, including the Release, Exculpation, and Injunction provisions in <u>Article IX</u> carefully.

<table>
<tr><td>Dated:  June [●], 2023<br>Wilmington, Delaware</td><td><u>/s/ DRAFT</u><br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:     (302) 426-1189<br>Facsimile:     (302) 426-9193<br>Email:    dpacitti@klehr.com<br>            myurkewicz@klehr.com<br>            sveghte@klehr.com<br><br>-and-<br><br>Morton R. Branzburg (admitted *pro hac vice*)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone:     (215) 569-2700<br>Facsimile:     (215) 568-6603<br>Email:   mbranzburg@klehr.com<br><br>*Counsel for the Debtors and Debtors in Possession*</td></tr>
</table>

12

13

**Exhibit 2**

**Ballot for Class 4 (2021 Credit Agreement Claims)**

14

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | Case No. 23-10047 (LSS) |
| Debtors. | (Jointly Administered) |

### CLASS 4:  2021 CREDIT AGREEMENT CLAIMS BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE ADDRESSED TO OMNI AGENT SOLUTIONS (THE "VOTING AND BALLOTING AGENT").  THIS BALLOT MUST BE RECEIVED BY THE VOTING AND BALLOTING AGENT NO LATER THAN 4:00 P.M. (PREVAILING EASTERN TIME) ON [●] [●], 2023 (THE "VOTING DEADLINE").  IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTOR MAY REJECT SUCH BALLOT AS INVALID.  IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WIL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

Performance Powersports Group Investor, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed their *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Plan") for the Debtors in this Case.[2]  The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement filed by the Debtors with respect to the Plan.

This Ballot is being sent to you because our records indicate that you are a holder of one or more 2021 Credit Agreement Claim(s) as defined in the Plan, as of June [●], 2023 (the "Voting

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]     Capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan.

Record Date"), and, accordingly, you have the right to vote to accept or reject the Plan.  Your rights are described in the Disclosure Statement and the Plan, both accompanying this Ballot.

The Disclosure Statement and Plan provide information to assist you in deciding how to vote your Ballot.  If you do not have a copy of the Disclosure Statement or Plan, you may request copies from Omni Agent Solutions by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by emailing performancepowersportsinquiries@omniagnt.com and referencing "Performance Powersports Group Investor, LLC" in the subject line.  Additionally, copies of the Disclosure Statement and Plan may be viewed or downloaded free of charge by visiting the Debtors' website at https://omniagentsolutions.com/PerformancePowersports where documents may be viewed or downloaded free of charge.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 4 – 2021 Credit Agreement Claims against the Debtors, under the Plan.  If you hold claims or equity interests in more than one class under the Plan, you will receive a separate ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by the Voting or Balloting Agent on or before 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023 (the "Voting Deadline"), then your vote will not be counted as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

This Ballot is to be used solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of the First Lien Credit Agreement Claims.

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1:      AMOUNT OF FIRST LIEN CREDIT AGREEMENT CLAIM.**  For purposes of voting to accept or reject the Plan, the undersigned holds a 2021 Credit Agreement Claim(s) in the amount set forth below.[3]

$\boxed{\text{\$\underline{\hspace{5cm}}}}$

**ITEM 2:      VOTE ON THE PLAN.**  The undersigned holder of a 2021 Credit Agreement Claim(s) in the amount set forth in Item 1 above hereby votes to:

<u>Check one box:</u>

□   <u>ACCEPT</u> THE PLAN

□   <u>REJECT</u> THE PLAN

**ITEM 3:      OPTIONAL RELEASE ELECTION.  By checking the box set forth below, the undersigned Holder of the Class 4 – 2021 Credit Agreement Claim(s) identified herein elects <u>TO NOT GRANT THE RELEASE</u> set forth in Article IX.D of the Plan, which is also set forth below:**

**Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any**

---

[3]     For voting purposes only, subject to tabulation rules.

other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

**The Plan also provides for the following definitions of "Released Party" and "Releasing Parties" as used in Article IX.D of the Plan:**

*"Released Party"* means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.

*"Releasing Parties"* means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the foregoing entities in

4

clauses (a) through (f), each and all of such entities' direct and indirect current and former:  equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners (including general partners and limited partners), managed accounts or funds, management companies, fund advisors, investors, beneficial owners, managing members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.

In making no affirmative election to "opt out" – including failing to make an election and return this Ballot in a timely manner – the Holder of a Class 4 – First Lien Credit Agreement Claim(s) **EFFECTIVELY RELEASES** all claims against the Released Parties defined in the Plan.

☐    **DOES NOT GRANT THE RELEASE SET FORTH IN ARTICLE IX.D OF THE PLAN**

---

**PLEASE TAKE FURTHER NOTICE THAT** unless you affirmatively "opt-out" of the Third -Party Release in  Article IX of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in Article IX of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** creditors who are entitled to vote but do not vote or do not submit a ballot or "abstain" from voting affirmatively "opt-out" of the Third -Party Release in  Article IX of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in Article IX of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOICE THAT** "opting-out"  of the Third -Party Release in Article IX of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.

**You are advised to review and consider the Plan, including the Release, Exculpation, and Injunction provisions in Article IX carefully.**

---

**ITEM 4:    ACKNOWLEDGEMENTS AND CERTIFICATION.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement including all exhibits thereto.  The undersigned certifies that it (i) is the holder of a 2021 Credit Agreement Claim(s) identified in Item 1 above and/or (ii) has full power

5

and authority to vote to accept or reject the Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name if Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Address: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

---

**By first class mail or overnight or hand delivery to:**

Performance Powersports Group Investor, LLC, *et al.*,
Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

---

**OR**

**VISIT https://omniagentsolutions.com/PerformancePowersports-Ballots TO CAST YOUR BALLOT VIA
"E-BALLOT" SUBMISSION**

---

**HOW TO COMPLETE YOUR BALLOT ONLINE.**

1.    Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
2.    Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
3.    Follow the directions to submit your Ballot.

---

6

**YOUR BALLOT MUST BE RETURNED SO THAT IT IS ACTUALLY *RECEIVED* BY THE VOTING AND BALLOTING AGENT NO LATER THAN THE 4:00 P.M. (PREVAILING EASTERN TIME) [●] [●], 2023, VOTING DEADLINE.**

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF: CLASS 4 – 2021 CREDIT AGREEMENT CLAIM(S)**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, the "Plan") and *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, "Disclosure Statement").  All capitalized terms used but not otherwise defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by Class 4 if it is accepted by the holders of two-thirds in dollar amount and more than one-half in number of the Allowed Claims in Class 4 that have voted to accept or reject the Plan.  In the event that Class 4 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 4 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.      To have your vote counted, you must complete, sign and return this Ballot to Omni Agent Solutions (the "Voting and Balloting Agent") so that it is received no later than **4:00 p.m. (prevailing Eastern time) on  [●] [●], 2023** (the "Voting Deadline").  Ballots may be delivered by mail in the return envelope provides or as follows:

> **By first class mail or overnight or hand delivery to:**
>
> Performance Powersports Group Investor, LLC, *et al.*,
> Ballot Processing
> c/o Omni Agent Solutions
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

**OR VIA "E-BALLOT" SUBMISSION.**

---

**HOW TO COMPLETE YOUR BALLOT ONLINE.**
1.     Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
2.     Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
3.     Follow the directions to submit your Ballot.

---

**Ballots will not be accepted by email or facsimile.**

4.     To properly complete the Ballot, you must follow the procedure described below:

     a.     make sure that the information contained in Item 1 is correct;

     b.     if you have a Claim in Class 4, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

     c.     if you are completing this Ballot on behalf of another entity, indicating your relationship with such entity and the capacity in which you are signing and if requested, submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

     d.     if you also hold Claims in a Class other than Class 4, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for the Class of Claims in accordance with the instructions on that Ballot;

     e.     if you believe that you have received the wrong Ballot, please contact the Voting and Balloting Agent immediately;

     f.     provide your name and mailing address;

     g.     sign and date your Ballot; and

     h.     return your originally signed Ballot so that it is <u>received</u> by the Voting Deadline.

5.     The following Ballots will <u>not</u> be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Ballot not bearing an original signature; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan; and/or (f) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein.

6.     Ballots received after the Voting Deadline will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Holders should

be allowed sufficient time to assure time delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Voting and Balloting Agent.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY TELEPHONE AT** (747) 263-0129 **(TOLL-FREE IN THE UNITED STATES) OR (**888) 729-6139 **(INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO** performancepowersportsinquiries@omniagnt.com**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**Exhibit 3**

**Ballot for Class 5 (General Unsecured Claims)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| PERFORMANCE POWERSPORTS GROUP | ) Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

### CLASS 5:  GENERAL UNSECURED CLAIMS BALLOT FOR
### ACCEPTING OR REJECTING DEBTORS' JOINT CHAPTER 11 PLAN OF
### LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE ADDRESSED TO OMNI AGENT SOLUTIONS (THE "VOTING AND BALLOTING AGENT"). THIS BALLOT MUST BE RECEIVED BY THE VOTING AND BALLOTING AGENT NO LATER THAN 4:00 P.M. (PREVAILING EASTERN TIME) ON [●] [●], 2023 (THE "VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTOR MAY REJECT SUCH BALLOT AS INVALID. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WIL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

Performance Powersports Group Investor, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Plan") for the Debtors in this Case.[2]  The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement filed by the Debtors with respect to the Plan.

This Ballot is being sent to you because our records indicate that you are a holder of one or more General Unsecured Claim(s) as defined in the Plan, as of [●] [●], 2023 (the "Voting Record

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]       Capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan.

<u>Date</u>"), and, accordingly, you have the right to vote to accept or reject the Plan.  Your rights are described in the Disclosure Statement and the Plan, both accompanying this Ballot.

The Disclosure Statement and Plan provide information to assist you in deciding how to vote your Ballot.  If you do not have a copy of the Disclosure Statement or Plan, you may request copies from Omni Agent Solutions by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by emailing performancepowersportsinquiries@omniagnt.com and referencing "Performance Powersports Group Investor, LLC" in the subject line.  Additionally, copies of the Disclosure Statement and Plan may be viewed or downloaded free of charge by visiting the Debtors' website at https://omniagentsolutions.com/PerformancePowersports where documents may be viewed or downloaded free of charge.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 5 – General Unsecured Claims against the Debtors, under the Plan.  If you hold claims or equity interests in more than one class under the Plan, you will receive a separate ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by the Voting or Balloting Agent on or before 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023 (the "<u>Voting Deadline</u>"), then your vote will not be counted as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

<u>**ACCEPTANCE OR REJECTION OF THE PLAN**</u>

This Ballot is to be used solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of the General Unsecured Claims.

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1:      AMOUNT OF GENERAL UNSECURED CLAIM.**  For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim(s) in the amount set forth below.[3]

$\$$ _____

**ITEM 2:      VOTE ON THE PLAN.**  The undersigned holder of a General Unsecured Claim(s) in the amount set forth in Item 1 above hereby votes to:

<u>Check one box:</u>

☐      <u>**ACCEPT**</u> THE PLAN

☐      <u>**REJECT**</u> THE PLAN

**ITEM 3:      OPTIONAL RELEASE ELECTION.  By checking the box set forth below, the undersigned Holder of the Class 5 – General Unsecured Claim(s) identified herein elects <u>TO NOT GRANT THE RELEASE</u> set forth in Article IX.D of the Plan, which is also set forth below:**

> **Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or**

---

[3]      For voting purposes only, subject to tabulation rules.

sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; <u>provided</u>, <u>however,</u> that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

**The Plan also provides for the following definitions of "Released Party" and "Releasing Parties" as used in Article IX.D of the Plan:**

"*Released Party*" means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.

"*Releasing Parties*" means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the foregoing entities in clauses (a) through (f), each and all of such entities' direct and indirect current and former:  equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners

4

(including general partners and limited partners), managed accounts or funds, management companies, fund advisors, investors, beneficial owners, managing members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.

In making no affirmative election to "opt out" – including failing to make an election and return this Ballot in a timely manner – the Holder of a Class 5 – General Unsecured Claim(s) **EFFECTIVELY RELEASES** all claims against the Released Parties defined in the Plan.

☐ **DOES NOT GRANT THE RELEASE SET FORTH IN ARTICLE IX.D OF THE PLAN**

> **PLEASE TAKE FURTHER NOTICE THAT unless you affirmatively "opt-out"**
> of the Third -Party Release in **Article IX** of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in **Article IX** of the Plan by
> **4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you**
> will be deemed to have consented to and bound by such provisions of the Plan.
>
> **PLEASE TAKE FURTHER NOTICE THAT** creditors who are entitled to vote but do not vote or do not submit a ballot or "abstain" from voting affirmatively "opt-out"
> of the Third -Party Release in **Article IX** of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in **Article IX** of the Plan by
> **4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you**
> will be deemed to have consented to and bound by such provisions of the Plan.
>
> **PLEASE TAKE FURTHER NOICE THAT** "opting-out"  of the Third -Party Release in **Article IX** of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.
>
> You are advised to review and consider the Plan, including the Release, Exculpation, and Injunction provisions in **Article IX** carefully.

**ITEM 4:     ACKNOWLEDGEMENTS AND CERTIFICATION.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement including all exhibits thereto.  The undersigned certifies that it (i) is the holder of a General Unsecured Claim(s) identified in Item 1 above and/or (ii) has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

5

Print or Type Name of Claimant: _____

Signature: _____

Name if Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Address: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

---

**By first class mail or overnight or hand delivery to:**

Performance Powersports Group Investor, LLC, *et al.*,
Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

---

**OR**

**PLEASE VISIT https://omniagentsolutions.com/PerformancePowersports-BallotsTO CAST YOUR "E-BALLOT"**

**VIA "E-BALLOT"**

---

**HOW TO COMPLETE YOUR BALLOT ONLINE.**

1.      Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
2.      Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
3.      Follow the directions to submit your Ballot.

---

6

**YOUR BALLOT MUST BE RETURNED SO THAT IT IS ACTUALLY *RECEIVED* BY THE VOTING AND BALLOTING AGENT NO LATER THAN THE 4:00 P.M. (PREVAILING EASTERN TIME) [●] [●], 2023, VOTING DEADLINE.**

7

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF:**
**CLASS 5 – GENERAL UNSECURED CLAIM(S)**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, the "Plan") and *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, "Disclosure Statement"). All capitalized terms used but not otherwise defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan will be accepted by Class 5 if it is accepted by the holders of two-thirds in dollar amount and more than one-half in number of the Allowed Claims in Class 5 that have voted to accept or reject the Plan. In the event that Class 5 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 5 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.  To have your vote counted, you must complete, sign and return this Ballot to Omni Agent Solutions (the "Voting and Balloting Agent") so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on  [●] [●], 2023** (the "Voting Deadline"). Ballots may be delivered by mail in the return envelope provides or as follows:

> **By first class mail or overnight or hand delivery to:**
> Performance Powersports Group Investor, LLC, *et al.*,
> Ballot Processing
> c/o Omni Agent Solutions
>  5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

**OR VIA "E-BALLOT" SUBMISSION.**

> **HOW TO COMPLETE YOUR BALLOT ONLINE.**
> 1.  Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
> 2.  Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
> 3.  Follow the directions to submit your Ballot.

**Ballots will not be accepted by email or facsimile.**

4.      To properly complete the Ballot, you must follow the procedure described below:

      a.      make sure that the information contained in Item 1 is correct;

      a.      if you have a Claim in Class 5, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

      b.      if you are completing this Ballot on behalf of another entity, indicating your relationship with such entity and the capacity in which you are signing and if requested, submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

      c.      if you also hold Claims in a Class other than Class 5, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for the Class of Claims in accordance with the instructions on that Ballot;

      d.      if you believe that you have received the wrong Ballot, please contact the Voting and Balloting Agent immediately;

      e.      provide your name and mailing address;

      f.      sign and date your Ballot; and

      g.      return your originally signed Ballot so that it is received by the Voting Deadline.

5.      The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Ballot not bearing an original signature; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan; and/or (f) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein.

6.      Ballots received after the Voting Deadline will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Holders should be allowed sufficient time to assure time delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Voting and Balloting Agent.

PHIL1
10439076.v11

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY TELEPHONE AT** (747) 263-0129 **(TOLL-FREE IN THE UNITED STATES) OR** (888) 729-6139 **(INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO** performancepowersportsinquiries@omniagnt.com**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

10

**<u>Exhibit 4</u>**

**Ballot for Class 7 (Subordinated Claims)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PERFORMANCE POWERSPORTS GROUP | ) | Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### CLASS 7:  SUBORDINATED CLAIMS BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE ADDRESSED TO OMNI AGENT SOLUTIONS (THE "VOTING AND BALLOTING AGENT").  THIS BALLOT MUST BE RECEIVED BY THE VOTING AND BALLOTING AGENT NO LATER THAN 4:00 P.M. (PREVAILING EASTERN TIME) ON [●] [●], 2023 (THE "VOTING DEADLINE").  IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTOR MAY REJECT SUCH BALLOT AS INVALID.  IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WIL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

Performance Powersports Group Investor, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Plan") for the Debtors in this Case.[2]  The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement filed by the Debtors with respect to the Plan.

This Ballot is being sent to you because our records indicate that you are a holder of one or more General Unsecured Claim(s) as defined in the Plan, as of [●] [●], 2023 (the "Voting Record

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]      Capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan.

Date"), and, accordingly, you have the right to vote to accept or reject the Plan.  Your rights are described in the Disclosure Statement and the Plan, both accompanying this Ballot.

The Disclosure Statement and Plan provide information to assist you in deciding how to vote your Ballot.  If you do not have a copy of the Disclosure Statement or Plan, you may request copies from Omni Agent Solutions by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by emailing performancepowersportsinquiries@omniagnt.com and referencing "Performance Powersports Group Investor, LLC" in the subject line.  Additionally, copies of the Disclosure Statement and Plan may be viewed or downloaded free of charge by visiting the Debtors' website at https://omniagentsolutions.com/PerformancePowersports where documents may be viewed or downloaded free of charge.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 7 – Subordinated Claims against the Debtors, under the Plan.  If you hold claims or equity interests in more than one class under the Plan, you will receive a separate ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by the Voting or Balloting Agent on or before 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023 (the "Voting Deadline"), then your vote will not be counted as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

This Ballot is to be used solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of the Subordinated Claims.

2

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1:      AMOUNT OF GENERAL UNSECURED CLAIM.**  For purposes of voting to accept or reject the Plan, the undersigned holds a Subordinated Claim(s) in the amount set forth below.[3]

<div style="border:1px solid">
$_____
</div>

**ITEM 2:      VOTE ON THE PLAN.**  The undersigned holder of a Subordinated Claim(s) in the amount set forth in Item 1 above hereby votes to:

<u>Check one box:</u>

□      **ACCEPT** THE PLAN

□      **REJECT** THE PLAN

**ITEM 3:      OPTIONAL RELEASE ELECTION.  By checking the box set forth below, the undersigned Holder of the Class 7 – Subordinated Claim(s) identified herein elects <u>TO NOT GRANT THE RELEASE</u> set forth in Article IX.D of the Plan, which is also set forth below:**

> **Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the**

---

[3]      For voting purposes only, subject to tabulation rules.

Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; <u>provided</u>, <u>however</u>, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

The Plan also provides for the following definitions of "Released Party" and "Releasing Parties" as used in Article IX.D of the Plan:

*"Released Party"* means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.

*"Releasing Parties"* means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the foregoing entities in clauses (a) through (f), each and all of such entities' direct and indirect current and former: equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners (including general partners and limited partners), managed accounts or funds,

4

**management companies, fund advisors, investors, beneficial owners, managing members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.**

**In making no affirmative election to "opt out" – including failing to make an election and return this Ballot in a timely manner – the Holder of a Class 7 – Subordinated Claim(s) EFFECTIVELY RELEASES all claims against the Released Parties defined in the Plan.**

☐ **DOES NOT GRANT THE RELEASE SET FORTH IN ARTICLE IX.D OF THE PLAN**

---

**PLEASE TAKE FURTHER NOTICE THAT unless you affirmatively "opt-out"** of the Third -Party Release in **Article IX** of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in **Article IX** of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** creditors who are entitled to vote but do not vote or do not submit a ballot or "abstain" from voting affirmatively "opt-out" of the Third -Party Release in **Article IX** of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in **Article IX** of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOICE THAT "opting-out"  of the Third -Party Release in Article IX of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.**

**You are advised to review and consider the Plan, including the Release, Exculpation, and Injunction provisions in Article IX carefully.**

---

**ITEM 4:     ACKNOWLEDGEMENTS AND CERTIFICATION.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement including all exhibits thereto.  The undersigned certifies that it (i) is the holder of a Subordinated Claim(s) identified in Item 1 above and/or (ii) has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name if Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Address: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

---

**By first class mail or overnight or hand delivery to:**

Performance Powersports Group Investor, LLC, *et al.*,
Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

---

**OR**

**PLEASE VISIT https://omniagentsolutions.com/PerformancePowersports-BallotsTO CAST YOUR "E-BALLOT"**

**VIA "E-BALLOT"**

---

**HOW TO COMPLETE YOUR BALLOT ONLINE.**

1.    Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
2.    Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
3.    Follow the directions to submit your Ballot.

---

**YOUR BALLOT MUST BE RETURNED SO THAT IT IS ACTUALLY *RECEIVED* BY THE VOTING AND BALLOTING AGENT NO LATER THAN THE 4:00 P.M. (PREVAILING EASTERN TIME) [●] [●], 2023, VOTING DEADLINE.**

PHIL1
10439076.v11

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF:**
**CLASS 7 – SUBORDINATED CLAIM(S)**

1.       This Ballot is submitted to you to solicit your vote to accept or reject the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, the "Plan") and *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, "Disclosure Statement").  All capitalized terms used but not otherwise defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.       The Plan will be accepted by Class 7 if it is accepted by the holders of two-thirds in dollar amount and more than one-half in number of the Allowed Claims in Class 7 that have voted to accept or reject the Plan.  In the event that Class 7 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 7 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.       To have your vote counted, you must complete, sign and return this Ballot to Omni Agent Solutions (the "Voting and Balloting Agent") so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on  [●] [●], 2023** (the "Voting Deadline").  Ballots may be delivered by mail in the return envelope provides or as follows:

<div style="border:1px solid black; padding:10px;">

**By first class mail or overnight or hand delivery to:**
Performance Powersports Group Investor, LLC, *et al.*,
Ballot Processing
c/o Omni Agent Solutions
 5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

</div>

**OR VIA "E-BALLOT" SUBMISSION.**

<div style="border:1px solid black; padding:10px;">

**HOW TO COMPLETE YOUR BALLOT ONLINE.**
1.       Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
2.       Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
3.       Follow the directions to submit your Ballot.

</div>

**Ballots will not be accepted by email or facsimile.**

4.      To properly complete the Ballot, you must follow the procedure described below:

    a.      make sure that the information contained in Item 1 is correct;

    h.      if you have a Claim in Class 7, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    i.      if you are completing this Ballot on behalf of another entity, indicating your relationship with such entity and the capacity in which you are signing and if requested, submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    j.      if you also hold Claims in a Class other than Class 7, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for the Class of Claims in accordance with the instructions on that Ballot;

    k.      if you believe that you have received the wrong Ballot, please contact the Voting and Balloting Agent immediately;

    l.      provide your name and mailing address;

    m.      sign and date your Ballot; and

    n.      return your originally signed Ballot so that it is <u>received</u> by the Voting Deadline.

5.      The following Ballots will <u>not</u> be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Ballot not bearing an original signature; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan; and/or (f) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein.

6.      Ballots received after the Voting Deadline will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Holders should be allowed sufficient time to assure time delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Voting and Balloting Agent.

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY TELEPHONE AT** (747) 263-0129 **(TOLL-FREE IN THE UNITED STATES) OR** (888) 729-6139 **(INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO** performancepowersportsinquiries@omniagnt.com**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

9

**Exhibit 5**

**Ballot for Class 8 (Interests)**

10

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PERFORMANCE POWERSPORTS GROUP | ) Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**CLASS 8:  INTERESTS BALLOT FOR ACCEPTING OR REJECTING**
**DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE ADDRESSED TO OMNI AGENT SOLUTIONS (THE "VOTING AND BALLOTING AGENT").  THIS BALLOT MUST BE RECEIVED BY THE VOTING AND BALLOTING AGENT NO LATER THAN 4:00 P.M. (PREVAILING EASTERN TIME) ON [●] [●], 2023 (THE "VOTING DEADLINE").  IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTOR MAY REJECT SUCH BALLOT AS INVALID.  IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WIL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

Performance Powersports Group Investor, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Plan") for the Debtors in this Case.[2]  The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement filed by the Debtors with respect to the Plan.

This Ballot is being sent to you because our records indicate that you are a holder of one or more Interests as defined in the Plan, as of [●] [●], 2023 (the "Voting Record Date"), and,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]  Capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan.

accordingly, you have the right to vote to accept or reject the Plan.  Your rights are described in the Disclosure Statement and the Plan, both accompanying this Ballot.

The Disclosure Statement and Plan provide information to assist you in deciding how to vote your Ballot.  If you do not have a copy of the Disclosure Statement or Plan, you may request copies from Omni Agent Solutions by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by emailing performancepowersportsinquiries@omniagnt.com and referencing "Performance Powersports Group Investor, LLC" in the subject line.  Additionally, copies of the Disclosure Statement and Plan may be viewed or downloaded free of charge by visiting the Debtors' website at https://omniagentsolutions.com/PerformancePowersports where documents may be viewed or downloaded free of charge.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 8 – Interests against the Debtors, under the Plan. If you hold claims or equity interests in more than one class under the Plan, you will receive a separate ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by the Voting or Balloting Agent on or before 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023 (the "<u>Voting Deadline</u>"), then your vote will not be counted as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

<u>**ACCEPTANCE OR REJECTION OF THE PLAN**</u>

This Ballot is to be used solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of the General Unsecured Claims.

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1:     AMOUNT/NUMBER OF INTERESTS.**  For purposes of voting to accept or reject the Plan, the undersigned holds Interests in the amount/number set forth below.[3]

$$\boxed{\quad \$\underline{\hspace{5cm}} \quad}$$

**ITEM 2:     VOTE ON THE PLAN.**  The undersigned holder of an Interests in the amount/number set forth in Item 1 above hereby votes to:

Check one box:

   ☐ **ACCEPT** THE PLAN

   ☐ **REJECT** THE PLAN

**ITEM 3:     OPTIONAL RELEASE ELECTION.  By checking the box set forth below, the undersigned Holder of the Class 8 – Interests identified herein elects <u>TO NOT GRANT THE RELEASE</u> set forth in Article IX.D of the Plan, which is also set forth below:**

> **Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan,**

---

[3] For voting purposes only, subject to tabulation rules.

the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; <u>provided</u>, <u>however</u>, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

The Plan also provides for the following definitions of "Released Party" and "Releasing Parties" as used in Article IX.D of the Plan:

> *"Released Party"* means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.

> *"Releasing Parties"* means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the foregoing entities in clauses (a) through (f), each and all of such entities' direct and indirect current and former:  equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners (including general partners and limited partners), managed accounts or funds, management companies, fund advisors, investors, beneficial owners, managing

**members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.**

**In making no affirmative election to "opt out" – including failing to make an election and return this Ballot in a timely manner – the Holder of Class 8 – Interests EFFECTIVELY RELEASES all claims against the Released Parties defined in the Plan.**

☐  **DOES NOT GRANT THE RELEASE SET FORTH IN ARTICLE IX.D OF THE PLAN**

---

**PLEASE TAKE FURTHER NOTICE THAT unless you affirmatively "opt-out" of the Third -Party Release in <u>Article IX</u> of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in <u>Article IX</u> of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.**

**PLEASE TAKE FURTHER NOTICE THAT  creditors who are entitled to vote but do not vote or do not submit a ballot or "abstain" from voting affirmatively "opt-out" of the Third -Party Release in <u>Article IX</u> of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in <u>Article IX</u> of the Plan by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to and bound by such provisions of the Plan.**

**PLEASE TAKE FURTHER NOICE THAT "opting-out"  of the Third -Party Release in <u>Article IX</u> of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.**

**You are advised to review and consider the Plan, including the Release, Exculpation, and Injunction provisions in <u>Article IX</u> carefully.**

---

**ITEM 4:      ACKNOWLEDGEMENTS AND CERTIFICATION.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement including all exhibits thereto.  The undersigned certifies that it (i) is the holder of an Interests identified in Item 1 above and/or (ii) has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name if Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Address: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT
PROMPTLY IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

> **By first class mail or overnight or hand delivery to:**
>
> Performance Powersports Group Investor, LLC, *et al.*,
> Ballot Processing
> c/o Omni Agent Solutions
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

**OR**

**PLEASE VISIT https://omniagentsolutions.com/PerformancePowersports-BallotsTO
CAST YOUR "E-BALLOT"**

**VIA "E-BALLOT"**

**HOW TO COMPLETE YOUR BALLOT ONLINE.**

1.    Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
2.    Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
3.    Follow the directions to submit your Ballot.

6

**YOUR BALLOT MUST BE RETURNED SO THAT IT IS ACTUALLY *RECEIVED* BY THE VOTING AND BALLOTING AGENT NO LATER THAN THE 4:00 P.M. (PREVAILING EASTERN TIME) [●] [●], 2023, VOTING DEADLINE.**

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF: CLASS 8 – INTERESTS**

1.	This Ballot is submitted to you to solicit your vote to accept or reject the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, the "Plan") and *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (as it may be amended or modified, "Disclosure Statement").  All capitalized terms used but not otherwise defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.	The Plan will be accepted by Class 8 if it is accepted by the holders of two-thirds in dollar amount and more than one-half in number of the Allowed Interests in Class 8 that have voted to accept or reject the Plan.  In the event that Class 8 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 8 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.	To have your vote counted, you must complete, sign and return this Ballot to Omni Agent Solutions (the "Voting and Balloting Agent") so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on  [●] [●], 2023** (the "Voting Deadline").  Ballots may be delivered by mail in the return envelope provides or as follows:

> **By first class mail or overnight or hand delivery to:**
> Performance Powersports Group Investor, LLC, *et al.*,
> Ballot Processing
> c/o Omni Agent Solutions
>  5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

**OR VIA "E-BALLOT" SUBMISSION.**

---

**HOW TO COMPLETE YOUR BALLOT ONLINE.**
1.     Please visit https://omniagentsolutions.com/PerformancePowersports-Ballots
2.     Click on the "E-Ballot" link of the Voting and Balloting Agent's website.
3.     Follow the directions to submit your Ballot.

---

**Ballots will not be accepted by email or facsimile.**

4.     To properly complete the Ballot, you must follow the procedure described below:

    a.     make sure that the information contained in Item 1 is correct;

    o.     if you have an Interest in Class 8, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    p.     if you are completing this Ballot on behalf of another entity, indicating your relationship with such entity and the capacity in which you are signing and if requested, submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    q.     if you also hold a Claim in a Class other than Class 8, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for the Class of Claims in accordance with the instructions on that Ballot;

    r.     if you believe that you have received the wrong Ballot, please contact the Voting and Balloting Agent immediately;

    s.     provide your name and mailing address;

    t.     sign and date your Ballot; and

    u.     return your originally signed Ballot so that it is received by the Voting Deadline.

5.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Ballot not bearing an original signature; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan; and/or (f) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein.

6.     Ballots received after the Voting Deadline will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Holders should be allowed sufficient time to assure time delivery. No Ballot should be sent to the Debtors or the

Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Voting and Balloting Agent.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AND BALLOTING AGENT, OMNI AGENT SOLUTIONS, BY TELEPHONE AT** (747) 263-0129 **(TOLL-FREE IN THE UNITED STATES) OR** (888) 729-6139 **(INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO** performancepowersportsinquiries@omniagnt.com**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

10

**Exhibit 6**

**Notice of Non-Voting Status – Unimpaired Classes**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| | ) |
| PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *et al.*,[1] | ) Case No. 23-10047 (LSS) ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES[2]

**PLEASE TAKE NOTICE** that on [●] [●], 2023, the United States Bankruptcy Court for the District of Delaware approved the *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Disclosure Statement") filed by Performance Powersports Group Investor, LLC, Performance Powersports Group Holdings, Inc., Performance Powersports Group Purchaser, Inc., and Performance Powersports Group, Inc. (collectively, the "Debtors") for use by the Debtors in soliciting acceptance or rejections of the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Plan") from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST ONE OR MORE OF THE DEBTORS IS/ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(F) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR YOU WANT TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING AND BALLOTING**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]      The Unimpaired Classes under the Plan are Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), and Class 3 (Other Priority Claims).

AGENT: OMNI AGENT SOLUTIONS, BY REGULAR MAIL OR OVERNIGHT DELIVERY TO: PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC, *ET AL.*, BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS, 5955 DE SOTO AVE., SUITE 100, WOODLAND HILLS, CA 91367, OR BY EMAILING AT PERFORMANCEPOWERSPORTSINQUIRIES@OMNIAGNT.COM.

COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN MAY BE VIEWED OR DOWNLOADED FREE OF CHARGE BY VISITING THE DEBTORS' WEBSITE AT https//omniagentsolutions.com/PerformancePowersports.

---

**PLEASE TAKE FURTHER NOTICE THAT <u>Article IX</u> of the Plan contains Release, Exculpation, and Injunction Provisions, and <u>Article IX</u> <u>contains a Third-Party Release</u>.  You are advised to review and consider the Plan, including the release, injunction, and exculpation provisions carefully, as your rights might be affected thereunder.**

**PLEASE TAKE FURTHER NOTICE THAT <u>if</u> you do not object to the Release, Exculpation, and Injunction Provisions of the Plan WHICH ARE SET FORTH BELOW by <u>4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023,</u> you will be deemed to have consented to such provisions of the Plan and will be bound by such provisions.**

**PLEASE TAKE FURTHER NOICE THAT "opting-out" of the Third -Party Release in <u>Article IX</u> of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.**

**This Notice is being sent to you for informational purposes only.  If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Solicitation Agent.**

---

PLEASE TAKE FURTHER NOTICE that the Plan provides for the following provisions in Article IX:

    A.    *Satisfaction and Release of Claims and Interests.*

In consideration for the distributions and other benefits provided pursuant to the Plan, or in any contract, instrument, or other agreement or document created pursuant to or in connection with the Plan, the distributions, rights, and treatment that are provided in the Plan shall, except as expressly provided in the Plan, be in complete satisfaction and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties,

2

regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not:  (1) a Proof of Claim or Proof of Interest based upon such debt, right, or Interest is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan.  Subject to the occurrence of the Effective Date, the Confirmation Order shall be a judicial determination of the satisfaction and release of all Claims and Interests against and in the Debtors.

B.    *Liabilities to, and Rights of, Governmental Units.*

Notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing in the Confirmation Order or the Plan discharges, releases, precludes, or enjoins: (1) any liability to any Governmental Unit that is not a Claim; (2) any Claim of a Governmental Unit arising after the Effective Date; (3) any police power or regulatory liability to a Governmental Unit that any Entity would be subject to as the owner or operator of any property after the Effective Date; (4) the rights of any Governmental Unit with respect to the transfer or assignment of any license, permit, registration, authorization, or approval, in each case, to the extent provided under applicable law; and/or (5) any liability to a Governmental Unit on the part of any Entity.

C.    *Exculpation.*

Effective as of the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; <u>provided</u>, <u>however</u>, that the foregoing exculpation shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

D.    *Release*

Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

1.      **Releases by the Debtors**

**Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan ( including, without limitation, the exclusion of the Retained Causes of Action), for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Debtors and their Estates from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any Released Party, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.**

**Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

2.      **Releases by Holders**

**Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of**

4

Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

E.    *Injunction*.

Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, hold or may hold a Claim, Cause of Action, or other debt or liability against any Released Party or Exculpated Party that have been released and/or exculpated under the this Plan (the "Released/Exculpated Claims") are permanently enjoined from taking any of the following actions against any Released Party and Exculpated Party: (i) commencing or continuing, in any manner or in any place, any action or other proceeding on account of such Released/Exculpated Claim; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order on account of such Released/Exculpated Claim; (iii) creating, perfecting or enforcing any lien or encumbrance on account of such Released/Exculpated Claim; (iv) asserting any right of setoff (other than setoffs exercised prior to the Petition Date), or subrogation of any kind against any debt, liability or obligation on account of or in connection with or with respect to any Released/Exculpated Claim; and (c) commencing or continuing in

5

any manner or in any place, any action that does not comply with or is inconsistent with this provision; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct; provided further, however, that the foregoing injunction does not apply to any actions taken with respect to any party's obligations or remedies under the Plan, the Sale Order, the Asset Purchase Agreement or any other or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

      F.    ***Term of Injunctions or Stays.***

Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to section 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and existent on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

The Plan also provides for the following definitions of "Released Party" and "Releasing Parties":

*"Released Party"* means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.

*"Releasing Parties"* means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the

6

**foregoing entities in clauses (a) through (f), each and all of such entities' direct and indirect current and former: equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners (including general partners and limited partners), managed accounts or funds, management companies, fund advisors, investors, beneficial owners, managing members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.**

Dated: June [●], 2023          _/s/ DRAFT_
Wilmington, Delaware          Domenic E. Pacitti (DE Bar No. 3989)
                              Michael W. Yurkewicz (DE Bar No. 4165)
                              Sally E. Veghte (DE Bar No. 4762)
                              **KLEHR HARRISON HARVEY BRANZBURG LLP**
                              919 North Market Street, Suite 1000
                              Wilmington, Delaware 19801
                              Telephone:    (302) 426-1189
                              Facsimile:    (302) 426-9193
                              Email:    dpacitti@klehr.com
                                        myurkewicz@klehr.com
                                        sveghte@klehr.com

                              -and-

                              Morton R. Branzburg (admitted _pro hac vice_)
                              **KLEHR HARRISON HARVEY BRANZBURG LLP**
                              1835 Market Street, Suite 1400
                              Philadelphia, Pennsylvania 19103
                              Telephone:    (215) 569-2700
                              Facsimile:    (215) 568-6603
                              Email:    mbranzburg@klehr.com

                              _Counsel for the Debtors and Debtors in Possession_

**Exhibit 7**

**Notice of Non-Voting Status – Impaired Classes**

PHIL1
10439076.v11

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | )  Chapter 11 |
|  | ) |
| PERFORMANCE POWERSPORTS GROUP | )  Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) |
|  | ) |
| Debtors. | )  (Jointly Administered) |
|  | ) |

### NOTICE OF NON-VOTING STATUS TO
### IMPAIRED CLASSES NOT ENTITLED TO VOTE[2]

**PLEASE TAKE NOTICE** that on [●] [●], 2023, the United States Bankruptcy Court for the District of Delaware approved the *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Disclosure Statement") filed by Performance Powersports Group Investor, LLC, Performance Powersports Group Holdings, Inc., Performance Powersports Group Purchaser, Inc., and Performance Powersports Group, Inc. (collectively, the "Debtors") for use by the Debtors in soliciting acceptance or rejections of their *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 4, 2023 (the "Plan") from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) OR INTEREST(S) IN ANY OR ALL OF THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(G) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]     The Impaired Classes not entitled to vote under the Plan are Class 6 (Intercompany Claims).

**AND BALLOTING AGENT: OMNI AGENT SOLUTIONS, BY REGULAR MAIL OR OVERNIGHT DELIVERY TO: PERFORMANCE POWERSPORTS GROUP INVESTOR, LLC,** *ET AL.***, BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS,** 5955 DE SOTO AVE., SUITE 100, WOODLAND HILLS, CA 91367**, OR BY EMAILING AT** PERFORMANCEPOWERSPORTINQUIRIES@OMNIAGNT.COM**.**

**COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN MAY BE VIEWED OR DOWNLOADED FREE OF CHARGE BY VISITING THE DEBTORS' WEBSITE AT https://**omniagentsolutions.com/PerformancePowersports**.**

---

**PLEASE TAKE FURTHER NOTICE THAT** Article IX **of the Plan contains Release, Exculpation, and Injunction Provisions, and** Article IX **contains a Third-Party Release**. **You are advised to review and consider the Plan, including the release, injunction, and exculpation provisions carefully, as your rights might be affected thereunder.**

**PLEASE TAKE FURTHER NOTICE THAT if you do not object to the Release, Exculpation, and Injunction Provisions of the Plan WHICH ARE SET FORTH BELOW by 4:00 p.m. (prevailing Eastern Time) on [●] [●], 2023, you will be deemed to have consented to such provisions of the Plan and will be bound by such provisions.**

**PLEASE TAKE FURTHER NOICE THAT "opting-out" of the Third -Party Release in** Article IX **of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Solicitation Agent.**

---

**PLEASE TAKE FURTHER NOTICE** that the Plan provides for the following provisions in Article IX:

A.      *Satisfaction and Release of Claims and Interests*.

**In consideration for the distributions and other benefits provided pursuant to the Plan, or in any contract, instrument, or other agreement or document created pursuant to or in connection with the Plan, the distributions, rights, and treatment that are provided in the Plan shall, except as expressly provided in the Plan, be in complete satisfaction and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties,**

2

regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not:  (1) a Proof of Claim or Proof of Interest based upon such debt, right, or Interest is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan.  Subject to the occurrence of the Effective Date, the Confirmation Order shall be a judicial determination of the satisfaction and release of all Claims and Interests against and in the Debtors.

B.    *Liabilities to, and Rights of, Governmental Units.*

Notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing in the Confirmation Order or the Plan discharges, releases, precludes, or enjoins: (1) any liability to any Governmental Unit that is not a Claim; (2) any Claim of a Governmental Unit arising after the Effective Date; (3) any police power or regulatory liability to a Governmental Unit that any Entity would be subject to as the owner or operator of any property after the Effective Date; (4) the rights of any Governmental Unit with respect to the transfer or assignment of any license, permit, registration, authorization, or approval, in each case, to the extent provided under applicable law; and/or (5) any liability to a Governmental Unit on the part of any Entity.

C.    *Exculpation.*

Effective as of the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; provided, however, that the foregoing exculpation shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

D.    *Release*

Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

3

### 1.      Releases by the Debtors

**Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan ( including, without limitation, the exclusion of the Retained Causes of Action), for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Debtors and their Estates from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any Released Party, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; _provided_, _however_, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.**

**Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

### 2.      Releases by Holders

**Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of**

Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

E.   *Injunction.*

Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, hold or may hold a Claim, Cause of Action, or other debt or liability against any Released Party or Exculpated Party that have been released and/or exculpated under the this Plan (the "Released/Exculpated Claims") are permanently enjoined from taking any of the following actions against any Released Party and Exculpated Party: (i) commencing or continuing, in any manner or in any place, any action or other proceeding on account of such Released/Exculpated Claim; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order on account of such Released/Exculpated Claim; (iii) creating, perfecting or enforcing any lien or encumbrance on account of such Released/Exculpated Claim; (iv) asserting any right of setoff (other than setoffs exercised prior to the Petition Date), or subrogation of any kind against any debt, liability or obligation on account of or in connection with or with respect to any Released/Exculpated Claim; and (c) commencing or continuing in

any manner or in any place, any action that does not comply with or is inconsistent with this provision; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct; provided further, however, that the foregoing injunction does not apply to any actions taken with respect to any party's obligations or remedies under the Plan, the Sale Order, the Asset Purchase Agreement or any other or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

      F.    ***Term of Injunctions or Stays.***

Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to section 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and existent on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

The Plan also provides for the following definitions of "Released Party" and "Releasing Parties":

*"Released Party"* means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.

*"Releasing Parties"* means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the

6

**foregoing entities in clauses (a) through (f), each and all of such entities' direct and indirect current and former: equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners (including general partners and limited partners), managed accounts or funds, management companies, fund advisors, investors, beneficial owners, managing members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.**

| | |
|---|---|
| Dated: June [●], 2023<br>Wilmington, Delaware | */s/ DRAFT*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:    (302) 426-1189<br>Facsimile:    (302) 426-9193<br>Email:   dpacitti@klehr.com<br>         myurkewicz@klehr.com<br>         sveghte@klehr.com |

-and-

Morton R. Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603
Email:   mbranzburg@klehr.com

*Counsel for the Debtors and Debtors in Possession*

7