IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re:<br><br>PERFORMANCE POWERSPORTS GROUP<br>INVESTOR, LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-10047 (LSS)<br>)<br>)<br>) (Jointly Administered)<br>) |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) FIXING THE VOTING RECORD DATE; (III) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE FORMS OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN; (VI) APPROVING THE FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN; (VII) FIXING THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN; AND (VIII) APPROVING PROCEDURES FOR VOTE TABULATIONS IN CONNECTION THEREWITH**

Upon the Motion, dated May 2, 2023, (the "Motion")[2] of the debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105, 502, 1125, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3017, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, 3020-1, 9013-1, and 9021-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order (i) approving the *Disclosure Statement With Respect to Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated May 2, 2023 (as the same may be further amended and modified, the "Disclosure Statement") under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but otherwise not defined herein shall have the meaning ascribed to them in the Motion.

PHIL1
10439076.v14

section 1125 of the Bankruptcy Code; (ii) fixing a voting record date (the "Voting Record Date"); (iii) approving the notice of hearing and objection procedures (the "Confirmation Hearing Notice"), substantially in the form attached hereto as **Exhibit 1**, with respect to the confirmation of the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated May 2, 2023 (as the same may be further amended and modified, the "Plan"), and setting the date for the hearing on confirmation of the Plan; (iv) approving the Solicitation Packages and procedures for distribution thereof; (v) approving the form of Ballots, attached hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 5**, and **Exhibit 5**, and establishing procedures for voting on the Plan; (vi) approving the form of notices to the non-voting unimpaired classes under the Plan, attached hereto as **Exhibit 6**, and to the non-voting impaired classes under the Plan, attached hereto as **Exhibit 7**; (vii) fixing the voting deadline for creditors to accept or reject the Plan; and (viii) approving procedures for the tabulation of creditor votes; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the U.S. Trustee and (b) all other parties who have filed requests for notice under Bankruptcy Rule 2002; and a hearing having been held before the Court with respect to the Motion on June 7, 2023 (the "Hearing"); and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, estates, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A.  The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.  The forms of the ballots with respect to the Plan (the "Ballots"), substantially in the forms attached hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, and **Exhibit 5**, respectively, are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for each Class of Claims entitled under the Plan to vote to accept or reject the Plan.

C.  Ballots need not be provided to holders of Claims in Class 1 (Secured Tax Claims), Class 2, (Other Secured Claims), and Class 3 (Other Priority Claims) because they are conclusively presumed to accept the plan.  Ballots also need not be provided to the members of Class 6 (Intercompany Claims) because holders of such Claims will retain and receive no property under the Plan and are therefore deemed to reject the Plan.

D.  The period set forth below, during which the Debtors may solicit acceptance of the Plan, is a reasonable period of time for holders of Claims entitled to vote on the Plan to make an informed decision with respect to whether to accept or reject the Plan.

E.  The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provides for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.  The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the Confirmation Hearing, and the distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is APPROVED as set forth herein.

3. Except as otherwise noted on the record of the Hearing, all objections to the Disclosure Statement are hereby OVERRULED.

4. The Ballots are APPROVED.

5. The Voting Record Date for purposes of determining creditors entitled to vote on the Plan or, in the case of non-voting classes to receive the Notice of Non-Voting Status – Unimpaired Classes or the Notice of Non-Voting Status – Impaired Classes, as applicable, is June 7, 2023, *provided*, *however*, that with respect to a transferred claim, the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event that a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder as of the Voting Record Date of such transferred Claim.

6. The Debtors shall complete the mailing of Solicitation Packages on or before June 19, 2023 (the "Solicitation Date"), and serve all known holders (as of the Voting Record Date) of claims in Class 4 (2021 Credit Agreement Claims), Class 5 (General Unsecured Claims), Class 7 (Subordinated Claims), and Class 8 (Interests) (collectively, the Voting Classes") with a copy of: (i) this Order (without the exhibits attached hereto); (ii) the Confirmation Hearing Notice; (iii) the

appropriate form of Ballot to accept or reject the Plan with instructions and with a prepaid and pre-addressed return envelope; and (iv) the Plan and Disclosure Statement.[3]

7.  The Debtors shall complete, by no later than the Solicitation Date, the mailing of the Confirmation Hearing Notice to all parties who received the Disclosure Statement Notice.

8.  The Debtors shall complete, by no later than the Solicitation Date, the mailing of: (i) the Confirmation Hearing Notice; (ii) the appropriate form of Notice of Non-Voting Status – Unimpaired Classes to all known holders (as of the Voting Record Date) of claims in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims) and Class 3 (Other Priority Claims), and (iii) the Plan and Disclosure Statement.[4]

9.  The Debtors shall complete, by no later than the Solicitation Date, the mailing of: (i) the Confirmation Hearing Notice; (ii) the appropriate form of Notice of Non-Voting Status – Impaired Classes to all known holders (as of the Voting Record Date) of claims in Class 6 (Intercompany Claims); and (iii) the Plan and Disclosure Statement.[5]

10. The Confirmation Hearing will be held at **2:00 p.m. (prevailing Eastern Time) on July 24, 2023**; *provided*, *however*, that the Confirmation Hearing may be continued from time-to-time by the Court or the Debtors, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matter scheduled for hearing filed with the Court.

---

[3] Copies of the materials contained in the Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or USB at the Debtors' discretion; *provided*, *however*, that any party may request to receive paper copies of such materials from the Voting and Balloting Agent at no cost to such party.

[4] Copies of the materials contained in the Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or USB at the Debtors' discretion; *provided*, *however*, that any party may request to receive paper copies of such materials from the Voting and Balloting Agent at no cost to such party.

[5] Copies of the materials contained in the Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided on flash drive or USB at the Debtors' discretion; *provided*, *however*, that any party may request to receive paper copies of such materials from the Voting and Balloting Agent at no cost to such party.

11. The Confirmation Hearing Notice, setting forth the time, date, and place of the Confirmation Hearing, substantially in the form attached hereto as **Exhibit 1**, is hereby APPROVED and deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002. The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time on or before the date that is ten (10) business days from the entry of this Order in the national edition of the *New York Times* or *USA Today*. Copies of the Plan, Disclosure Statement and Confirmation Hearing Notice shall also be served upon the United States Attorney for the District of Delaware.

12. Any objections to the confirmation of the Plan must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed, together with proof of service, with the Court and served so that they are actually filed and received by the following parties no later than **4:00 p.m. (prevailing Eastern Time) on July 17, 2023** (the "Confirmation Objection Deadline"): (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (ii) counsel to the official committee of unsecured creditors Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 Attn: G. David Dean (ddean@coleschotz.com); (iii) counsel to the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Ave, New York, NY 10022, Attn: Brian Schartz, P.C. (brian.schartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com);and (iv) Office of the United States Trustee, 844 King

Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov).

13. Counsel for the Debtors are authorized to file and serve a confirmation brief, replies or an omnibus reply to any such objections no later than **12:00 p.m. (prevailing Eastern Time) on July 20, 2023**.

14. The Debtors shall not be required to send Solicitation Packages to (i) any holder of an unimpaired claim under the Plan, (ii) any holder of a Claim or equity interest in a Class under the Plan that is deemed to reject the Plan, (iii) any party who holds a claim that is not allowed, filed, or scheduled in the Debtors' schedules of assets and liabilities and the statements of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and the Official Bankruptcy Forms of the Bankruptcy Rules, as such schedules and statements have been or may be amended (the "Schedules") in an amount greater than $0 or scheduled as contingent, unliquidated, or disputed (where no timely Proof of Claim was filed), and (iv) a creditor that has a Claim that already has been paid in full; *provided*, *however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein. If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve the Debtors and file with the Bankruptcy Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the service of notice of an objection or request for estimation, if any, as to such claim which must

be filed on or before June 19, 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court prior to the Voting Deadline.

15. With respect to addresses from which Disclosure Statement Notices were returned as undeliverable by the United States Postal Service, to the extent that the Debtors have email addresses for addressees of returned Disclosure Statement Notices the Debtors shall email such Disclosure Statement Notices, otherwise the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined below) nor constitute a violation of Bankruptcy Rule 3017(d).  Any report or declaration of the voting results on the Plan shall also include a list of Solicitation Packages that remain undeliverable.

16. A Notice of Non-Voting Status – Unimpaired Classes, substantially in the form attached hereto as **Exhibit 6**, which form is hereby APPROVED, shall be distributed to holders of claims in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), and Class 3 (Other Priority Claims) (the "Non-Voting Unimpaired Classes") and holders of unclassified, unimpaired claims, which claims are unimpaired under the Plan and therefore are not entitled to vote to accept or reject the Plan.

17. A Notice of Non-Voting Status – Impaired Classes, substantially in the form attached hereto as **Exhibit 7**, which form is hereby APPROVED, shall be distributed to holders of claims in Class 6 (Intercompany Claims), which are not entitled to vote to accept or reject the Plan.

18. The Notice of Non-Voting Status – Unimpaired Classes and Notice of Non-Voting Status – Impaired Classes satisfy the requirements of Bankruptcy Code and the Bankruptcy Rules and the Debtors therefore are not required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any holder of a claim or interest in the Non-Voting Unimpaired Classes and the Non-Voting Impaired Classes, unless such party in such Classes makes a request for copies of such documents to the Debtors in writing.

19. Each Ballot must be properly executed, completed, and delivered to the Voting and Balloting Agent (i) by first-class mail, in the return envelope provided with each Ballot, (ii) by overnight courier, (iii) by hand delivery, or (iv) through the online balloting portal on the Debtors' case website maintained by the Voting and Balloting Agent so that it is actually received by Voting and Balloting Agent no later **4:00 p.m. (prevailing Eastern Time) on July 17, 2023** (the "Voting Deadline").

20. Solely for the purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules, *provided that*:

   (a) If a Claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

   (b) If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated and/or wholly contingent (as determined on the face of the claim or after a reasonable review of supporting documentation by the Voting and Ballot Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such claim is disputed as set forth in subparagraph (h) below;

   (c) If a Claim has been estimated or otherwise allowed for voting purposes by order or the Court, such claim is temporarily allowed in the amount so estimated or allowed

   by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d) If a proof of claim was timely filed in an amount that is liquidated and noncontingent, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below;

(e) If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was (a) not filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) not deemed timely filed by an order of the Court prior to the Voting Deadline, then such claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f) If a Claim is listed on a timely filed proof of claim as contingent or unliquidated in part, such Claim is temporarily allowed in the amount that is liquidated or non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(g) If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to Vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, or approval by the Debtors, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(h) If the Debtors have filed any objection or request for estimation as to a Claim on or before the Solicitation Date, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the court before the Voting Deadline (any objections to Claims filed after Solicitation Date shall not affect the voting rights of the Holder of a Claim subject to such objection for purposes of this provision);

(i) Proofs of claim filed for $0.00 are not entitled to vote;

(j) For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one (1) Claim, shall be treated as if such entity has only (1) Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregate Claims of such entity in each applicable Class;

(k) Any entity that filed or purchased duplicate claims against one or more Debtors within the same Class shall be provided with only one Solicitation Package and one

        ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(l)     Notwithstanding anything contained herein to the contrary, the Voting and Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects.

21.     Each of the creditors that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim therefor.

22.     Whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, Ballots shall be identified on any report or declaration of voting results and at the Confirmation Hearing the Debtors may request the Court to accept the last properly completed Ballot received before the Voting Deadline as the voter's intent.

23.     Any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each such Claim.

24.     Claimants must vote all of their Claims within a particular Class under the Plan, whether or not such Claims are asserted against the same or multiple Debtors, either to accept or reject the Plan and may not split their vote(s), and thus a Ballot that partially rejects and partially accepts the Plan shall not be counted.

25.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan; (iv) subject to paragraph 20(e) herein, any Ballot cast for a Claim identified in the Schedules as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (v) any Ballot cast for a Claim for which an objection or request for estimation has been filed on or before the Solicitation Date as set forth herein; (vi) any unsigned Ballot or

Ballot that does not contain an original signature; (vii) any Ballot transmitted to the Voting and Balloting Agent by facsimile or other means not specifically approved herein; or (viii) any Ballot that is otherwise properly completed, executed, and timely returned, but not does indicate a vote to accept or reject the Plan or that indicates a vote to both accept and reject the Plan.

26. The Debtors further propose that subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot (other than unsigned ballots) at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting and Balloting Agent.

27. At the Confirmation Hearing the Debtors may request that the Court deem any Class that contains claims entitled to vote but no votes are returned for such Class to have accepted the Plan.

28. The Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and relief granted in this Order without seeking further order of the Court.

29. The Debtors are authorized, upon notice to the U.S. Trustee, to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their mailing.

30. All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

31.     Any report or declaration of the voting results on the Plan shall also include a list of (a) parties that affirmatively "opt-out" of the Third-Party Release in Article IX of the Plan, (b) holders of Claims or Interests whose Ballots are temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, with a Claim of $1.00, (c) holders of Claims or Interests that have filed more than one Ballot, and (d) holders of Claims that purchased duplicate claims against one or more Debtors within the same Class and have been provided one Solicitation Package and one Ballot for voting a single claim in such Class.

**Dated: June 12th, 2023**
**Wilmington, Delaware**

*[signature]*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

PHIL1
10439076.v14