**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PERFORMANCE POWERSPORTS GROUP | ) | Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT;**
**(II) ESTABLISHMENT OF THE VOTING RECORD DATE; (III) HEARING ON**
**CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO**
**CONFIRMATION OF THE PLAN; (IV) PROCEDURES AND DEADLINE FOR VOTING**
**ON THE PLAN; AND (V) FOR ELECTING TO OPT OUT OF PLAN RELEASE**

PLEASE TAKE NOTICE that:

1.    ***Approval of Disclosure Statement.***  By order dated June 12, 2023 (the "Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the *Disclosure Statement With Respect to Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 12, 2023 (as it may be amended or modified, the "Disclosure Statement") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), and directed the Debtors to solicit votes with regards to the approval or rejection of the *Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated June 12, 2023 (as it may be amended or modified, the "Plan"), attached as Exhibit B to the Disclosure Statement.  Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

2.      ***Confirmation Hearing.***  A hearing to consider the confirmation of the Plan will be held on **July 24, 2023 at 2:00 p.m. (prevailing Eastern Time)** (the "Confirmation Hearing") before the Honorable Laurie Selber Silverstein, Chief United States Bankruptcy Judge for the District of Delaware, 824 North Market Street, Courtroom #2, 6th Floor, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued from time-to-time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

3.      ***Record Date for Voting Purposes.***  **June 7, 2023** is the voting record date (the "Voting Record Date") for purposes of determining which creditors are entitled to vote on the Plan.  Therefore, only those creditors in a class entitled to vote on the Plan and holding claims against one or more of the Debtors as of the Voting Record Date are entitled to vote on the Plan *provided*, *however*, that with respect to any transferred claim the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder as of the Voting Record Date of such transferred Claim.

4.      ***Voting Deadline.***  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Omni Agent Solutions ("Omni"), by no later than **4:00 p.m. (prevailing Eastern Time) on July 17, 2023** (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.      ***Parties in Interest Not Entitled to Vote.***  The following claimants and equity interest holders are not entitled to vote on the Plan: (i) holders of unimpaired claims; (ii) holders of claims or interests who will receive no distribution at all under the Plan; (iii) holder of claims that are disallowed for voting purposes in accordance with the Order; and (iv) holders of claims that are the subject of filed objections or requests for estimation as of **June 19, 2023**.  If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions, if any, must be filed and served on or before **June 27, 2023**.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court.  Creditors may contact Omni by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA, 91367; or by emailing performancepowersportsinquiries@omniagnt.com

and referencing "Performance Powersports Group Investor, LLC" in the subject line to receive an

appropriate ballot for any claim for which a proof of claim has been timely filed and a Rule 2018(a)

Motion has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner

set forth above shall not be considered.

6.      ***Parties in Interest Entitled to Vote.***  Solely for purposes of voting to accept or

reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim,

and without prejudice to the rights of the Debtors in any other context, each Claim within a Class

of Claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to

the amount of such Claim as set forth in the Schedules, *provided that*:

(a)     If a Claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)     If a Claim for which a proof of claim has been timely filed is contingent, unliquidated, or disputed in full (as may be reasonably determined by the Debtors or the Voting and Balloting Agent after receipt of the claim supporting documents), such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (h) below;

(c)     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)     If a proof of claim was timely filed in an amount that is liquidated, noncontingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below;

(e)     If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, that such claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f)     If a Claim is listed on a timely filed proof of claim as contingent or unliquidated, in part, such Claim is temporarily allowed in the amount that is liquidated or non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(g)     If a proof of claim has been amended by a later filed proof of claim ,the later filed amending claim shall be entitled to Vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(h)     If the Debtors have filed an objection or request for estimation as to a Claim on or before the Solicitation Date, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline (any objections to Claims filed after Solicitation Date shall not affect the voting rights of the Holders of a Claim subject to such objection for purposes of this provision);

(i)      Proofs of claim filed for $0.00 are not entitled to vote;

(j)     For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one (1) Claim, shall be treated as if such entity has only (1) Claim in each applicable Class and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregate Claims of such entity in each applicable Class;

(k)     Any entity that filed or purchased duplicate claims against one or more Debtors within the same Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(l)     Notwithstanding anything contained herein to the contrary, the Voting and Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects.

7.     ***Objections to Confirmation.***  Objections, if any, to confirmation of the Plan must:

(a)     be in writing;

(b)     state the name and address of the objecting party and the nature of the claim or interest of such party;

(c)     state with particularity the basis and nature of any objection;

(d)    be filed, together with proof of service, with the Bankruptcy Court; and

(e)    be served upon (i) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (ii) counsel to the official committee of unsecured creditors Cole Schotz, P.C., 1325 Avenue of the Americas, 19th Floor, New York, New York 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 Attn: G. David Dean (ddean@coleschotz.com); (iii) counsel to the DIP Lender, Kirkland & Ellis, LLP, 601 Lexington Ave, New York, New York 10022, Attn: Brian Schartz, P.C. (brian.schartz@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), and Simon Briefel (simon.briefel@kirkland.com); and (iv) Office of the United States Trustee, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov); so as to be filed with the Bankruptcy Court in accordance with paragraph 7(d) above and served and actually received by the parties listed in this paragraph 7(e) **by no later than 4:00 p.m. (prevailing Eastern Time) on July 17, 2023.**

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.** The Debtors may serve replies to such responses or objections by no later than **4:00 p.m. (prevailing Eastern Time) on July 17, 2023**.

8.    *Additional Information.* Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting agent, Omni Agent Solutions at (747) 263-0129(toll-free in the United States) or (888) 729-6139 (international); or by regular mail to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367,  by overnight delivery to: Performance Powersports Group Investor, LLC, *et al.*, Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by emailing performancepowersportsinquiries@omniagnt.com and

referencing "Performance Powersports Group Investor, LLC" in the subject line; or visiting the

Debtors' website at https://omniagentsolutions.com/PerformancePowersports where documents

may be viewed or downloaded free of charge; or the Bankruptcy Court's website:

www.deb.uscourts.gov.  Please note that a PACER (http://pacer.psc.uscourts.gov) password and

login are needed to access documents on the Bankruptcy Court's website (www.deb.uscourts.gov).

9.      ***Exculpation; Debtor Releases; Liabilities to, and Rights of, Governmental Units;***
***and Injunction.***  **The Plan provides for the following provisions in Article IX:**

      A.      *Satisfaction and Release of Claims and Interests.*

**In consideration for the distributions and other benefits provided pursuant to the Plan, or in any contract, instrument, or other agreement or document created pursuant to or in connection with the Plan, the distributions, rights, and treatment that are provided in the Plan shall, except as expressly provided in the Plan, be in complete satisfaction and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not:  (1) a Proof of Claim or Proof of Interest based upon such debt, right, or Interest is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan.  Subject to the occurrence of the Effective Date, the Confirmation Order shall be a judicial determination of the satisfaction and release of all Claims and Interests against and in the Debtors.**

       B.     *Liabilities to, and Rights of, Governmental Units.*

**Notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing in the Confirmation Order or the Plan discharges, releases, precludes, or enjoins: (1) any liability to any Governmental Unit that is not a Claim; (2) any Claim of a Governmental Unit arising after the Effective Date; (3) any police power or regulatory liability to a Governmental Unit that any Entity would be subject to as the owner or operator of any property after the Effective Date; (4) the rights of any Governmental Unit with respect to the transfer or assignment of any license, permit, registration, authorization, or approval, in each case, to the extent provided under applicable law; and/or (5) any liability to a Governmental Unit on the part of any Entity.**

       C.     *Exculpation.*

**Effective as of the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; <u>provided</u>, <u>however</u>, that the foregoing exculpation shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.**

       D.     *Release*

**Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

       1.     Releases by the Debtors

**Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan ( including, without limitation, the exclusion of the Retained Causes of Action), for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Debtors and their Estates from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any Released Party, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether**

**individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.**

**Notwithstanding anything in the Plan to the contrary, nothing in this release shall be constructed to release any post-Effective Date obligations or remedies of any Released Party under the Plan, the Sale Order, the Asset Purchase Agreement, or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

2.      Releases by Holders

**Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, including, without limitation specifically excluding the Retained Causes of Action, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Releasing Parties from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, or any other claim against any or all of the Released Parties, asserted or assertable by or on behalf of a Releasing Party or the Debtors, including any derivative claims, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any**

**Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.**

        E.    *Injunction.*

**Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, hold or may hold a Claim, Cause of Action, or other debt or liability against any Released Party or Exculpated Party that have been released and/or exculpated under the this Plan (the "Released/Exculpated Claims") are permanently enjoined from taking any of the following actions against any Released Party and Exculpated Party: (i) commencing or continuing, in any manner or in any place, any action or other proceeding on account of such Released/Exculpated Claim; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order on account of such Released/Exculpated Claim; (iii) creating, perfecting or enforcing any lien or encumbrance on account of such Released/Exculpated Claim; (iv) asserting any right of setoff (other than setoffs exercised prior to the Petition Date), or subrogation of any kind against any debt, liability or obligation on account of or in connection with or with respect to any Released/Exculpated Claim; and (c) commencing or continuing in any manner or in any place, any action that does not comply with or is inconsistent with this provision; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that has finally, judicially been determined by a court of competent jurisdiction to have resulted from any act or omission based on or arising out of gross negligence, fraud or willful misconduct; provided further, however, that the foregoing injunction does not apply to any actions taken with respect to any party's obligations or remedies under the Plan, the Sale Order, the Asset Purchase Agreement or any other or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

F.    *Term of Injunctions or Stays.*

**Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to section 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and existent on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.**

G.    *Reservation of Rights by Certain Parties.*

**For avoidance of doubt, the Plan shall not affect the following, all of which are specifically reserved: (a) direct claims and causes of action of Chongqing Huansong Industries (Group) Co., Ltd., Chongqing Huansong Science and Technology Industrial Co., Ltd., Vietnam New Century Industrial Company Limited, Hisun Motors Corp. USA, and/or any Affiliate of the foregoing Entities against any non-Debtor third party, including Kinderhook and Richard Godfrey and (b) claims and causes of action of Kinderhook against Chongqing Huansong Industries (Group) Co., Ltd., Chongqing Huansong Science and Technology Industrial Co., Ltd., Vietnam New Century Industrial Company Limited, Hisun Motors Corp. USA, and/or any Affiliate of the foregoing Entities including direct claims and causes of action and all of Debtors claims and causes of action acquired by Kinderhook pursuant to the Asset Purchase Agreement.**

**The Plan also provides for the following definitions of "Released Party" and "Releasing Parties":**

**"*Released Party*" means (a) the Debtors; (b) the DIP Lender; (c) Peter Kravitz, (d) Province, Inc., (e) the Creditors' Committee's advisors; (f) with respect to the foregoing in clause (a) such Entity's current officers, directors and managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, in their capacity as such but specifically excluding Richard Godfrey, Todd Gentry, and Christopher Hunter and any entities affiliated with the same of any nature, and (g) with respect to each of the foregoing in clauses (b) through (e) such Person's or Entity's predecessors, successors and assigns, current and former Affiliates, subsidiaries, beneficial owners, current or former officers, directors, managers, principals, shareholders, direct and indirect equity holders, general partners, limited partners, and members, in their capacity as such.**

**"*Releasing Parties*" means each of: (a) the Debtors; (b) the Creditors' Committee's advisors; (c) all holders of Claims that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; (d) all holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the**

releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; and (e) all holders of Claims or Interests that vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice indicating that they opt not to grant the releases provided in the Plan; and (f) with respect to each of the foregoing entities in clauses (a) through (f), each and all of such entities' direct and indirect current and former:  equity holders, affiliates, predecessors, participants, successors and assigns, parents, subsidiaries, partners (including general partners and limited partners), managed accounts or funds, management companies, fund advisors, investors, beneficial owners, managing members, directors, managers, officers, principals, controlling persons, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, advisors, and representatives, and each and all of their respective heirs, successors, and legal representatives.

---

**PLEASE TAKE FURTHER NOTICE THAT** unless you affirmatively "opt-out" of the Third -Party Release in  **Article IX** of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in **Article IX** of the Plan by 4:00 p.m. (prevailing Eastern Time) on July 17, 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** creditors who are entitled to vote but do not vote or do not submit a ballot or "abstain" from voting affirmatively "opt-out" of the Third -Party Release in  **Article IX** of the Plan by checking the "opt-out" box in Item 3 of the Ballot and timely return same to the Solicitation Agent or otherwise object to the Release, Exculpation, and Injunction Provisions in **Article IX** of the Plan by 4:00 p.m. (prevailing Eastern Time) on July 17, 2023, you will be deemed to have consented to and bound by such provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** "opting-out"  of the Third -Party Release in  **Article IX** of the Plan does not affect the distributions creditors or interestholders may be entitled to under the Plan.

You are advised to review and consider the Plan, including the Release, Exculpation, and Injunction provisions in **Article IX** carefully.

Dated:  June 15, 2023
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:     (302) 426-1189
Facsimile:     (302) 426-9193
Email:   dpacitti@klehr.com
            myurkewicz@klehr.com
            sveghte@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-2700
Facsimile:     (215) 568-6603
Email:   mbranzburg@klehr.com

*Counsel for the Debtors and Debtors in Possession*

10543266.v1