**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| PERFORMANCE POWERSPORTS GROUP INVESTORS, LLC, *et al.*,[1] | ) Case No. 23-10047 (LSS) ) ) |
| Debtors. | ) **Obj. Deadline: September 27, 2023 at 4:00 p.m.** ) **Hearing Date: October 4, 2023 at 10:00 a.m.** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING (A) TEMPORARY ALLOWANCE OF CLAIM FOR VOTING PURPOSES AND (B) AMENDMENT OF PLAN VOTE AMOUNT PURSUANT TO BANKRUPTCY RULE 3018**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the (a) temporary allowance of the claim of Richard Godfrey ("Godfrey") in the amount of $22,500,000 for plan voting purposes *only* and (b) amendment of the Class 5 Plan vote of Godfrey to the amount of $22,500,000. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

February 29, 2012. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Rule 90013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The legal bases for the relief sought herein are sections 105(a) and 502(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 3018.

## Relief Requested

4.      The Debtors, with the support of Godfrey, request entry of an order (a) temporary allowing of the claims of Godfrey in the amount of $22,500,000 for plan voting purposes *only* and (b) the amendment of the Class 5 Plan vote of Godfrey to the amount of $22,500,000.

## Background

5.      On January 16, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.      On March 27, 2023, the Court entered an order approving the sale of substantially all of the Debtors' assets [Docket No. 270] (the "Sale Order"). The Sale Order approved an asset purchase agreement that set forth the terms of the sale from the Debtors to CPS USA Acquisition, LLC (together with its permitted successor, designees, and assigns, the "Buyer"). The sale to the Buyer closed on March 31, 2023.

7. On April 24, 2023, Godfrey filed claim number 27 in the amount of $62,640,000 alleging claims for "breach of contract" (the "Godfrey Claim").[2]

8. On June 15, 2023, the Debtors filed the solicitation version of the *Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Dated June 12, 2023* [Docket No. 385] (as amended, modified, or supplemented, the "Plan") and the *Disclosure Statement with Respect to Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Dated June 12, 2023* [Docket No. 386].

9. On August 7, 2023, the Debtors filed the *Debtors' (A) Objection to Proof of Claim No. 27 Filed by Richard Godfrey and (B) Motion to Designate Plan Vote of Richard Godfrey Pursuant to 11 U.S.C. § 1126(e)* [Docket No. 437] (the "Claim Objection/Designation Motion").

10. On August 7, 2023, Godfrey filed the *Objection and Reservation of Rights of Creditor Richard Godfrey to Confirmation of Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 439] (the "Godfrey Plan Objection").

11. Godfrey also timely submitted a Class 5 ballot in the amount of $62,640,000 voting to reject the Plan.

12. The hearing to consider confirmation of the Plan was originally scheduled for July 24, 2023 at 2:00 p.m., continued to September 11, 2023 at 1:00 p.m., and further continued to and is scheduled for October 4, 2023 at 10:00 a.m. (the "Confirmation Hearing").

13. Rather than embark on costly discovery and litigation, the Debtors, Godfrey, and the Buyer—while keeping both the Office of the United States Trustee and counsel for Chongqing Huansong Industries (Group) Co., Ltd., Chongqing Huansong Science and Technology Industrial

---

[2] On April 22, 2023, Claimant filed proof of claim number 25, which was subsequently amended on April 24, 2023, by proof of claim number 27.

Co., Ltd., Vietnam New Century Industrial Company Limited (collectively, "Hisun"), fully informed—resolved their differences related to the Claim Objection/Designation Motion and Plan Objection, as well as informal issues raised by the U.S. Trustee and Hisun. To implement these resolutions, the Debtors have filed (a) the *Stipulation Among the Debtors, Richard Godfrey and Kinderhook Industries, LLC and its Affiliated Companies With Respect to (I) the Debtors' (A) Objection to Proof of Claim No. 27 Filed by Richard Godfrey and (B) Motion to Designate Plan Vote of Richard Godfrey Pursuant to 11 U.S.C. § 1126(e), (II) Objection and Reservation of Rights of Creditor Richard Godfrey to Confirmation of Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code and (III) the Discovery Related Thereto* [Docket No. 462] (the "Stipulation"), a copy of which is attached hereto as **Exhibit B**, (b) the *Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated September 15, 2023 [Docket No. 463] (the "Second Amended Plan"), and (c) this Motion.

14. The Stipulation provides, among other things: (a) that Godfrey amend proof of claim no. 27 amount to $22,500,000; (b) for the filing of this Motion to authorize (i) the temporary allowance of the Godfrey Claim in the amount of $22,500,000 for plan voting purposes *only* and (ii) the amendment of Godfrey's Class 5 Plan vote on account of the Godfrey Claim to the amount of $22,500,000; (c) that the Debtors file the Second Amended Plan; (d) that Godfrey withdraw his Plan Objection; (e) that the Debtors will withdraw the Claim Objection/Designation Motion without prejudice; (f) that the Scheduling Order [Docket No. 457] be deemed no longer applicable and all outstanding discovery be withdrawn; and (g) that Godfrey and Kinderhook Industries, LLC and its affiliated companies agree to a standstill of litigation between themselves.

15. The Debtors intend to incorporate the Stipulation into the proposed order confirming the Debtors' Second Amended Plan.

**Argument**

A.  **Temporary Allowance of the Godfrey Claim For Voting Purposes Only is Warranted.**

16. Pursuant to Bankruptcy Rule 3018(a), "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). The policy behind temporarily allowing claims is "to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by gaming the system through objections to the claims of dissenting creditors. *In re Armstrong*, 292 B.R. 678, 686 (10th Cir. BAP 2003); *see also In re Harmony Holdings, LLC*, 395 B.R. 350, 353–54 (Bankr. D. S.C. 2008) ("[O]ne can easily visualize a situation where it would be grossly unfair and unjust to disenfranchise any claim or interest just because a debtor interposed an objection to the allowance of the claim or interest. . . . To achieve justice, some discretion must be left to the court to deal with the problem just described.") (internal quotation marks and citation omitted). In short, Bankruptcy Rule 3018(a) "was designed to give all creditors, ***even those holding disputed claims***, the opportunity to vote." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988) (emphasis added).

17. The decision to grant temporary allowance of a claim for voting purposes under Bankruptcy Rule 3018 is at the reasonable discretion of the bankruptcy court. *See Pension Ben. Guar. Corp. v. Enron Corp.*, No. 04 CIV. 5499 (HB), 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004). There is, however, a presumption in favor of temporarily allowing a disputed claim for purposes of voting. *See In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of chapter 11 which encourages creditor vote and participation in the reorganization process.").

18. The Debtors, with the agreement and support of Godfrey, submit that the Court should temporarily allow the Godfrey Claim for voting purposes only as agreed among the parties. Although Bankruptcy Rule 3018(a) requires a hearing for calculating a claim, only a "summary-type hearing is contemplated." *In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994); *see also, e.g., In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) (stating that for the calculation pursuant to Bankruptcy Rule 3018(a), "a very truncated trial process may be developed which is consistent with the dictates of due process of law"). Here the parties have agreed on the amount of the claim to be temporarily allowed for plan voting purposes only, so no hearing to calculate the claim is necessary. Temporarily allowing the Godfrey Claim for voting purposes is both fair and equitable to all parties involved.

**B.  Permitting Godfrey to Amend the Amount of his Class 5 Ballot is Warranted.**

19. Bankruptcy Rule 3018 provides in relevant part as follows: "[f]or cause shown, the court after notice and hearing may permit a creditor or equity security holder to change or withdraw an acceptance or rejection."

20. Here, the Debtors—with the agreement and support of Godfrey—are not seeking to change Godfrey's Plan vote from rejection to acceptance or from acceptance to rejection of the Plan. Rather, the parties have agreed that the Plan vote *amount* be amended to reflect the amended amount of the Godfrey Claim, *only* for Plan purposes. Doing so will avoid costly and unnecessary discovery and litigation and clearly reflects sufficient cause for the relief requested in the Motion.

## Reservation of Rights

21. The Debtors reserve the right to amend, modify, or supplement this Motion and. to respond to any objections to this Motion.

**No Prior Request**

22.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (a) temporarily allowing the Godfrey Claim in the amount of $22,500,000 for plan voting purposes *only*, (b) authorizing the amendment of the Class 5 Plan vote of Godfrey to the amount of $22,500,000, and (c) granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| Dated: September 15, 2023<br>Wilmington, Delaware | */s/ Domenic E. Pacitti*<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:   (302) 426-1189<br>Facsimile:   (302) 426-9193<br>Email:   dpacitti@klehr.com<br>          myurkewicz@klehr.com<br>          sveghte@klehr.com<br><br>*Counsel for the Debtors and Debtors in Possession* |