## Exhibit B

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PERFORMANCE POWERSPORTS | ) | Case No. 23-10047 (LSS) |
| GROUP INVESTOR, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AMONG THE DEBTORS, RICHARD GODFREY, AND KINDERHOOK INDUSTRIES, LLC AND ITS AFFILIATED COMPANIES WITH RESPECT TO (I) THE DEBTORS' (A) OBJECTION TO PROOF OF CLAIM NO. 27 FILED BY RICHARD GODFREY AND (B) MOTION TO DESIGNATE PLAN VOTE OF RICHARD GODFREY PURSUANT TO 11 U.S.C. § 1126(E), (II) OBJECTION AND RESERVATION OF RIGHTS OF CREDITOR RICHARD GODFREY TO CONFIRMATION OF DEBTORS' AMENDED JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND (III) THE DISCOVERY RELATED THERETO**

This *Stipulation Among the Debtors, Richard Godfrey and  Kinderhook Industries, LLC and its Affiliated Companies With Respect to (I) the Debtors' (A) Objection to Proof of Claim No. 27 Filed by Richard Godfrey and (B) Motion to Designate Plan Vote of Richard Godfrey Pursuant to 11 U.S.C. § 1126(e), (II) Objection and Reservation of Rights of Creditor Richard Godfrey to Confirmation of Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code and (III) the Discovery Related Thereto* (hereinafter the "Stipulation") is entered into as of September 1, 2023 (the "Execution Date") by and among (i) the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); (ii) Kinderhook Industries, LLC and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows:  Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona, 85281.

Kinderhook Industries' affiliated companies[2] (collectively, "Affiliated Entities," and together with Kinderhook Industries, "Kinderhook"); and (iii) Richard Godfrey ("Godfrey" together with the Debtors and Kinderhook, the "Parties"). Except where explicitly provided below, the terms of the Stipulation will become effective as of the Execution Date.

**RECITALS**

A.      On January 16, 2023 ("Petition Date") the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

B.      On March 27, 2023, the Court entered an order approving the sale of substantially all the Debtors' assets [Docket No. 270] (the "Sale Order").  The Sale Order approved an asset purchase agreement (the "APA") that set forth the terms of the sale from the Debtors to CPS USA Acquisition, LLC. The sale closed on March 31, 2023.

C.      On April 24, 2023, Richard Godfrey filed a Proof of Claim in the amount of $62,640,000 ("Godfrey Claim"). On August 7, 2023, the Debtors filed an *Objection to Proof of Claim No. 27 Filed by Richard Godfrey and Motion to Designate Plan Vote of Richard Godfrey Pursuant to 11 U.S.C. § 1126(e)* [Docket No. 437] (the "Claim Objection").

D.      On June 15, 2023, the Debtors filed the solicitation version of the *Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") and the *Disclosure Statement with Respect to Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement").  The hearing to consider confirmation of the Plan originally scheduled for July 24, 2023 at 2:00 p.m. was continued

---

2      Specifically, Kinderhook Capital Fund VI, L.P.; Kinderhook Capital Fund VI-B, L.P.; CPS USA Acquisition, LLC; and Tankas Funding VI, LLC.

to September 11, 2023 at 1:00 p.m., and then further continued to and is currently scheduled for October 4, 2023 at 10:00 a.m. (the "Confirmation Hearing").

E.      On August 7, 2023, Richard Godfrey filed the *Objection and Reservation of Rights of Creditor Richard Godfrey to Confirmation of Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 439] ("Godfrey Plan Confirmation Objection") and served upon Debtors his *First Set of Requests for the Production of Documents* ("Godfrey Discovery Requests to Debtors").

F.      On August 7, 2023, Richard Godfrey provided to Kinderhook Industries, LLC and each of its Affiliated Entities a *Notice of Intent to Serve Subpoena Seeking the Production of Documents* and requested waiver of service of same ("Godfrey Discovery Requests to Kinderhook" and together with Godfrey Discovery Requests to Debtors, the "Godfrey Discovery Requests").

G.      On August 14, 2023, the Debtors served upon Godfrey the *Notice of Deposition of Richard Godfrey* (the "Debtors' Deposition Notice").

H.      On August 15, 2023, the Debtors served upon Godfrey the *Debtors' First Set of Requests for Production of Documents to Richard Godfrey Related to Plan Objection (*"Debtors' Discovery Requests to Godfrey" and together with Debtors' Deposition Notice, the "Debtors Discovery Requests").

I.      Various discovery has also been issued in connection with the Godfrey Claim.

J.      The Parties have engaged in good faith negotiations regarding the Claim Objection, the Godfrey Plan Confirmation Objection, the Godfrey Discovery Requests, and the Debtors Discovery Requests.

K.      By this Stipulation, the Parties, to avoid the cost and uncertainty of discovery and litigation, desire to resolve the outstanding issues among the Parties related to the Godfrey Plan Confirmation Objection, the Claim Objection, and the Godfrey Discovery Requests.

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises hereinafter set forth, the receipt and adequacy of which are hereby acknowledged, the Parties represent and agree as follows:

1.      **Second Amended Plan**. Upon execution of the Stipulation, the Debtors shall file with the Bankruptcy Court a *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* in the form attached hereto as **Exhibit A** ("Second Amended Plan").[3] The confirmation order for the Second Amended Plan shall include language reaffirming and acknowledging the release set forth in the Final DIP Order.

2.      **Withdrawal of Godfrey Plan Objection and Termination of Scheduling Order**. Upon execution of the Stipulation, Godfrey shall file a notice with the Court that the Godfrey Plan Objection is withdrawn and that the Parties and Debtors stipulate that the Scheduling Order (Docket No. 457) is no longer applicable. Godfrey further agrees that he will not otherwise object to the Second Amended Plan.

3.      **Reduction of Godfrey Claim for Voting Purposes and Reservation of Rights Regarding Godfrey Claim**. The Parties agree that the Godfrey Claim will be reduced to $22.5 million ("Reduced Godfrey Claim"). Godfrey or the Debtors, as is deemed necessary, will move to amend the amount of Godfrey's Plan vote to reflect the Reduced Godfrey Claim amount (such pleading, the "3018 Motion"). Debtors accept the Reduced Godfrey Claim for voting purposes

---

[3]     Capitalized terms used but not defined herein shall have the meaning ascribed to it in the Second Amended Plan.

only, and the Parties will defer any objection on allowance of the Reduced Godfrey Claim for all other purposes until after confirmation of the Second Amended Plan.

4.     **Plan Confirmation**. The Confirmation Hearing shall be set for October 4, 2023 at 10:00 a.m.

5.     **Withdrawal of Claim Objection.**  Upon the Court's approval of the 3018 Motion, the Debtors shall file a notice with the Court that the Claim Objection is withdrawn without prejudice.

6.     **Withdrawal of Discovery**. The Parties agree that upon execution of the Stipulation, all pending discovery requests with respect to either the Godfrey Plan Confirmation Objection or the Claim Objection, including but not limited to the Godfrey Discovery Requests or the Debtors' Discovery Requests, are withdrawn. The parties agree to not pursue any additional discovery, including with respect to the Godfrey Claim, the Reduced Godfrey Claim, objections to the Godfrey Claim or the Reduced Godfrey Claim, or the Godfrey Plan Objection, absent the Debtors' filing of a new objection to the Reduced Godfrey Claim.

7.     **Mutual Standstill of Direct Claims Between Kinderhook and Godfrey**. If the Second Amended Plan[4] is confirmed by the Bankruptcy Court and the Litigation Trust[5] provided therein created, beginning on the Plan Confirmation Date and continuing until resolution of the Litigation Trust's prosecution of trust claims against Godfrey, the Parties agree to a mutual standstill of prosecution of any and all (i) direct claims by Godfrey against Kinderhook, and (ii) direct claims by Kinderhook against Godfrey (collectively, "Direct Claims"), except that the

---

[4]    Or any subsequent amended Plan submitted by the Debtors that comports with the requirements of Paragraph 1.

[5]    Capitalized terms not otherwise defined herein shall be ascribed the meaning set forth in the Second Amended Plan.

Parties expressly agree that Kinderhook shall have the right to pursue available insurance coverage for claims and recovery under Kinderhook's separate reps and warranties insurance coverage ("Reps and Warranties Claims"). In addition, the Parties will work to ensure that any insurance policies that may provide coverage for the actions contemplated in this Agreement are not defeated by non-personal collection efforts.

8.     **Termination of Mutual Standstill**.  The Parties may proceed to prosecute Direct Claims and the mutual standstill shall terminate if the Litigation Trust fails to bring claims against Godfrey within nine (9) months of the Plan Confirmation Date (the "Mutual Standstill Expiration Date"); *provided* that, following the Mutual Standstill Expiration Date, any Direct Claim brought by Kinderhook against Godfrey shall immediately be stayed upon the Litigation Trust filing suit against Godfrey.  If the Bankruptcy Court fails to confirm the Second Amended Plan,[6] the mutual standstill of Direct Claims shall be deemed waived without further action by any Party, and the Parties may proceed to prosecute Direct Claims.

9.     **Conversion of Mutual Standstill to Mutual Release**. If the Litigation Trust recovers on claims against Godfrey via settlement or final judgement, the Mutual Standstill provided in Paragraph 7 shall convert to a mutual release of Direct Claims, effective upon entry of a final judgment or execution of a settlement agreement.  Except as expressly provided for in this Paragraph 9, the Parties agree that no other provision in this Stipulation is intended to be or shall be construed as any release or discharge or waiver of any Direct Claims. The Parties further agree that the Reps and Warranty Claims as discussed in Paragraph 7 are not subject to release.

10.     **Tolling of Direct Claims**. The Parties further agree that any statute of limitations as well as any defense of laches and any other time-related defense applicable to any Direct Claim

---

[6]     *See* fn.4.

(collectively, "Time-Based Defenses") will be tolled during the standstill period provided for in paragraph 7 hereof ("Tolling Period"). The running of any applicable statute of limitations shall resume after the end of the Tolling Period, unless there is an extension of the Tolling Period executed in writing by and behalf of the Parties. The Parties each agree not to assert, plead, or raise in any fashion any Time-Based Defense to any Direct Claim that relies in whole or in part on time that passed during the Tolling Period.

11.     **Relief from Automatic Stay**. The Parties agree that Kinderhook and Godfrey will each be granted relief from the Automatic Stay for the limited purpose of seeking D&O insurance coverage related any pending non-bankruptcy matters and any actions initiated by the Litigation Trust.

12.     **Approvals**. This Stipulation will be incorporated into either the Second Amended Plan or any order approving the Second Amended Plan.

13.     **Termination of Stipulation.**  In the event the Debtors are unable to confirm the Second Amended Plan or a plan substantially similar thereto, or any other material, adverse changes occur in connection with the Debtors' case, any Party may give notice of the termination of this Stipulation.  Upon receipt of such notice, any other Party shall have 14 days to request a hearing from the Court regarding the same.

14.     **General.**

a.     This Stipulation is the product of bargained for, arms' length negotiations between the Parties and their counsel and shall not be construed for or against any Party or its representative(s) because that Party or that Party's legal representative drafted such provision.

b.   The validity, construction and all rights and obligations relating to this Stipulation shall be governed by the laws of the state of Delaware. Any disputes arising from this Stipulation shall be decided in an action or proceeding occurring before the Bankruptcy Court which shall have exclusive jurisdiction over any dispute arising under or related to this Stipulation.

c.   The Parties hereto warrant, covenant and agree that they each have power and authority to enter into and consummate this Stipulation, and that this Stipulation does not conflict with any other agreement, arrangement, or understanding of the Parties.

d.   The Parties further warrant, covenant, and agree that no other party, agent, employee, or attorney of any party has made any promise, representation, or warranty, whether express or implied, not expressly contained herein concerning the subject matter hereof, to induce any party to enter into and execute this Stipulation. Each Party further acknowledges and agrees that none of them have executed this Stipulation in reliance upon any promise, representation, warranty or agreement not contained or set forth herein, except as set forth herein.

e.   This Stipulation sets forth all agreements, covenants, representations, warranties, express or implied, with regard to the subject matter hereof. All prior and contemporaneous conversations, negotiations, actual, possible, and alleged agreements and representations with respect to the subject matter

hereof and not contained in this Stipulation are waived, merged, and superseded hereby.

f.    The Parties represent and warrant that they have read and fully understand the terms of this Stipulation. After consulting with counsel, each of the Parties has concluded that it is in its best interest to settle their differences and disputes upon the terms and conditions set forth herein, and in doing so, does not admit, concede, or imply that it has done anything wrong or legally actionable.

g.    No provision herein may be waived, modified, or amended unless in writing and signed by all Parties. Waiver of any one provision herein shall not be deemed to be a waiver of any other provision herein.

h.    This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, and all, when taken together, shall constitute the entire Stipulation, and a facsimile or electronically-scanned signature shall be deemed an original signature for purposes of executing this Stipulation.

*[Signature Page Follows]*

9

Stipulated and agreed to effective September 1, 2023, by:

/s/ Domenic E. Pacitti
KLEHR HARRISON HARVEY BRANZBURG LLP
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 426-1189
Facsimile:  (302) 426-9193
Email:   dpacitti@klehr.com
         myurkewicz@klehr.com
         sveghte@klehr.com

*Counsel for the Debtors and Debtors in Possession*

/s/ Donald J. Detweiler
WOMBLE BOND DICKINSON (US) LLP
Donald J. Detweiler (DE 3087)
Matthew P. Ward (DE 4471)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: don.detweiler@wbd-us.com
        matthew.ward@wbd-us.com

-and-

KUTAK ROCK LLP
Peter J. Barrett (admitted pro hac vice)
Jeremy S. Williams (admitted pro hac vice)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: peter.barrett@kutakrock.com
        jeremy.williams@kutakrock.com

*Co-Counsel for Richard Godfrey*

10

*/s/ James E. O'Neill*
PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (DE Bar No.2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
        joneill@pszjlaw.com
        ecorma@pszjlaw.com

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Brian Schartz, P.C.
Allyson Smith, Esquire
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 909-3217
Email: brian.schartz@kirkland.com
        allyson.smith@kirkland.com

-and-

William E. Arnault, Esquire
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Email: william.arnault@kirkland.com

*Co-Counsel for Kinderhook*