**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PERFORMANCE POWERSPORTS GROUP | ) | Case No. 23-10047 (LSS) |
| INVESTOR, LLC, *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Related to Docket No. 463** |

**NOTICE OF PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW
AND ORDER CONFIRMING THE DEBTORS' AMENDED JOINT PLAN OF
LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on June 12, 2023, the Court entered *the Order (I) Approving the Disclosure Statement; (II) Fixing the Voting Record Date; (III) Approving the Notice and Objection Procedures in Respect of Confirmation of the Plan; (IV) Approving Solicitation Packages and Procedures for Distribution Thereof; (V) Approving the Forms of Ballots and Establishment of Procedures for Voting on the Plan; (VI) Approving the Forms of Notices to Non-Voting Classes Under the Plan; (VII) Fixing the Voting Deadline to Accept or Reject the Plan; and (VIII) Approving Procedures for Vote Tabulations in Connection Therewith* [Docket No. 383] (the "Disclosure Statement Approval Order").

**PLEASE TAKE FURTHER NOTICE** that on June 15, 2023, the *Notice of (I) Approval of the Disclosure Statement; (II) Establishment of the Voting Record Date; (III) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; (IV) Procedures and Deadline for Voting on the Plan; and (V) for Electing to Opt Out of Plan Release* [Docket No. 387] setting, among other things, a hearing date of at 2:00 p.m. on July 24, 2023 (the "Confirmation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

Hearing") for the confirmation of the *Debtors' Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code.*

**PLEASE TAKE FURTHER NOTICE** that on September 15, 2023, the Debtors filed the *Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code.* [Docket No. 463] (as may be supplemented, modified, or amended, the "Plan").

**PLEASE TAKE FURTHER NOTICE** that on September 15, 2023, a *Notice of Continued Confirmation Hearing* [Docket No. 466] was filed setting the Confirmation Hearing with respect to the Plan for 10:00 a.m. on October 4, 2023 (the "Confirmation Hearing").

**PLEASE TAKE FURTHER NOTICE** that attached hereto as Exhibit A is the *Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* which will be presented at the Confirmation Hearing with respect to the confirmation of the Plan.

Dated:  September 27, 2023
Wilmington, Delaware

/s/ Domenic E. Pacitti
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:     (302) 426-1189
Facsimile:     (302) 426-9193
Email:    dpacitti@klehr.com
              myurkewicz@klehr.com
              sveghte@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-2700
Facsimile:     (215) 568-6603
Email:   mbranzburg@klehr.com

*Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Confirmation Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTORS, LLC, *et al.*,[1] | Case No. 23-10047 (LSS) |
| Debtors. | (Jointly Administered) |
|  | **Related to Docket No. 463** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE DEBTORS' SECOND AMENDED JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

The *Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 463] (as amended, modified, or supplemented from time to time, the "Plan"),[2] having been filed with the United States Bankruptcy Court for the District of Delaware (the "Court") by the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"); and the Court having entered an order dated June 12, 2023 [Docket No. 383] (the "Disclosure Statement Approval Order") after due notice and a hearing pursuant to sections 105, 502, 1125, and 1128 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 3017, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 3017-1, 3020-1, 9013-1, and 9021-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380).  The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Rules"), (i) approving the Disclosure Statement, (ii) fixing the voting record date, (iii) approving the notice and objection procedures in respect of confirmation of the Plan, (iv) approving solicitation packages and procedures for distribution thereof, (v) approving the forms of ballots and establishment of procedures for voting on the plan, (vi) approving the forms of notice to non-voting classes under the plan, (vii) fixing the voting deadline to accept or reject the plan, and (viii) approving procedures for vote tabulations in connection therewith; and the Disclosure Statement and Plan having been transmitted to all Holders of Claims in Classes 4, 5, 7, and 8 (collectively, the "Voting Classes") as provided for by the Disclosure Statement Approval Order; and the Confirmation Hearing having been held before the Court on October 4, 2023, after due notice of Holders of Claims and Interest and all other parties in interest in accordance with the Disclosure Statement, the Disclosure Statement Approval Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and upon all of the proceedings had before the Court, and after full consideration of (i) *Declaration of Kim D. Steverson of Omni Agent Solutions, Inc. Regarding Solicitation of Votes and Tabulation of Ballots on the Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* dated September 27, 2023 [Docket No. 472] (the "Voting Declaration") and the testimony contained therein, (ii) *Declaration of Peter Kravitz in Support of Confirmation of the Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated September 27, 2023 [Docket No. 474] (the "Declaration in Support of Confirmation") and the testimony contained therein, (iii) the Debtors' *Memorandum of Law in Support of Confirmation of the Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated September 27, 2023 [Docket No. 475], and (iv) all other evidence proffered or adduced at the Confirmation Hearing, as well as

oral arguments of counsel made in connection therewith; and after due deliberation and sufficient cause appearing therefor,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.      Exclusive Jurisdiction; Venue; Core Proceeding**

1.      The Court has jurisdiction over the Debtors' chapter 11 cases (these "Chapter 11 Cases") in accordance with 28 U.S.C. §§ 157 and 1334.  Confirmation is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court has jurisdiction to enter a final order with respect thereto.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**B.      Eligibility for Relief**

2.      The Debtors were and are Entities eligible for relief under section 109 of the Bankruptcy Code.

**C.      Commencement and Joint Administration of these Chapter 11 Cases**

3.      On the Petition Date, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  By prior order of the Court, the Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015 [Docket No. 40].  Since the Petition Date, the Debtors managed their estates as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

**D.      Judicial Notice**

4.      The Court takes judicial notice of the main case docket of these Chapter 11 Cases maintained by the Clerk of the Court under Case No. 23-10047 (LSS), including all pleadings and

other documents filed and orders entered thereon.  The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearing held before the Court during the pendency of these Chapter 11 Cases.

**E.     Claims Bar Date**

5.     On March 15, 2023, the Court entered the Order (A) Establishing Bar Dates for Filing Proofs of Claim, Including Claims Under 11 U.S.C. §503(b)(9) and Administrative Expense Requests; (B) Approving the Form and Manner for Filing Proofs of Claim and Administrative Expense Requests; (C) Approving Notice Thereof; and (D) Granting Related Relief [Docket No. 223] (the "Bar Date Order"), which, among other things, established (i) April 22, 2023 at 4:00 p.m. Eastern Time as the General Bar Date for prepetition claims, including all priority claims and claims arising under section 503(b)(9) of the Bankruptcy Code, (ii) July 17, 2023 at 4:00 p.m. Eastern Time as the Governmental Bar Date for all governmental units holding prepetition claims (the "Governmental Bar Date"), and (iii) April 22, 2023 at 4:00 p.m. Eastern Time as the Administrative Claims Bar Date for claims arising under sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code for claims that arose on or after the Petition Date but on or before March 31, 2023.

**F.     Burden of Proof**

6.     The Debtors, as proponents of the Plan in accordance with section 1121(a) of the Bankruptcy Code, have met their burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation.

**G.     Transmittal and Mailing of Materials; Notice**

4

7.    The *Notice of (I) Approval of the Disclosure Statement; (II) Establishment of the Voting Record Date; (III) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; (IV) Procedures and Deadline for Voting on the Plan; and (V) for Electing to Opt Out of Plan Release*  [Docket No. 387] (the "Confirmation Hearing Notice") was filed with the Court on June 15, 2023, and was served along with the Plan, Disclosure Statement, Disclosure Statement Approval Order, in substantial compliance with the Disclosure Statement Approval Order, customized Ballots and Notices as applicable, and Bankruptcy Rule 2002(l), as evidenced by the *Affidavit of Service* [Docket Nos. 388 and 392], and as a consequence, due, adequate and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearing, together with all deadlines for objecting to and voting to accept or reject the Plan, has been provided to: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) counsel for the Debtors' prepetition and post-petition secured lenders; (c) the Internal Revenue Services; (d) all parties entitled/required to receive notice pursuant to the Disclosure Statement Approval Order; and (e) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and the Local Rules, in substantial compliance with the Disclosure Statement Approval Order and Bankruptcy Rules 2002(b), 3017, and 3020(b).  Adequate and sufficient notice of the Confirmation Hearing and other dates and hearings described in the Disclosure Statement Approval Order was provided in compliance with the Bankruptcy Rules and Disclosure Statement Approval Order, and no other or further notice is or shall be required.

8.    The Debtors published notice of the Confirmation Hearing (the "Confirmation Hearing Notice") in *The New York Times* in substantial compliance with the Disclosure Statement

5

Approval Order and Bankruptcy Rule 2002(l), as evidenced by *The New York Times Proof of Publication* [Docket No. 412].

**H.     Solicitation**

9.     Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Approval Order, all applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations. Specifically, the solicitation materials approved by the Court in the Disclosure Statement Approval Order (including, but not limited to, the Disclosure Statement, the Plan, ballots ("Ballots"), and the Disclosure Statement Approval Order) (the "Solicitation Packages") were transmitted to and served on all Holders of Claims in the Voting Classes, as well as to other parties in interest in the Debtors' chapter 11 cases, in compliance with section 1125 of the Bankruptcy Code, the Disclosure Statement Approval Order, the Bankruptcy Rules, and the Local Rules. Such transmittal and service of the Solicitation Packages were adequate and sufficient, and no further notice is or shall be required. In addition, Holders of Claims or Interests in the Non-Voting Classes were provided with a notice of non-voting status in lieu of a Solicitation Package, the form of which was approved by the Court as part of the Disclosure Statement Approval Order. All procedures used to distribute the Solicitation Packages to Holders of Claims and Interests were fair and conducted in accordance with the Disclosure Statement Approval Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

**I.     Voting Declaration**

10.     Before the Confirmation Hearing, the Debtors filed the Voting Declaration. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Disclosure

Statement Approval Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

11.     As evidenced by the Voting Declaration, Class 4 AND Class 5 voted to accept the Plan. No classes of creditors or interest holders voted to reject the plan. Based on the foregoing, and as evidenced by the Voting Declaration, at least one Impaired Class of Claims has voted to accept the Plan in accordance with the requirements of Bankruptcy Code sections 1124 and 1126.

**J.     Bankruptcy Rule 3016**

12.     The Plan is dated and identifies the Entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Clerk of the Court satisfied Bankruptcy Rule 3016(b).

**K.     Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

13.     The Plan complies with all applicable provisions of section 1129(a) of the Bankruptcy Code, as follows:

    **i.     Section 1129(a)(1) – Compliance with the Applicable Provisions of the Bankruptcy Code**

        **a.     <u>Section 1122 and 1123(a)(1) – Proper Classification</u>**

14.     The classification of Claims and Interest under the Plan is proper under the Bankruptcy Code.  Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan provides for the separate classification of Claims and Interests into eight (8) Classes, based on differences in the legal nature or priority of such Claims and Interests (other than Administrative Claims and Priority Tax Claims, which are addressed in Article II of the Plan and are required not to be designated as separate Classes pursuant to section 1123(a)(1) of the Bankruptcy Code).  Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Interests created under the Plan, the classifications were not

done for any improper purpose and the creation of such Classes does not unfairly discriminate between or among Holders of Claims or Interests.

15.    As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interest that are substantially similar to the other Claims or Interests within that Class.  As a result, the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code have been satisfied.

### b.    Section 1123(a)(2) – Specification of Not Impaired Classes

16.    Article III.B of the Plan specifies that Class 1 Secured Tax Claims, Class 2 Other Secured Claims, and Class 3 Other Priority Claims are Unimpaired under the Plan.  Additionally, Article II of the Plan specifies Administrative Claims and Priority Tax Claims are not Impaired, and these Claims are not classified under the Plan.  As a result, the requirements of section 1123(a)(2) of the Bankruptcy Code have been satisfied.

### c.    Section 1123(a)(3) – Specification of Treatment of Impaired Classes

17.    Article III.C of the Plan specifies the treatment of each Impaired Class under the Plan, including Classes 4, 5, 6, 7, and 8.  As a result, the requirements of section 1123(a)(3) of the Bankruptcy Code have been satisfied.

### d.    Section 1123(a)(4) – No Discrimination

18.    Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article III of the Plan uniformly provides for the same treatment of each Claim or Interest in a particular Class, as the case may be, unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest.  As a result, the requirements of section 1123(a)(4) of the Bankruptcy Code have been satisfied.

### e.    Section 1123(a)(5) – Adequate Means for Plan Implementation

8

19.    Article IV of the Plan, as well as various other provisions of the Plan, provide adequate and proper means for implementation of the Plan.  The Plan is predicated upon appointment of a Litigation Trustee who shall administer, collect, and liquidate the Litigation Trust Assets and other Assets in accordance with the Plan and Litigation Trust Agreement, and implement the Plan and a Plan Administrator to fulfill the duties as set forth in the Plan.  As a result, the requirements of section 1123(a)(5) of the Bankruptcy Code have been satisfied.

### f.    Section 1123(a)(6) – Voting Power of Equity Securities

20.    The Plan does not contemplate the issuance of non-voting equity securities.  As a result, the requirements of section 1123(a)(6) of the Bankruptcy Code have been satisfied.

### g.    Section 1123(a)(7) – Selection of Officers and Directors

21.    As the Plan is a liquidating Plan, there will be no officers or directors of the Debtors after Plan confirmation.  Rather, the Litigation Trustee will be tasked with administering, collecting, and liquidating the Litigation Trust Assets, implementing the Plan and Litigation Trust Agreement, and administering the Litigation Trust.  As a result, the requirements of section 1123(a)(7) of the Bankruptcy Code have been satisfied.

### h.    Section 1123(b) – Discretionary Contents of the Plan

22.    The Plan contains various provisions that may be construed as discretionary but are not required for Confirmation under the Bankruptcy Code.  As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent in any way with the applicable provisions of the Bankruptcy Code.  As a result, the requirements of section 1123(b) of the Bankruptcy Code have been satisfied.

> *(1)    Section 1123(b)(1)–(2) – Claims and Interests; Executory Contracts and Unexpired Leases*

9

23.     Pursuant to sections 1123(b)(1) and 1123(b)(2) of the Bankruptcy Code, Article III of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims or Interests, and Article VIII of the Plan provides for the rejection of the Executory Contracts and Unexpired Leases of the Debtors not previously assumed or rejected pursuant to section 365 of the Bankruptcy Code.

(2)     *Section 1123(b)(6) – Additional Plan Provisions (Exculpation, Release, and Injunction Provisions)*

24.     **Exculpation.**  Article IX.C of the Plan exculpates parties critical to the formulation of the Plan for any acts or omissions in connection with the Plan (the "Exculpation").

25.     **Release.**  The Release set forth in Article IX.D of the Plan, including the Releases by the Debtors and the Releases by Holders, is fair, equitable, and reasonable, supported by sufficient and valuable consideration, an integral component of the Plan, necessary for the realization of value for stakeholders, the product of arm's length negotiations or based on consent, in the best interests of the Debtors and their Estates, Creditors, and Interest holders, and is appropriate.  In addition, the Releases by Holders are consensual.

26.     **Injunction.**  The injunction provision set forth in Article IX.E of the Plan (the "Injunction") is necessary to preserve and enforce the Exculpation and Release provisions of the Plan; and the Injunction is narrowly tailored to achieve this purpose.

27.     Thus, each of the Exculpation, Release, and the Injunction set forth in the Plan: (a) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) is necessary to implement the Plan pursuant to section 1123(a)(6) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated in the Plan; (d) confers material benefits on, and is in the best interest of, the Debtors, their Estates, and the Holders of Claims and Interest; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the

parties in interest in these chapter 11 cases with respect to the Debtors; and (f) is consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.  The record of the Confirmation Hearing and these chapter 11 cases is sufficient to support the Exculpation, Release, and the Injunction provisions contained in Article IX of the Plan.  The failure to implement the Exculpation, Release, and the Injunction provisions of the Plan would seriously impair the Debtors' ability to confirm the Plan.

### i.  Section 1123(d) – Cure of Defaults

28.    Article VIII of the Plan provides for the rejection of all executory contracts and unexpired leases that remain as of the Effective Date or such earlier date as the Debtors may have unequivocally terminated such lease or contract.  Accordingly, the Debtors do not anticipate incurring any Cure obligations in connection with the Plan.  Nevertheless, Article VIII.B of the Plan provides that:

> Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Bankruptcy Court within twenty-one (21) days after the earlier of (a) service of Notice of the Effective Date, or (b) service of notice of entry of an order of the Bankruptcy Court (other than the Confirmation Order) approving the rejection of a particular Executory Contract or Unexpired Lease on the counterparty thereto. The Notice of the Effective Date shall indicate that all Executory Contracts and Unexpired Leases that do not fall into one of the four clauses set forth in Article VIII.A hereof are deemed rejected as of the Effective Date. The Notice of Effective Date shall also set forth the deadline for filing Proofs of Claim with respect to the same. Absent order of the Court to the contrary, any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed by the applicable deadline will not be considered Allowed and such person or entity shall not be treated as a creditor for purposes of distributions under the Plan. Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims and shall be treated in accordance with Class 5 of the Plan, which information shall be included in the Notice of the Effective Date.

Accordingly, the Plan satisfies section 1123(d) of the Bankruptcy Code to the extent it may become applicable.

ii.     **Section 1129(a)(2) – Compliance of the Debtors and Others with the Applicable Provisions of the Bankruptcy Code**

29.     The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including sections 1123, 1125, and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019.  As a result, the requirements of section 1129(a)(2) of the Bankruptcy Code have been satisfied.

30.     The Debtors and their members (including ex officio members), officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals, agents, affiliates, fiduciaries and representatives (collectively, the "Debtors' Representatives") as of or after the Petition Date did not solicit the acceptance or rejection of the Plan by any Holders of Claims or Interests after the Petition Date and before the approval and transmission of the Disclosure Statement.  Votes to accept or reject the Plan were only solicited after the Petition Date by the Debtors and certain of the Debtors' agents after disclosure to Holders of Claims and Interests of adequate information as defined in section 1125(a) of the Bankruptcy Code.

31.     The Debtors' Representatives as of or after the Petition Date have solicited acceptance or rejection of the Plan in good faith and in compliance with the applicable provisions of the Disclosure Statement Approval Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules and all other applicable rules, laws and regulations and have participated in good faith and in compliance with the applicable provisions of the Disclosure Statement Approval Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules and all other applicable rules, laws and regulations and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code, the Exculpation, the Release, and the Injunction provisions set forth in the Plan.

32.     The Debtors and each of their respective members (including ex officio members), officers, directors, principals, managers, employees, partners, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, consultants, agents, affiliates, management companies, fund advisors, managed accounts or funds and representatives of each of the foregoing Entities (in each case in his, her, or its capacity as such) as of or after the Petition Date, have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### a.      Section 1129(a)(3) – Proposal of Plan in Good Faith

33.     The Debtors have proposed the Plan in good faith and not by any means forbidden by law.  In determination that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of these chapter 11 cases, the Plan itself, and the process leading to its formulation.  The good faith of each of the Entities which negotiated the Plan is evident form the facts and records of these chapter 11 cases, the Disclosure Statement, and the hearing thereon and the record of the Confirmation Hearing and other proceedings held in these chapter 11 cases.  The Plan itself, and the process leading to its formulation, provide independent evidence of the good faith of such Entities who negotiated the Plan, serve the public interest and assure fair treatment of Holders of Claims and Interests.

### b.      Section 1129(a)(4) – Court Approval of Certain Payments as Reasonable

34.     The procedures set forth in the Plan for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with these chapter

11 cases, or in connection with the Plan and incident of these chapter 11 cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code. As a result, the requirements of section 1129(a)(4) of the Bankruptcy Code have been satisfied.

<strong>c.     Section 1129(a)(5) – Disclosure of Identity of Proposed Management, Compensation of Insiders, and Consistency of Management Proposals with the Interests of Creditors and Public Policy</strong>

35.     As the Plan is a liquidating Plan, there will be no officers or directors of the Debtors after Plan confirmation. Rather, the Litigation Trustee will be tasked with administering, collecting, and liquidating the Litigation Trust Assets, implementing the Plan and Litigation Trust Agreement, and administering the Liquidation Trust. On July 10, 2023 the Debtors filed the *Notice of Filing of Plan Supplement* [Docket No. 411] and on September 27, 2023 the Debtors filed the *Notice of Filing of Second Plan Supplement* [Docket No. 473] (collectively, the "Plan Supplement"), which identified the Plan Administrator and his proposed compensation, identified the Litigation Trustee and his proposed compensation, identified the Litigation Trust Advisory Committee Members, and attached a copy of the proposed Litigation Trust Agreement and Declaration of Trust and Plan Administrator Agreement. As a result, the requirements of section 1129(a)(5) of the Bankruptcy Code have been satisfied.

<strong>d.     Section 1129(a)(6) – Approval of Rate Changes</strong>

36.     The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require any such governmental regulatory approval. As a result, the requirements of section 1129(a)(6) of the Bankruptcy Code have been satisfied.

<strong>e.     Section 1129(a)(7) – Best Interest of Holders of Claims and Interests</strong>

14

37.     The liquidation comparison set forth in the Disclosure Statement (the "Liquidation Comparison") and the other evidence related thereto, including the Declaration in Support of Confirmation, that was proffered or adduced at or before the Confirmation Hearing: (a) are reasonable, persuasive, and credible; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that, with respect to each Impaired Class, each Holder of an Allowed Claim in such Class has voted to accept the Plan or will receive under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such Holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.  As a result, the requirements under section 1129(a)(7) of the Bankruptcy Code have been satisfied.

**f.      Section 1129(a)(8) – Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of the Plan by Each Impaired Class**

38.     Classes 1, 2, and 3 are Classes of Unimpaired Claims and are conclusively to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

39.     Class 4 and Class 5 are Classes of Impaired Claims that have voted to accept the Plan.

40.     Class 6 did not vote on the Plan.

41.     Class 6 Intercompany Claims are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code because Holders of Interests in these Classes are not entitled to receive or retain any property under the Plan.  While the Plan does not satisfy section 1129(a)(8) of the Bankruptcy Code with respect to Classes 6, 7, and 8, the Plan is confirmable because it satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code, as discussed below.

**g.      Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code**

15

42.    Allowed Administrative Claims and Allowed Priority Tax Claims are not Impaired pursuant to Article II of the Plan.  Allowed Other Priority Claims are not Impaired pursuant to Article III of the Plan.  As a result, the requirements of section 1129(a)(9) of the Bankruptcy Code with respect to such Classes have been satisfied.

### h.    Section 1129(a)(10) – Acceptance by At Least One Impaired Class

43.    As set forth in the Voting Declaration, Class 4 and Class 5 are Classes of Impaired Claims and have voted to accept the Plan.  As such, there is at least one Class of Claims that is Impaired and has accepted the Plan, determined without including any acceptance of the Plan by any insider.  As a result, the requirements of section 1129(a)(10) of the Bankruptcy Code have been satisfied.

### i.    Section 1129(a)(11) – Feasibility of the Plan

44.    The evidence proffered or adduced at, or before, the Confirmation Hearing in connection with the feasibility of the Plan is reasonable, persuasive, and credible, has not been controverted by other evidence and the Plan proposes the liquidation of the Debtors, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

### j.    Section 1129(a)(12) – Payment of Bankruptcy Fees

45.    Article II.C of the Plan provides that all fees payable pursuant to section 1930 of the United States Judicial Code shall be paid for each quarter (including any fraction thereof) until these chapter 11 cases are converted, dismissed, or closed, whichever occurs first.  As a result, the requirements of section 1129(a)(12) of the Bankruptcy Code have been satisfied.

### k.    Section 1129(a)(13) – Retiree Benefits

46.    Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for retiree benefits at levels established pursuant to section 1114 of the Bankruptcy Code.  The Debtors do

16

not have any obligations on account of retiree benefits (as such term is used in section 1114 of the Bankruptcy Code) and, therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to these chapter 11 cases.  As a result, the requirements of section 1129(a)(13) of the Bankruptcy Code have been satisfied.

      **1.**      **<u>Sections 1129(a)(14), (15), and (16) – Domestic Support Obligations; Unsecured Claims Against Individual Debtors; Transfers by Nonprofit Organizations</u>**

47.      None of the Debtors have domestic support obligations, are individuals, or are nonprofit organizations.  Therefore, sections 1129(a)(14), (15), and (16) of the Bankruptcy Code do not apply to these chapter 11 cases.

      **m.**      **<u>Section 1129(b) – No Unfair Discrimination; Fair and Equitable</u>**

48.      Despite the Debtors' inability to satisfy section 1129(a)(8) of the Bankruptcy Code, based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, or otherwise filed or on the record in these chapter 11 cases, including the Disclosure Statement and the exhibits thereto, the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 6, 7, and 8, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by Class 6.

      **n.**      **<u>Section 1129(c) – Only One Plan</u>**

49.      Other than the Plan (including previous versions thereof), no other plan has been filed in these chapter 11 cases.  As a result, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

      **o.**      **<u>Section 1129(d) – Principal Purpose of the Plan is Not Avoidance of Taxes</u>**

50.     No Governmental unit has requested that the Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.  As a result, the requirements of section 1129(d) of the Bankruptcy Code have been satisfied.

**L.     Satisfaction of Confirmation Requirements**

51.     Based upon the foregoing, all other filed pleadings, documents, exhibits, statements, declarations, and affidavits filed in connection with Confirmation of the Plan and all evidence and arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**M.     Good Faith**

52.     Based on the record before the Court in these chapter 11 cases the Debtors and their officers and directors, managers, members, employees, agents, representatives, financial advisors, professionals, accountants, attorneys and each of their predecessors, successors and assigns, but only to the extent that such party served in such a capacity during the Chapter 11 Cases, have acted in good faith during the pendency of the Chapter 11 Cases within the meaning of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule or regulation, will continue to act in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby and (ii) take the actions authorized and directed by this Confirmation Order, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the Exculpation and Release provisions set forth in Article IX of the Plan.

**N.**     **Disclosure:**     **Agreements and Other Documents**

53.     The Debtors have disclosed all material facts regarding the Litigation Trust Agreement and Declaration of Trust and Plan Administrator Agreement.

**O.**     **Likelihood of Satisfaction of Conditions Precedent to the Effective Date**

54.     Each of the conditions precedent to the Effective Date, as set forth in Article X of the Plan, has been satisfied or waived in accordance with the provisions of the Plan or is reasonably likely to be satisfied or waived.

**P.**     **Implementation of Necessary Documents and Agreements**

55.     All documents and agreements necessary to implement the Plan, including, but not limited to, the Litigation Trust Agreement and Declaration of Trust, Plan Administrator Agreement,  and all other relevant and necessary documents and agreements, are in the best interests of the Debtors, and Holders of Claims and Interests, have been negotiated in good faith and at arm's-length and shall, upon completion of documentation and execution, be valid, binding and enforceable agreements and not be in conflict with any federal or state law.  The Debtors have exercised reasonable business judgment in determining to enter into all such documents and agreements and have provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements are fair and reasonable and are approved.  The Debtors are authorized, without any further notice to or action, order, or approval of the Court, to finalize and execute and deliver all agreements, documents, instruments and certificates relating thereto and perform their obligations thereunder in accordance with the Plan.

**Q.**     **Executory Contracts and Unexpired Leases**

56.     The Debtors have exercised reasonable business judgment in determining to reject each of their Executory Contracts and Unexpired Leases as set forth in Article VIII of the Plan,

this Confirmation Order or otherwise.  Each rejection of an Executory Contract or Unexpired Lease in accordance with Article VIII of the Plan, this Confirmation Order or otherwise shall be legal, valid and binding upon all non-Debtor parties to such Executory Contract or Unexpired Lease, all to the same extent as if such rejection had been authorized and effectuated pursuant to a separate order of the Court that was entered pursuant to section 365 of the Bankruptcy Code before Confirmation.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

57.    **Confirmation of the Plan.**    All requirements for Confirmation of the Plan have been satisfied.  The Plan, and the provisions thereof are confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code, as may be modified by this Confirmation Order. Without any further notice to, or action, order, or approval of the Court, the Debtors and their successors are authorized and empowered to make all modifications to all documents that are consistent with the Plan.  As set forth in the Plan, once finalized and executed, all documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

58.    **Objections.**    All objections, responses to, statements, comments, and all reservations of rights pertaining to Confirmation that have not been withdrawn, waived, or settled, before or on the record at, the Confirmation Hearing are hereby overruled on the merits or addressed separately herein.

59.    **Findings of Fact and Conclusions of Law.**    The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and

PHIL1\22647\0001\10670376.v3-9/27/23

conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any findings of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

60.    The terms of the Plan, Litigation Trust Agreement and Declaration of Trust, and Plan Administrator Agreement are incorporated by reference into, and are an integral part of, this Confirmation Order.  The terms of the Plan, all exhibits thereto, the Litigation Trust Agreement and Declaration of Trust, Plan Administrator Agreement, and all other relevant and necessary documents, shall be effective and binding as of the Effective Date.

61.    **Plan Classifications Controlling.**  The classification of Claims and Interests for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (c) shall not be binding on the Debtors.

62.    **Operation as of the Effective Date.**  Subject to Article XIII.A of the Plan and notwithstanding Bankruptcy Rules 3020(e), 6004(h) or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors and any and all present and former holders of Claims or Interests (irrespective of whether their Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases and injunctions described in the Plan, each Entity acquiring property under the Plan, any and all non-Debtor parties to

Executory Contracts and Unexpired Leases with the Debtors each of respective successors and assigns of the foregoing persons and Entities.

63.    **Administrative Claims.**  Except to the extent that a holder of an Allowed Administrative Claim and the Debtors or the Plan Administrator or Litigation Trustee, as applicable, agree to less favorable treatment with respect to such Allowed Administrative Claim, each holder of an Allowed Administrative Claim shall be paid in full in Cash from the Debtors, Plan Administrator,  or the Litigation Trustee, as applicable, on the earlier of the date that is (a) on or as soon as reasonably practicable after the Effective Date if such Administrative Claim is Allowed as of the Effective Date or (b) on or as soon as reasonably practicable after the date such Administrative Claim is Allowed, if such Administrative Claim is not Allowed as of the Effective Date.

64.    **Administrative Claim Bar Date.**  Except as otherwise provided in Article II.A of the Plan, all requests for payment of Administrative Claims must be Filed on or before the applicable Administrative Claims Bar Dates.  Except as otherwise ordered by the Court, holders of Administrative Claims that are required to, but do not, File and serve a request for payment of such Administrative Claims by such applicable dates shall be forever barred, estopped and enjoined from asserting such Administrative Claims against the Debtors or its property and such Administrative Claims shall be deemed released against the Debtors as of the Effective Date.

65.    **Professional Claims.**  Except as otherwise provided in the Plan, pursuant to Article II.A of the Plan, any Person asserting a Professional Fee Claim for services rendered on or before the Effective Date must File and serve on the parties required in the Interim Compensation Order or any other applicable order of the Bankruptcy Court, an application for final allowance of such Professional Fee Claim no later than twenty-one (21) days after the Effective Date; provided,

however that any Professional who may receive compensation or reimbursement of expenses pursuant to the Ordinary Course Professional Order may continue to receive such compensation or reimbursement of expenses for services rendered before the Effective Date, without further Bankruptcy Court order, pursuant to the Ordinary Course Professional Order.  Objections to any Professional Fee Claim must be Filed and served on the requesting party no later than twenty-one (21) days from the service of an application for final allowance of a Professional Fee Claim.

66.     **Professional Fee Escrow Account.**  On the Effective Date, the Professional Fee Claim Reserve shall be transferred by the Debtors to Klehr Harrison Harvey Branzburg LLP's escrow account to be held for the distribution of Allowed Professional Fee Claims.  Upon entry of a Final Order approving any such application for such Professional Fee Claim, Klehr Harrison Harvey Branzburg LLP shall promptly distribute from the Professional Fee Claim Reserve any unpaid portion of such Allowed Professional Fee Claim.  To the extent that any Cash is remaining in the Professional Fee Claim Reserve after payment in full of all Allowed Professional Fee Claims, Klehr Harrison Harvey Branzburg LLP shall promptly upon request of the Plan Administrator, transfer any such Cash to the Plan Administrator and be treated in accordance with the Plan and the Confirmation Order.

67.     **The Litigation Trustee and Litigation Trust Agreement.**  Peter Kravitz is designated and approved as the Litigation Trustee and shall be vested with full legal power, capacity and authority of the Debtors, and shall be directed to administer, collect and liquidate the Litigation Trust Assets and to implement the Plan and Litigation Trust Agreement. The Litigation Trust Agreement is hereby approved.

68.     **The Plan Administrator and Plan Administrator Agreement.**  Peter Kravitz is designated and approved as the Plan Administrator and shall be vested with full legal power,

capacity and authority of the Debtors, and shall be directed to implement the Plan and Plan Administrator Agreement. The Plan Administrator Agreement is hereby approved.

69. **Rejection Claims and Rejection Bar Date.**  All Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Bankruptcy Court within twenty-one (21) days after the earlier of (a) service of Notice of the Effective Date, or (b) service of notice of entry of an order of the Bankruptcy Court (other than the Confirmation Order) approving the rejection of a particular Executory Contract or Unexpired Lease on the counterparty thereto.  The Notice of the Effective Date shall indicate that all Executory Contracts and Unexpired Leases that do not fall into one of the four clauses set forth in Article VIII.A hereof are deemed rejected as of the Effective Date.  The Notice of Effective Date shall also set forth the deadline for filing Proofs of Claim with respect to the same.  Absent order of the Court to the contrary, any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed by the applicable deadline will not be considered Allowed and such person or entity shall not be treated as a creditor for purposes of distributions under the Plan. Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims and shall be treated in accordance with Class 7 of the Plan, which information shall be included in the Notice of the Effective Date.

70. **Exculpation.**  As provided for in Article IX.C of the Plan, as of the Effective Date, the Exculpation is approved and authorized in all respects.

71. **Release**.  As provided for in Article IX.D of the Plan, as of the Effective Date, the Release is approved and authorized in all respects.

72. **Injunction.**  From and after the Effective Date, and as contemplated in Article IX.E of the Plan, the Injunction shall be in full force and effect.

73. **Term of Injunction or Stays.**  Pursuant to the Plan, unless otherwise provided, all injunctions or stays in effect in these chapter 11 cases pursuant to sections 105 or 362 of the Bankruptcy Code or otherwise shall remain in full force and effect until the Effective Date.  All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

74. **Releases in Final DIP Order**.  Pursuant to the Plan the release contained in the Final DIP Order are reaffirmed and shall continue to be in full effect.

75. **Section 1146 Exemption.**  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, filing or recording fee, or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

76. **Severability of Plan Provisions.**  This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.  Should any provision of the Plan or this Confirmation Order, including the findings of fact and conclusions of law set forth herein, be determined to be unenforceable after the Effective Date, such determination shall in no way limit or affect the enforceability and operative effect of any and all of the other provisions of the Plan.

77.    **Substantial Consummation.**  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

78.    **Conflicts with the Plan.**  Except as set forth in the Plan, to the extent that any provision of the Disclosure Statement, the Litigation Trust Agreement, Plan Administrator Agreement, or any other order (other than this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control.

79.    **Conflicts Between Confirmation Order and Plan.**  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however,* that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

80.    **Effectiveness of All Actions and Reservations of Rights.**  Except as expressly set forth in the Plan, the Plan shall have no force or effect before the entry by the Court of this Order, and this Order shall have no force or effect if the Effective Date does not occur.  None of the Filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by any Debtor with respect to the Plan, the Disclosure Statement, or the Plan Supplement shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders before the Effective Date.

81.     **Notice of Entry of Confirmation Order and Occurrence of the Effective Date.**
Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Debtors shall file and serve
notice of entry of this Confirmation Order and occurrence of the Effective Date in substantially
the form annexed hereto as **Exhibit 1** (the "Notice of Confirmation and Effective Date") on all
Holders of Claims and Interests, the U.S. Trustee, counsel to the Litigation Trustee, and other
parties in interest by first-class mail, postage prepaid, within three (3) Business Days after the
Effective Date.  Such notice is adequate under the particular circumstances and no other or further
notice is necessary.  The form of Notice of Confirmation and Effective Date substantially in the
form attached hereto as **Exhibit 1** is approved.

82.     **Final Order.**  The Confirmation Order is a final order.

83.     **Effectiveness of Order.**  This Confirmation Order is and shall be deemed to be a
separate order with respect to each Debtor for all purposes.

84.     **Retention of Jurisdiction.**  Notwithstanding the entry of the Confirmation Order
and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court
shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases pursuant
to sections 105(a) and 1142 of the Bankruptcy Code; provided, however, that nothing herein shall
grant the Bankruptcy Court any jurisdiction which it lacked prior to the Effective Date.  The
Bankruptcy Court shall retain non-exclusive jurisdiction to hear any other matter not inconsistent
with the Bankruptcy Code.

85.     **Dissolution of Litigation Trust.**  The Litigation Trust shall be dissolved no later
than five (5) years from the Effective Date, unless the Bankruptcy Court, upon motion made prior
to the fifth (5th) anniversary without the need for a favorable letter ruling from the IRS that any
further extension would not adversely affect the status of either as a Litigation Trust for federal

income tax purposes, determines that a fixed period extension, not to exceed five (5) years, is necessary to facilitate or complete the recovery on and liquidation of the Litigation Trust Assets. Upon the filing of any motion for an extension of the date of dissolution, such date shall be deemed automatically extended until an order of the Bankruptcy Court is entered with respect to such motion, or such motion is withdrawn.

86.     **Texas Comptroller of Public Accounts**.  Notwithstanding anything to the contrary in the Plan or this Order, as to the Texas Comptroller of Public Accounts ("Texas Comptroller"), nothing in the Plan or this order shall: (1) affect or impair any setoff or recoupment rights of the Texas Comptroller under applicable bankruptcy and non-bankruptcy law, and all such rights of the Texas Comptroller are preserved; (2) affect or impair any rights of the Texas Comptroller to pursue any non-Debtor third parties for tax debts or claims and the Texas Comptroller specifically opts out of any third party releases, if any; (3) be construed to preclude the payment of interest and/or penalties provided under non-bankruptcy law, if any, on Administrative Claim(s) of the Texas Comptroller; (4) modify, to the extent that interest is payable as to any claim of the Texas Comptroller, the statutory interest rate under applicable non-bankruptcy law; (5) impose, in relation to Administrative Claim(s) of the Texas Comptroller, a requirement to file a motion or request for payment as a condition of its allowance or to receive payment for such claim(s); or (6) hinder the Texas Comptroller's ability to amend its claims. For the avoidance of doubt, the Texas Comptroller shall not be considered either a Releasing Party or a Released Party. Further, Debtors shall file all delinquent tax returns owing to the Texas Comptroller on or before the Effective Date. The Debtors', Plan Administrator's, and the Litigation Trust's rights and defenses under Texas state laws and the Bankruptcy Code with respect to the foregoing are fully preserved.

28

**Exhibit 1**

**Notice of Confirmation and Effective Date**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERFORMANCE POWERSPORTS GROUP INVESTORS, LLC, *et al.*, [1] | Case No. 23-10047 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. ___** |

### NOTICE OF THE (A) ENTRY OF ORDER CONFIRMING THE DEBTORS' SECOND AMENDED JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

PLEASE TAKE NOTICE that on October [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (the "Confirmation Order"). Among other things, the Confirmation Order confirmed the *Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 463], dated September 15, 2023 (as amended, modified, or supplemented from time to time, the "Plan")[2] as satisfying the requirements of the Bankruptcy Code, thereby authorizing the above captioned debtors and debtors in possession (collectively, the "Debtors") to implement the Plan.

PLEASE TAKE FURTHER NOTICE that on [●] [●], 2023, the Effective Date under the Plan occurred, and the transactions contemplated by the Plan were effectuated.

PLEASE TAKE FURTHER NOTICE that the Confirmation Order and the Plan are available for inspection during regular business hours in the office of the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801. The Confirmation Order is also available on the internet site of the Debtors' notice and claims agent, Omni Agent Solutions, at https://omniagentsolutions.com/PerformancePowersports or by accessing the Bankruptcy Court's website at https://www.deb.uscourts.gov/. Please note that a PACER password and login are required to access documents on the Bankruptcy Court's website.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Performance Powersports Group Investor, LLC (2068); Performance Powersports Group Holdings, Inc. (0823); Performance Powersports Group Purchaser, Inc. (1533); and Performance Powersports Group, Inc. (3380). The Debtors' headquarters and mailing address is: 1775 East University Drive, Tempe, Arizona 85281.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set for thin in the Plan or Confirmation Order, as applicable.

PLEASE TAKE FURTHER NOTICE that, except as provided in the Confirmation Order and the Plan, all final requests for payment of Professional Claims incurred in connection with services rendered prior to and including the Effective Date, must be filed with the Bankruptcy Court and served on counsel to the Debtors, counsel to the Litigation Trustee and Plan Administrator, and counsel to the U.S. Trustee no later than [●] [●], 2023, which is the date that is twenty-one (21) days after the Effective Date.

PLEASE TAKE FURTHER NOTICE that, if an executory contract or unexpired lease is rejected pursuant to the Plan, the counterparty to such executory contract or unexpired lease must be filed with the Bankruptcy Court and served on counsel to the Debtors, counsel to the Litigation Trustee and Plan Administrator, and counsel to the U.S. Trustee no later than [●] [●], 2023, which is the date that is twenty-one (21) days after the Effective Date.

PLEASE TAKE FURTHER NOTICE that the Confirmation Order, the Plan and its provisions are binding on the Debtors, any Holder of a Claim or Interest, and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under the Plan and whether or not such Holder or Entity accepted the Plan.

| | |
|---|---|
| Dated: [●] [●], 20231<br>Wilmington, Delaware | */s/ DRAFT*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:    (302) 426-1189<br>Facsimile:    (302) 426-9193<br>Email: dpacitti@klehr.com<br>          myurkewicz@klehr.com<br>          sveghte@klehr.com<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

PHIL1\22647\0001\10670376.v3-9/27/23